AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
### for the

FREDERICK LAMAR DIXON

*Petitioner*

v.

E. Rardin

*Respondent*
*(name of warden or authorized person having custody of petitioner)*

)
)
)
)
)
)
)
)
)
)

Case: 2:25-cv-11492
Assigned To : Hood, Denise Page
Referral Judge: Morris, Patricia T.
Assign. Date : 5/20/2025
Description: HC FREDERICK
DIXON V E RARDIN (SS)

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241
### Personal Information

1.     (a) Your full name: FREDERICK LAMAR DIXON

    (b) Other names you have used: ANTAR M. BANTU

2.     Place of confinement: Milan Federal Detention Center

    (a) Name of institution: Milan Federal Detention Center

    (b) Address: P.O. Box 1000, Milan, MI 48160

    (c) Your identification number: 26592-039

3.     Are you currently being held on orders by:

    ☒ Federal authorities      ☐ State authorities      ☐ Other - explain:

4.     Are you currently:

    ☐ A pretrial detainee (waiting for trial on criminal charges)

    ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime

    If you are currently serving a sentence, provide:

        (a) Name and location of court that sentenced you: Federal District Court, Eastern District, Southern Division

        (b) Docket number of criminal case: 0645 5:21-cr-20566 (1)

        (c) Date of sentencing: April 22nd, 2025

    ☐ Being held on an immigration charge

    ☐ Other *(explain):*

### Decision or Action You Are Challenging

5.     What are you challenging in this petition:

    ☒ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

POOR QUALITY ORIGINAL

Page 2 of 9

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    ❏ Pretrial detention
    ❏ Immigration detention
    ❏ Detainer
    ❏ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory
        maximum or improperly calculated under the sentencing guidelines)
    ❏ Disciplinary proceedings
    ☒ Other *(explain):*  I'm entitled to Nunc Pro Tunc Designation to ensure that
time lost in administrative error is not passed on to me.

6.      Provide more information about the decision or action you are challenging: I was sentence to 38 mo's
      (a) Name and location of the agency or court: Federal District Court, Eastern District

      (b) Docket number, case number, or opinion number: 5:21-cr-20566
      (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed):*
   I was sentence to 38 months. I should have over 38 months credit if my
sentence was accurately calculated. I have been in custody over 50 months.
I have been in Federal Marshal Custody Since Sept. 2021.
      (d) Date of the decision or action: April 22, 2025

## Your Earlier Challenges of the Decision or Action

7.    **First appeal**

    Did you appeal the decision, file a grievance, or seek an administrative remedy?
    ❏ Yes               ☒ No
    (a) If "Yes," provide:
         (1) Name of the authority, agency, or court: _____

         (2) Date of filing: _____
         (3) Docket number, case number, or opinion number: _____
         (4) Result: _____
         (5) Date of result: _____
         (6) Issues raised: _____

    (b) If you answered "No," explain why you did not appeal: An Appeal would be futile and
subject me irreparable harm. I am denied access to an administrative
remedy process. See Exhibit (1)

8.    **Second appeal**
    After the first appeal, did you file a second appeal to a higher authority, agency, or court?
    ❏ Yes               ❏ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241     *N/A*

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: _____

_____

(2) Date of filing: _____

(3) Docket number, case number, or opinion number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

_____

(b) If you answered "No," explain why you did not file a second appeal: _____

_____

9.  **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

❑ Yes            ❑ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: _____

_____

(2) Date of filing: _____

(3) Docket number, case number, or opinion number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

(b) If you answered "No," explain why you did not file a third appeal: _____

_____

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

❑ Yes                    ❑ No

If "Yes," answer the following:

(a)     Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

❑ Yes                    ❑ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241    *N/A*

If "Yes," provide:

(1)  Name of court:

(2)  Case number:

(3)  Date of filing:

(4)  Result:

(5)  Date of result:

(6)  Issues raised:

(b)  Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes                    ☐ No

If "Yes," provide:

(1)  Name of court:

(2)  Case number:

(3)  Date of filing:

(4)  Result:

(5)  Date of result:

(6)  Issues raised:

(c)  Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:

11.  **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes                    ☐ No

If "Yes," provide:

(a)  Date you were taken into immigration custody:

(b)  Date of the removal or reinstatement order:

(c)  Did you file an appeal with the Board of Immigration Appeals?

☐ Yes                    ☐ No

N/A

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Date of filing: _____

(2) Case number: _____

(3) Result: _____

(4) Date of result: _____

(5) Issues raised: _____

_____

_____

_____

_____

(d)     Did you appeal the decision to the United States Court of Appeals?

☐ Yes           ☐ No

If "Yes," provide:

(1) Name of court: _____

(2) Date of filing: _____

(3) Case number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

12.    **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes           ☒ No

If "Yes," provide:

(a) Kind of petition, motion, or application: _____

(b) Name of the authority, agency, or court: _____

_____

(c) Date of filing: _____

(d) Docket number, case number, or opinion number: _____

(e) Result: _____

(f) Date of result: _____

(g) Issues raised: _____

_____

_____

_____

_____

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

### Grounds for Your Challenge in This Petition

13.　State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:**　TIME LOST IN ADMINISTRATIVE ERROR SHOULD NOT BE PASSED ON TO THE INMATE.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

I was eligible and a high probability for parole after completing my 18 month flop. I experience over a two year delay in gaining a mandatory statutory required parole hearing because of the parole board misguided assumption that I could not be paroled, even to a detainer, until the court proceedings for my federal case was final.

