UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

FREDERICK LAMAR DIXON

                Petitioner

vs
                            Case No. 2:25-cv-11492-DPH-PTM
                            Hon. Denise Page Hood

E. RARDIN

                Respondent

FILED
JUN 16 2025
CLERK'S OFFICE
DETROIT

SUPPLEMENTAL PLEADING'S

     The original pleading of this Petition for Writ of Habeas Corpus, 2241 was filed May 22, 2025 with the Clerk's Office. Petitioner Dixon is Supplementing his pleading.

Ground II.

Petitioner Dixon is Entitled to Prior Custody credit toward his Federal Sentence For the Periods he served toward his related State Fleeing & Aluding Sentence, as well as additional time minus the 18 months Parole Violation period

     1. On Sept. 29, 2020 DEA Agents still had a Ping on Dixon phone, and decided that it was time to end the Drug investigation. So they had a Washtenaw County Sheriff Deputy to initiate a stop of the vehicle Dixon was driving. Dixon refused to stop, and subsequently led the Sheriff Department on a high speed chase. This chase was related to the Federal Indictment, but unlike the Federal Indictment, charged in State Court.

     2. Since the State conviction and Federal conviction are related, BOP Program Statement 5880.28 recognize an exception to 18 U.S.C.§3585(b). These exceptions are premised upon the respective holdings of Willis v. United States, 438 F.2d 923

-1-

(5th Cir. 1971), and Kayfez v. Gasele, 993 F. 2d 1288 (7th Cir. 1993)In Willis, the United States Court of Appeals for the Fifth Circuit noted that when a concurrent state sentence will end prior to the imposed federal sentence, the fact that a state has already credited prior custody time against its sentence "essentially does the prisoner no good vis-vis his federal sentence. Thus, .the BOP has provided that if the federal and non-federal terms are concurrent and the Raw Effect full term (EFT) of the non-federal term is equal to or less than Raw EFT of the federal sentence; prior custody credits shall be given for any time spent in non-federal presentence custody that begins on or after the date of the federal offense up to the date that the first sentence begin to run, federal or non-federal. These credits are known as Willis time credits.

    3. Furthermore, Dixon has served a total of 57 months under conditions unprecedented. Two years of his 57 months were served under MDOC Covid 19 lockdown. He contracted Covid and almost died. He serve two years locked in his cell with limited to no showers. He was fed only cold Bolone and Peanutbutter sandwiches. He watch inmates die weekly. Some Staff members walked off the job. These conditions and the fact that I have not received a single misconduct qualify me for BOP Nunc Pro Tunc Designation.

    4. Lastly, I'm getting no cooperation from BOP Staff. I have filed a Request for Administrative Remedy and a Request for Nunc Pro Tunc -- both Request's have been ignored. Dixon has demonstrated that it would be futile for him to pursue any further

-3-

relief from BOP. Petitioner Dixon is requesting the Court to order the BOP to respond to his claim without unduly delay.

I swear under the penalty of perjurty that the above is true to the best of my knowledge and belief.

                                          Respectfully submitted,

                                          _____
                                          Frederick Dixon

Djated: June 8, 2025



Frederick Dixon 26590-059
FDC- Milan
P.O. Box 1000
Milan MI 48160

METROPLEX MI 480
10 JUN 2025 PM 8 L

Clerk of the Court
United States District Court
231 W Lafayette Blvd.
Det., MI 48226

RECEIVED
JUN 16 2025
CLERK'S OFFICE
DETROIT