UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Frederick Lamar Dixon, #26592-039,

      Petitioner,

      -vs-

E. Rardin,

      Respondent.
_____/

Case No. 25-cv-11492

Honorable Denise P. Hood
Mag. Judge Patricia T. Morris

## RESPONSE AND MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

Petitioner, Frederick Lamar Dixon, is currently in the custody of the Bureau of Prisons at FCI Cumberland in Maryland. On April 22, 2025, the Honorable Judith E. Levy sentenced Dixon to 38 months of imprisonment on each of two counts of conviction, to be served concurrently. *United States v. Dixon, et al.*, Case No. 21-cr-20566-01, Dkt. 168 (E.D. Mich.).

Dixon filed the instant petition on May 20, 2025. In mid-June 2025, Dixon was transferred from FCI Milan to FCI Cumberland in Maryland. This Court ordered the United States to respond before August 13, 2025. (ECF No. 6).

Dixon's petition should be dismissed. The Eastern District of Michigan is not the district of confinement, and Dixon's immediate custodian is located in a different district.

## ARGUMENT

In his petition, Dixon argues he is entitled to a *nunc pro tunc* designation due to an administrative error committed by the Michigan Parole board, entitling him to credit for having served over 50 months in custody. (ECF No. 1 at PageID.10). Dixon concedes that he has not exhausted his administrative remedies, arguing that doing so would subject him to irreparable harm based on his belief that respondents would delay responding. (*Id.* at PageID.9).

Challenges to the execution of a sentence—including arguments concerning time credits—are governed by § 2241. Such petitions must be brought in the district where the prisoner is incarcerated. As the Supreme Court has explained, "jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *Wright v. U.S. Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977) ("The habeas power of federal courts over prisoners in federal custody has been confined by Congress ... to those district courts within whose territorial jurisdiction the custodian is located."); *Stevenson v. United States*, No. 07-15173, 2008 WL 65402, at *1 (E.D. Mich. Jan. 3, 2008) (Steeh, J.) (dismissing inmate's § 2241 petition because the "absence of his custodian or warden from this District is fatal to the Court's jurisdiction over him").

Dixon is incarcerated at FCI Cumberland in Maryland and his custodian is the warden of that facility. Because the Eastern District of Michigan is no longer his

2

district of confinement and the warden of FCI Milan is no longer his custodian, this Court lacks jurisdiction over Dixon's § 2241 petition, and dismissal is warranted.

Even if this Court had jurisdiction, Dixon also concedes that he has failed to exhaust his administrative remedies. Dixon must exhaust his administrative remedies before filing a habeas corpus petition. *United States v. Wilson*, 503 U.S. 329, 334–36 (1992); *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231–32 (6th Cir. 2006); *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992).

## CONCLUSION

For all of the foregoing reasons, the United States respectfully requests that Dixon's petition be dismissed without prejudice.

Respectfully submitted,

JEROME F. GORGON JR
United States Attorney

*s/Sarah Alsaden*
Sarah Alsaden
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
(313) 226-9146
sarah.alsaden@usdoj.gov

Dated: July 1, 2025

3

## Certificate of Service

I certify that on July 1, 2025, I electronically filed the Response to Petition for Writ of Habeas Corpus and Brief in Support with the Clerk of the Court using the ECF system, and that an employee of the U.S. Attorney's Office mailed a copy via the United States Postal Service to the following non-ECF participant:

>Frederick Lamar Dixon, #26592-039
>FCI Cumberland
>Federal Correctional Institution
>P.O. BOX 1000
>Cumberland, MD 21501

>>/s/ Sarah Alsaden
>>Assistant United States Attorney