(b) Did you present Ground One in all appeals that were available to you?
☐ Yes　　　☒ No　No appeal was available.

**GROUND TWO:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes　　　☐ No

**GROUND THREE:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes　　　☐ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** _____

_____

_____

(a) Supporting facts *(Be brief.  Do not cite cases or law.)*:

_____

_____

_____

_____

(b)  Did you present Ground Four in all appeals that were available to you?

❏ Yes                    ❏ No

14.     If there are any grounds that you did not present in all appeals that were available to you, explain why you did
         not: _____

_____

_____

_____

### Request for Relief

15.  State exactly what you want the court to do:     I want the Court to Order the BOP to grant
      me credit for the two year eroneous delay  the Michigan Parole Board
      subjected me to. I should be granted all the time I've been in custody
      minus the 18 months for my parole; violation. If I'm granted that time,
      which I deserve, I've exceeded my 38 month sentence and should be
      release immediately.

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 5 - 13 - 25

Frederick Dixon
*Signature of Petitioner*

*Signature of Attorney or other authorized person, if any*

## EXHIBIT ONE

I did not file an Administrative Remedy because I had to
inner a contract with the U.S. Marshals agreeing not to file
anymore Administrative Remedies, in order to get transferred back
to the Milan Detention Center. I was retaliatory barred from the
Detention Center for exercising my rights to access to the Administrative
Remedy Process. See Exhibit (a), (b), & (c). Furthermore, even if
the Administrative Remedy Process was available, I'd be subjected
to irreparable harm using it because I have exceeded the 38 months
I have been sentence to, not to mention that the respondents would
drag their feet and delay responding, if they answer at all. See
Exhibit (d), (e),(f), & (g) which give an example of how they
refuse's to honor the Administrative Remedy Process.

I did file a Request for Nunc Pro Tunc Designation with the
BOP Designation & Sentence Computation Supervisor, Case Manager
Cannon, and the Director's of the BOP. See Attach Request and it's
exhibits.

I was arrested September 29, 2020 by a Joint Task Force of
State and Federal Law Officials. I was on State Parole at the
time and remanded to the custody of MDOC as a parole violator. While
in MDOC custody, I was charged in Washtenaw County with Fleeing
& Aluding, a state offense. I was also found guilty at my Parole
Revocation Hearing and given a 18 month flop. September 2, 2021
I was charged in a three count indictment filed in the United
States District Court for the Eastern District of Michigan. All
three occurrence's (Fleeing & Aluding, Parole Violation and
Federal Indictment) stern from the September 29, 2020 DEA -

-1-

LAWNET Joint Operation.

After completing my 18 month State Parole Violation Flop, MCL 791.232 and PD 06.05.104  required the Parole Board to provide me with a Parole Interview. This interview was not provided until 2½ years pass it due date. Had I been given a timely hearing I would have been paroled to my Federal Detainer because I was High Probability for Parole. See Attach Parole Guideline Score Sheet.

As reflected in my Request for Nunc Pro Tunc Designation, the Parole Board took the misguided position that Prisoners cannot be paroled, even to a detainer, until the court proceedings for the federal case are final. This was an eroneous position that violated the legislative mandate, as well as PD 06.05.104.

I have been in custody over 50 months. If my request for nunc pro tunc designation is not granted, I will be subjected to three years deadtime because of an Administrative error and or parole board failure to adhere to a clear and mandatory legal duty required by legislative mandate.

Frederick Dixon #26592-039

From: Margaret M. Raben (msraben@aol.com)

To: donald.hughes@usdoj.gov

Date: Wednesday, February 5, 2025 at 01:54 PM EST

Deputy Hughes,

I have read your email telling the Livingston County Jail that Dixon would not be transferred to FDC-Milan because there is no room AND because FDC Milan refuses to take him back. I have a series of emails between us, largely dated 7/29/24, stating an agreement that FDC would accept Dixon back so long as he ended his hunger strike, agreed to dismiss all of his pending administrative complaints, and agreed not to assist any other detainee in filing. You stated that if Dixon agreed to this, you'd get him back to Milan. Dixon agreed to this and you emailed me that you would get him back to the FDC.

It is hard to convince Dixon that there's no room at FDC because he knows inmates are being transferred back and forth between Milan and Livingston. I have no explanation about Milan saying they won't take him back. We had a deal and Milan has reneged on it.

I'd appreciate a response for myself.
Margaret Raben

## Re: [EXTERNAL] BP-8 and 9 forms

From: Grimm, Corey (BOP) (cgrimm@bop.gov)

To:     msraben@aol.com

Cc:     m1cannon@bop.gov; josland@bop.gov

Date:   Monday, February 3, 2025 at 07:59 PM EST

Margaret,

I am not sure just what Mr. Dixon wants with a BP-8 and BP-9 form.  While he is in the custody of the US Marshals and not with us at this moment, he needs to complete whatever paperwork or process the marshals have in place for whatever issue he has.  If it is a Bureau related issue, he will need to wait until he is back in the custody of us to get these forms.

Counselor Grimm

**From:** Margaret M. Raben <msraben@aol.com>
**Sent:** Monday, February 3, 2025 1:35 PM
**To:** Cannon, Matthew (BOP) <m1cannon@bop.gov>; Grimm, Corey (BOP) <cgrimm@bop.gov>
**Subject:** [EXTERNAL] BP-8 and 9 forms

Counselor Cannon and Grimm,

I represent forme Milan inmate Frederick Dixon.  Dixon is currently housed at the Livingston County Jail. He ahs asked me to get 2 forms:  BP-8 and BP-9.  Can you email these forms to me? Thanks in advance.

Margaret Sind Raben
P39243

# federal detainee Frederick Dixon

From:   Margaret M. Raben (msraben@aol.com)

To:      m1cannon@bop.gov

Date:   Wednesday, February 5, 2025 at 01:39 PM EST

Case Manager Cannon,
I represent federal detainee Frederick Dixon, BOP #26592-039.  On 2/3/25, I emailed you and Counselor Grimm requesting copies
of BP8 and BP9 forms.  Can you respond to my request?
Margaret Raben
P39243

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Ex (d)*

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Frederick Dixon | 26592-039 | East-117 | FDC |
|-------|-----------------|-----------|----------|-----|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST**

### STTAFF CORRUPTION/RETALIATION

Counselor Orozco is violating §542.13, which state's in part that the procedures may not operate to limit inmate access to formal filing of a Request, as well be flexible, keeping in mind that major purposes of this Program are to solve problems and be responsive to issues inmates raise. In the case at point, Orozco is attempting to avoid addressing my claim as well as stalling by claiming I have to resubmit the claim. The issues I raised are related and not unrelated as he claim. I'm requesting that this matter be responded to.

_____
DATE

_____
SIGNATURE OF REQUESTER

**Part B- RESPONSE**

_____
DATE

_____
WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

THIRD COPY: RETURN TO INMATE                    CASE NUMBER: _____

                                                 CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____
DATE

⚙ PRINTED ON RECYCLED PAPER

_____
RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)
APRIL 1982

USP LVN

MIL-1330.16.b
September 18, 2012
Page 7

Attachment B/Part 1
FCI/FDC Milan, Michigan
**Attempt at Informal Resolution**

REMEDY # _____

Inmate's Name: Frederick Dixon #26592-039
_____

Registration Number: _____ Housing Unit: FDC-East-117
_____

**ATTEMPT AT INFORMAL RESOLUTION:**

1.  Briefly state the complaint and requested corrective actions.

STAFF CORRUPTION/RETALIATION

United State Marshal Don Hugh told me Milan Officials (Mr. Osland and Grimm) contacted the Marshal Services and specifically made arrangement to have Dixon removed from the Detention Center, and instructed him not to return me ever back to the Detention Center. He said he was told that I was an Administrative Nightmare because of my exercising my right to the Administrative Remedy Process. When these individuals had me moved from the Detention Center and refused to return me back there, they knew they were retaliating against me, and violating BOP Policy. They also know I had/have multiple legal actions I'm representing myself in, and that transfering me where I wouldn't have access to meaningful legal access would interfere in my having access to the court. This transfer caused me to miss several court deadlines, which resulted in one of my cases getting dismissed. See Attachment

2.  Document your efforts to resolve the matter to include policies reviewed. Note any reasons an informal resolution could not be achieved.

Inmate Signature: _Frederick Dixon_ Date: _2-25-25_

Inmate Printed Name: _Frederick Dixon_

Unit Counselor Signature: _____ Date: _2-25-25_

Unit Counselor Printed Name: _Orwn_

MIL-1330.16.b
September 18, 2012
Page 7

Attachment B/Part 1
FCI/FDC Milan, Michigan
**Attempt at Informal Resolution**

REMEDY # _____

Inmate's Name: __Frederick Dixon_____

Registration Number: __26592-039_____ Housing Unit:__FDC-East-117__

## ATTEMPT AT INFORMAL RESOLUTION:

1.   Briefly state the complaint and requested corrective actions.

STAFF CORRUPTION

Prior to being retaliatory transferred, I had multiple pending
Request For Administrative Remedy Pending. Staff did not respond to them.
I wrote Grimm requesting that he forward me the forms to go to the next
step, but I received no reply. This was while I was at Livingston County.
I''m requesting a respond to to grievances, or to be allowed to continue
to the next step.

2.   Document your efforts to resolve the matter to include policies reviewed. Note any reasons an
informal resolution could not be achieved.

Inmate Signature:___*Frederick Dixon*___    Date: _2-25-25_

Inmate Printed Name:__*Frederick Dixon*__

Unit Counselor Signature: _____*Bosco*_____    Date:__02-25-25__

Unit Counselor Printed Name: _____*Orozu*_____

BP8

Dixon 26592-039

You left this facility on February 08, 2024. You returned on February 12, 2025. During this 12 month period you were not housed at FDC Milan. During this 12 month period staff did not receive any requests from you. We currently do not have any requests from you prior to your return on February 12, 2025. You are free to use administrative remedy process with any pending concerns.

03-03-25

**U.S. Department Of Justice**
Federal Bureau of Prisons

**Request For Administrative Remedy**

*Ex (a)*

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Frederick Dixon | 26592-039 | East-117 | FDC |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST**

### DENIAL OF REDRESS TO ADM. REMEDY PROCESS

I have several Request for Administrative Remedy pending at the BP-9 level that have not been timely responded to. Counselor Orozco log these claim and forward them to Mr. Orland, according to him. I'm requesting a return of these claims, and to be allowed to continue to the next step.

4-12-25
DATE

*Fred Dixon*
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

Please see the attached response,,

RECEIVED
APR 21 2025
BY:

DATE

WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: 1237684-F1

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
                      LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION
SUBJECT: _____

_____
DATE                                                    RECIPIENT'S SIGNATURE (STAFF MEMBER)

FPI-PEPR                    PRINTED ON RECYCLED PAPER                    BP-229(13)
                                                                        APRIL 1982

*Ex (g-1)*

**BP-229 RESPONSE**                    **CASE NUMBER: 1237684-F1**

Your Request for Administrative Remedy (BP-229), dated April 12, 2025, has been
reviewed. You request several pending administrative remedies be responded to, so
you can proceed with the next step.

A review of your request reveals administrative remedy 1233985-F1 was responded to
and closed on April 2, 2025. You do not have any other administrative remedies
currently being processed. It is recommended you refile these remedies through your
unit team, so they can be reviewed and processed in accordance with the administrative
remedy program.

Accordingly, your Request for Administrative Remedy is denied. In the event you are
not satisfied with this response and wish to appeal, you may do so within 20 calendar
days of the date of this response by submitting a BP-230(13) to the Regional Director,
Federal Bureau of Prisons, North Central Regional Office, Gateway Complex Tower II,
8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

_____                    ___4/22/2025___
E. Rardin, Warden                              Date

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

EX(H)

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

| From: | Frederick Dixon | 26592-039 | East-118 | M-FDC |
|-------|-----------------|-----------|----------|-------|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL**

STAFF CORRUPTION/DENIAL OF ACCESS TO ADM. REMEDY PROCESS

I'm being harassed and denied Access to the Administrative Remedy Process by various staff members at Milan Federal Detention Center. My Request for Adm. Remedy Requestes are being sabotage. Staff are rejecting them without cause, and destroying them, claiming they never received them. I'm attaching a copy of evidence showing that I have been retaliated against for exercising the administrative remedy process. I also have and sending evident that staff attempted to enter an illegal contract with me, making me agree to not file anymore Administrative Remedies or help other to be transferred back to Milan. The Warden, Adm. Remedy Coordinator Osland, Counsel Grinm and others entered this conspiracy to deny me Access to the Court and Access to the Administrative Remedy Process. As of todate, I'm still being threaten, harassed, and denied Access to Administrative Remedy.  THISL IS A SENSITIVE CLAIM AND SHOULD BE ADDRESS AT THIS LEVEL.   SEE ATTACHMENT EXHIBIT A,B, AND C

4-26-25
_____
DATE

Fred Dixon
_____
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____
DATE

_____
REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE

CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|--|--|--|--|--|

SUBJECT: _____

_____
DATE

_____
SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
JUNE 2002

UPN IVN

MIL-1330.16.b
September 18, 2012
Page 7

Attachment B/Part 1
FCI/FDC Milan, Michigan
**Attempt at Informal Resolution**

REMEDY # _____0022_____

Inmate's Name: _____Fred Dixon_____

Registration Number: ___26592-039_____ Housing Unit: __East-FDC-117___

## ATTEMPT AT INFORMAL RESOLUTION:

1.  Briefly state the complaint and requested corrective actions.

### VIOLATION OF §542.11

I timely submitted four BP-9s to Mr. Orozco who said he timely process them.
Only one of the grievances were responded to timely. When I inquired about
the other grievances, Mr. Osland claim he never received them. The Adm.
Coordinator isl responsible for ensuring the accuracy of SENTRY entries;
e.g., abstracts, subject codes, status codes, and dates. Counselor Orozco
record and log with show that these claims were submitted to him, Mr. Osland,
the Adm. Coodinator SENTRY should be able to track these claims. I'm requesting
that these claims be responded to, or I be allowed to continue to the next
step.

2.  Document your efforts to resolve the matter to include policies reviewed. Note any reasons an
informal resolution could not be achieved.

Inmate Signature: _____Fred D'ixon_____   Date: _4-1-25_

Inmate Printed Name:_____

Unit Counselor Signature: ____Orozco_____   Date: _04-03-25_

Unit Counselor Printed Name: ___Orozco_____

BP8 Response

Dixon 26592-039

I am unable to resolve this matter. In the future I suggest for you to use the administrative resolution process correctly and in good faith and in an honest and straightforward manner. You may proceed with a BP-229 form if desired.

04-09-25

*Ex (5)*

To: Administrative Remedy Coordinator, AWD, Lee

From: Frederick Dixon #26592039 *Frederick Dixon*

Subject: Duties and Responsibilities of the Administrative Remedy
        Coordinator

Date: March 4, 2025

According to the Administrative Remedy Program Statement, the Coordi-
notar is responsible for monitoring the operation at the Coordinator's
location and shall ensure that appropriate staff (e.g., Clerk, unit
staff) have the knowledge needed to operate the procedure. Also you
are responsible for signing any rejection notices and ensuring the
accuracy of SENTRY entries; e.g., abstracts, subject codes, status
codes, and dates.

This being the case, I thought you would want to know that your Unit
Team at the FDC is incompetent and corrupt. I have attempted to process
Request's for Administrative Remedy with Counselor Roscoe, but been
denied the process due to his lack of training and misinformation
provided to him by Counsel Grimm. He did not know what a Sensitive
Claim was, or know that I did not have to tell him the nature and
content of my Sensitive Issues. He also doesn't know that an informal
resolution attempt may be waived in individual cases when the inmate
demonstrates an acceptable reason for bypassing information resolution.
Likewise, he do not know that he can not limit inmates access to
formal filing of a requestr Rather than reading the Program Statements
and Code Federal Regulations, he appears to be relying on Counselor
Grimm advise.

As I attempted to discuss with you doing your Unit walk-through, I
have primi facie evidence that Mr. Osland and Grimm retaliated against
me for exercising Redress to the Administrative Remedy Process. They
made arrangement with the U.S. Marshal Service to not return me to
FDC from my Writ, claiming I was an Administrative Nightmare. I have
emails from the Marshal Services as well as a statement from Don Hugh
of the Marshal saying just that.  I also have an emal to my attorney
from Counselor Grimm denying me Access to the Administrative Remedy
Process. As I believe you're aware, I can not be retaliated against,
harassed, or punish in anyway for utilizing the Administrative Remedy
Process; however, that is what happen, and is continuing to happen.

You are hereby placed on notice that staff responsible to you are
violating my Constitutional Rights, as well as violating BOP Program
Statements.

I'm thanking you in advance for your time and cooperation in this
matter. Should you need any additional information, please feel free
to contact me.

cc: Attorney Margaret Raben
    Judge Judith Levy
    U.S. Marshal Service
file

May 12, 2025

To: Case Manager Cannon, Designation & Sentence Computation Center
    Supervisor, BOP Director's Office

From: Frederick Dixon #26592-039

RE: REQUEST FOR NUNC PRO TUNC DESIGNATION FOR TIME LOST DUE TO
    MICHIGAN STATE PAROLE BOARD ADMINISTRATIVE ERROR, WHICH
    RESULTED IN OVER A TWO YEAR DELAY IN PROVIDING DIXON HIS
    STATUTORY NON-NEGOTIABLE TIMELY PAROLE HEARING

## PROCEDURAL FACTS

In 2019 Frederick Dixon became a "subject of interest" to
LAWNET, a joint Federal/state drug task force. Mr. Dixon was on
state parole at the time. He was not arrested until September
29, 2020. He was remanded to the custody of MDOC as a parole
violator. While in MDOC custody, Dixon was charged in Washtenaw
County with Fleeing andd Aluding, a state offense in which he
was sentence to a six month county jail sentence. He was also
found guilty of his parole violation charges and given a 18 months
flop.  While serving his 18 month flop, September 2, 2021 Dixon was
charged in a three count indictment filed in the United States
District Court for the Eastern district of Michigan. All three
occurrence's (Fleeing & Aluding, Parole Violation, and Federal
Indictment) stern from the September 29, 2020 DEA - LAWNET Joint
Operation.

Upon completion of Dixon Parole Board Flop, he wrote Counselor
Grimm of Milan Federal Detention Center (FDC) and asked him to
contact the MDOC Parole Board to inquire about his statutory,
non-discretionary parole hearingg. see exhibit(a). Dixon also asked
Case Manager Polkinhorn to contact the parole board in his behalf.
Mr. Polkinhorn contacted the parole board and the Department
Manager of MDOC - Parole Board email Mr. Polkinhorn back, essentially
saying that Dixon federal pending charges must be resolved prior to
his release on parole to his federal detainer. See exhibit(b).
Dixon grieved this decision. See exhibit (c) &(d). The  Parole Board
Chairman Brain Shipman responded to Dixon grievance, erroneously
claiming, "Prisoners cannot be paroled, even to a detainer, until
the court proceedings for the federal case are final. see exhibit(e).
This erroneously decision was eventually reversed, but not until
Dixon was over two years passed the date he was elgible for parole
consideration. See exhibit(f). The Michigan Parole Board fail and
neglected to conduct an interview of Dixon case in accordance with
MCL 791.232 and PD 06.05.104. The Parole Board has a clear and
mandatory legal duty to adhere to legislative mandates. Mr. Dixon
has been in custody on this DEA-LAWNET Joint drug task force
Operation approximately five years -- absent the administrative
error made by the Parole Board, he should have received credit for
all of that time, except the 18 month parole violation flop. This
is a clear instant in which a request for a nunc pro tunc designation
should be granted to ensure that time lost in administrative error
is not passed on to the inmate.

-1-

I have not been into any trouble or received a single misconduct the entire five years I've been in custody. I've been a model prisoner. I have used this time mentoring many of the young men, using my past mistakes and life experiences to hopefully point themn in the right direction. I've also wrote my autobiography. In doing so, I hope my life story will be both a warning and hope/inspiration for those growing up absurd.

I have changed my ways! Everydayy we are given opportunity to reshape our future, and I've took full advantage of these opportunities. I can not change the past, but I can take ownership of my attitude, and effort I put forth for the rest of my days.

My release plans: I have been approved to live with my sister Sharoon Bushone. However, I'm at the top of the Ann Arbor Housing Commisssion housing list. I will work for Derrick Campbell and Community Correction Street Outreach.  The Street Outreach Program hires individuals that have lived experience with the Criminal Justice System. They act as Community Connecters and bridge builders. We are experts in our communities.

If released, I have a valid state ID, Birth Certificate, Social Security Card, and Medical Insurance. My Parole Officer is named Shera Novak (734-434-1486). I have completed Dawn Farm Substance Abuse Program Dec. 3, 2024, and my Substance Abuse Counselor have me set up for after-care if I'm released. I also have a Mental Health referal to Packard Community Mental Health in Ann Arbor from Dr. Mayman.

What I will do to make sure I don't come back to jail is: remember that I caught Covid and almost died in jail. I will continue my substance abuse treatment and mental health counseling. I will maintain gainful employment and vilunteer my free time giving back to the community, I took so much from. I will cut all times with individuales of the criminal mill. I will continue strengthing my relationship with my children, and be a loving and caring grand parent to my grand children. I will join a church, and return to college to complete the 18 credit hours  I need for my BA Degree.

I'm thanking you in advance for your time and consideration. Should you need any additional information, please feel free to contact me.

Sincerely,

Frederick L. Dixon

cc:Attorney Margaret Raben
file

BP-A0148
JUNE 10

**INMATE REQUEST TO STAFF** CDFRM

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO: (Name and Title of Staff Member) Counselor Grimm | DATE: 2-14-23 |
|---|---|
| FROM: Frederick Dixon | REGISTER NO.: 26592-039 |
| WORK ASSIGNMENT: none | UNIT: w-101 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.

Sir, at your earliest convenient I need you to call the Grievance Coordinator at the Cooper Street Correctional Facility in Jackson, MI. His name is Mr. Flynn. I'm attaching a copy of a grievance I submitted to him. I'd like to know the status of that grievance. I'd also like for you to call the Michigan Parole Board and inquire about my 12-22 correspondence that wasn't responded to. I need to know if they're going to provide me with a parole hearing, being that I have passed the time required to do so. I'm thanking you in advance.

DISPOSITION:

*See Attached*

Signature of Staff Member          Date  1-24-23

Record Copy - File; Copy - Inmate

PDF

Prescribed by P5511

RECEIVED MI COA-LAN
APR 15 '24 AM10:40

This form replaces BP-148.070 dated Oct. 86 and BP-S118.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER          **SECTION 6**

£ 2

# Michigan Department of Corrections
# Parole Board Notice of Action/Decision

**Offender Name:** Dixon, Frederick Lamar          **Offender Number:** D0158463

**Location:** DRF - G - 131 - Bot

The Michigan Parole Board, having attained jurisdiction over the sentence of the above offender, having considered the facts and circumstances including the offender's mental and social attitude, and having exercised the discretion granted by the Legislature, says as follows:

Reasonable assurance exists that the offender will not become a menace to society or to the public safety. Approval of the proposed placement preliminarily acts as follows:

**Case Type:** Regular

**Decision:** Parole in Custody to Detainer - Other          **Decision Date Type:** No Fixed Date

**Decision Submitted Date:** 04/30/2024          **Decision Term:** 12 Months

**Projected Parole Date:** 06/04/2024

**Regarding 30-day notice:** Offender agreed with receiving 30-day notice.

## SPECIAL CONDITIONS IMPOSED IN ADDITION TO STANDARD RULES:

| | |
|---|---|
| 2.0 | You must not use or possess alcoholic beverages or other intoxicants. You must not enter bars or other places where the primary purpose is to serve alcoholic beverages for drinking on site, unless the field agent has first given you written permission for your employment at a specific location. |
| 2.1 | You must complete an outpatient or residential substance abuse or re-entry program when you are referred by the field agent. |
| 2.2 | You must complete a substance abuse assessment when you are referred by the field agent. |
| 3.5 | You must waive confidentiality and allow any treatment program that you are required to attend to disclose information to the field agent. |
| 4.2 | Written Consent to Search the Parolee's person and/or property, MCL 791.236(19): I voluntarily consent to a search of my person and property upon demand by a peace officer or parole officer. If I do not sign this written consent, I understand that my parole may be rescinded or revoked. |
| 4.4 | You must be in your approved residence between the hours of 11:00 p.m. and 6:00 a.m. unless excused by first obtaining written permission from the field agent. |
| 4.16 | You must obey all court orders. |
| 7.1 | You must pay the cost of your treatment program according to your ability as determined by the treatment program. |
| 77.9 | Pursuant to MCL 791.225a, as amended by Public Act 164 of 2019, you must pay a supervision fee of $30 per month for each month of regular supervision or $60 per month for each month of electronic monitoring supervision. You will not be required to pay a supervision fee to Michigan when you are being supervised in another state under the provisions of the Interstate Probation and Parole Compact, pursuant to MCL 798.103. |

## REASONS IN SUPPORT OF PAROLE BOARD ACTION:

### Crime/Criminal Behavior

**The drug law violation crime:**

No additional comment.

**Regarding the crime, it is our belief:**

Offender accepts responsibility.

**Criminal History:**

No additional comment.

**Regarding criminal history, it is our belief the offender:**

Accepts it as indicated.

### Correctional Adjustments

RO; CO; COUNSELOR; PRISONER

**Misconduct and Management:**

Has satisfactory block reports.
No additional comment.

**The offender's institutional management suggests the offender:**

Recognizes value of good behavior.

**The offender's prior supervision history includes:**

Successful completion of past paroles.
No additional comment.

**The offender's prior supervision history suggests:**

**Program Involvement**

**Educational programming was recommended and:**

No additional comment.
Offender is a high school graduate, has GED, and/or has some post high school education.

**Substance Abuse programming was recommended and:**

No additional comment.

**Participation in Core and other Department sanctioned program(s):**

No additional comment.
No additional comment.
Offender has completed vocational training/counseling/education.

**Regarding program involvement, it is our belief:**

**Personal History**

**Substance Abuse History:**

No additional comment.

**Misconduct, security reclassification or other adverse information may result in suspension of this parole action.**

| Voting Staff | Signature | Vote Date |
|---|---|---|
| ANTHONY E KING | _Anthony E. D. King_ | 04/29/2024 |
| MELISSA K JENNINGS | _Melissa K Jennings_ | 04/30/2024 |

**Voting Completed Date:**  04/30/2024

**Step II Grievance Response**
DIXON, FREDERICK #D158463

**Grievance ID #**
JCS2023-02-0116-16Z

RESPONSE (Grievant Interviewed?   ✗ No      If No, give explanation. If resolved, explain resolution.)

Responder is not assigned at the location at which the grievant is assigned; therefore, an interview is not required. [ref. PD 03.02.130 (AA) ].

In your grievance, you requested to be processed for your parole board interview.

Since you are presently on Court Writ, we are unable to review and process your case for parole consideration at this time.  Once you have returned to the custody of the State of Michigan Department of Corrections, you will be promptly scheduled for parole consideration per PD 06.05.104 Parole Process.  Prisoners cannot be paroled, even to a detainer, until the court proceedings for the federal case are final.

You must be in the custody of the Michigan Department of Corrections in order to be scheduled for a parole board interview, and you are not.  You are on writ for a pending federal case.

Grievance denied.

| | | |
|---|---|---|
| *Brian Shipman* (signature) | *5/5/2023* | *Brian Shipman* (signature) |
| **Respondents Signature** | **Date** | |
| Brian Shipman | | Parole Board Chairman |
| **Respondents Name (Print)** | | **Working Title** |

Ex# A

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10/94
CSJ-247A

Date Received at Step I _2-15-23_  Grievance Identifier: _JCS 23 02 1161 162_

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Frederick Dixon | 158463 | JCS | | 1-6-23 | 1-6-23 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date?
If none, explain why.

      I wrote the parole board and was instructed to file my grievance at the institutional level with the grievance coordinator

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

    **VIOLATION OF DUE PROCESS/EQUAL PROTECTION CLAUSE**

    I'm currently on a Writ to address a Federal Indictment. I was returned as a parole violator Sept. 29, 2020. The Parole board continued me for 18 months, and upon completion of the 18 month continuation I was again continued for 12 months. I have exceeded the period for a parole eligibility report (PER) to be done on me, as well as another interview with the parole board. I'm entitled by law to have an interview with the parole board -- I am high probability for parole -- and the delay in paroling me and/or giving me a timely hearing has had adverse effect in my screening and programing at the Milan Federal Detention Center.

    I'm requesting that a PER be conducted and that I be granted my hearing before the parole board without further delay.

                                _Fred Dixon_
                                Grievant's Signature

---

RESPONSE (Grievant Interviewed? ☐ Yes ☒ No   If No, give explanation. If resolved, explain resolution.)

See attached Response.

RECEIVED MI COA-LAN
APR 15 '24 AM 10:40

| | | | |
|---|---|---|---|
| _Holly Bea_ | 3-14-23 | _Kelly Lutz_ | 3/20/23 |
| Respondent's Signature | Date | Reviewer's Signature | Date |
| Holly Bea | Dept. Mgr. | Kelly Lutz | Dept Manager |
| Respondent's Name (Print) | Working Title | Reviewer's Name (Print) | Working Title |

| Date Returned to Grievant: | 3-22-27 | If resolved at Step I, Grievant sign here. Resolution must be described above. | | | |
|---|---|---|---|---|---|
| | | | Grievant's Signature | | Date |

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

To: Michigan Parole Board

From: Frederick Dixon #158463

Subject: Parole Consideration

Date: 2-28-24

I'm writing asking that I be paroled to my Federal Hold. I was
returned as a parole violator Sept. 2020. Since that time, I
have not been into any trouble of any kind. I have been unable
to resolve my federal charges because I'm being charged in a
Conspiracy Indictment with other co-defendants, who have been
successful in getting continues. I'm not schedule to appear
back in court until Aug. 2024 on a status hearing. There is no
telling how much longer before this matter is adjudicated.

I'm asking that I be paroled to my detainer because I've been
back on this parole violation approaching 4 years. I have not had
any misconducts, and inmate similar situated have been paroled to
their detainer.  I have names and documents of several prisoners
that the parole board paroled to their federal detainer that I
can produce should you need me to.

In closing, I'd like to further point out that I'm long past the
require time period to be given a parole interview, and therefore
I trust you will provide me with a prompt hearing.  I'm thanking
you in advance for your time and consideration.

MICHIGAN DEPARTMENT OF CORRECTIONS

4835-4248  5/09
CSJ-247B

**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

Date Received by Grievance Coordinator
at Step II: 4-25-23

Grievance Identifier: JCS 23 02 1161 62

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

RECEIVED - MDOC
MAY 18 2023
Office of Legal Affairs

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to:
_Curd_ by 4-25-23 If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Dixon | 158463 | JCS | Fed | on-going | 4-10-22 |

**STEP II — Reason for Appeal**  Respondent's are mis-applying and mis-quoting PD 06.05.104. Respondent claim prisoners cannot be paroled, even to a detainer, until the court proceedins for the federal case are final. That is blatantly false. I am in Feder coustody with multiple prisoners who the parole board paroled to their federal detainer. See attach exhitbit which show that Romane Porter 518914 was given a parole to his detainer 4-4-2022.  I have been back on parole violation since Sept. 29, 2020. I am free of misconducts. I am high probability for parole. I am entitled to be heard and seen by the parole board without further delay. Any further delay violate's the Equal Protection Clause of the 14th Amendmend as well as PD 06.05.104.

**STEP II — Response**

Date Received by Step II Respondent:

Respondent's Name (Print)        Respondent's Signature        Date

Date Returned to the Grievant 5-10-23

**STEP III — Reason for Appeal**    Respondents at both Step one and two claims a prisoner can not be paroled, even to a detainer, until the court proceedings for the federal case are final. That is not true, and respondent fails to support this position with lawful authority. In fact, they're ignoring my attachment of Romane Porter being paroled to his Federal Detainer. To take such a position violate's my Equal Protection Rights guaranteed by U.S. Constitution.

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III;  Green, Canary, Pink – Process to Step II;  Goldenrod – Grievant

Good Afternoon –

$CX$ #8

Prisoner Dixon's federal pending charges must be resolved prior to consideration for release on parole. Prisoner Dixon cannot be paroled, even to a detainer, until the court proceedings for the federal case are final.

Prisoner Dixon will be returned to MDOC once the federal charges are resolved and will be scheduled for an interview with the Parole Board for parole consideration. The Parole Board members will decide at that time, if parole to the detainer is warranted.

Thank you!
Amy Moore, Department Manager
MDOC – Parole Board

517.335.3094 (fax)

Frederick dixon #26592-039
Federal Detention Center-Milan
P.O. Box 10000
MIlan, MI 48160

C

May 13, 2025

Dear Clerk of the Court:

    Enclose for filing, please find my 2241 Petition, My Motion
for Immediate Consideration, and Motion for bond.  I will have
a family member contact the court with the $5.00 filing fee
in this matter shortly hereafter.  I am unable to pay the filing
fee through the Inmate Trust Fund because kⱡ  the process in
doing so is flawed and very slow.

    I'm thanking you in advance for your time and help in this
matter. Should you need any additional information, please feel
free to contact me..

                    Sincerely,

                    Frederick Dixon



Frederick Dixon 26592-039
Federal Detention Center — Milan
P. O. Box 1000
Milan, MI 48160

Clerk of Court
Federal District Court
Eastern District - Det. MI
231 W. Lafayette Blvd.
Detroit, MI 48826

RECEIVED
MAY 20 2025
CLERK'S OFFICE
U.S. DISTRICT COURT

Privilege Legal Mail