

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDERICK LAMAR DIXON

    Petitioner,

vs                                    Case No. 25-cv-11492

H                                     Honorable DENISE PAGE Hood
E. RARDIN,

                                        Mag. Patricia T. Morris

    Respondent



**MOTION IN OPPOSITION TO MOTION TO DISMISS
PETITION FOR WRIT OF HABEAS CORPUS**

    **NOW COMES** Petitioner Dixon in pro se and moves this court to deny the Government request to Dissmissed his Petition for Writ of Habeas Corpus and says as follows:

    1. When Mr. Dixon filed this Petition he was at the Milan Federal Detention Center, which is within the Eastern District of Michigan, and would have been the appropriate District to file his Habeas Petition.

    2. The fact that he no longer reside at that facility is not sufficient grounds to dismiss his Petition.

    3. The Government is Judge Shopping and transferred Dixon to prevent Judge Hood from residing over this matter.

    4. At worst the Court might have to transfer this matter, but instead Dixon is requesting the Court grant Summary Judgment in his favor for the following:

    The Michigan Parole Board had a non-discretionary, statutory

duty to proceed with reasonable diligence to provide Mr. Dixon with a timely hearing after completing his flop. Failure to do so constituted a Waiver of jurisdiction. See Hawkins v. Freeman, 195 F.3d 732.

Dixon Sentence should be governed by the sentence, not by administrative error. The Michigan Parole Board had a non-discretionary duty to provide Dixon with a timely Parole Hearing, but fail to do so, allegely because of the misguided and eroneously belief that he could not be paroled to a Federal Detainer until the federal charges was completedly adjudicated.

Dixon scored high probability for parole, which all but guaranteed he be paroled. However, because of the Parole Board misguided assumption, to Dixon demise's, he was not provided his statutory mandated parole hearing until several years late. This delay deprived Dixon of 30 months prior jail credit he would have otherwise been entitled to. Had Dixon been credit those 30 months prior jail credit, he would have already been released on Federal Supervise Release. For that reason alone Summary Judgment should be granted in Favor of Dixon.

5. Dixon did not exhauste his Administrative Remedy because no such Remedy was available to him. Dixon Unit Team refused to answer his administrative remedy(s), as well as harassed him and subjected him to a retaliatory transfer because of his attempt at utilizing the Administrative Remedy Process.

6. As demonstrated by the exhibits Dixon attached to his Petition, the U.S. Marshal Services and Dixon Milan Unit Team attempted to force Dixon into a contract that Dixon entered under furess, where Dixon had to agree not to file any Administrative

Remedy Request.

7. A prisoner failure to exhaust available State or Administrative Remedy may be excused where pursuing such would be futile or unable to afford the Petitioner the relief he seeks. Fuzzini, 473 F.3d at 232.

Wherefore, for all of the above, Summary Judgment should be rendered in favor of Dixon and or the Government Request that this matter be dismissed be denied.

Respectfully submitted,

*Frederick Dixon*
Frederick Dixon

Dated: July 7, 2025

### CERTIFICATE OF SERVICE

A true copy of the above was placed in the U.S. Mail to the Clerk of the Eastern Distict of Michigan office at 231 W. Lafayette Blvd., Detroit, MI July 8, 2025

*Frederick Dixon*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

FREDERICK LAMAR DIXON

       Petitioner,

vs

       Case No. 25-cv-11492
       Hon. Denise Page Hood
       Mag. Patricia T. Morris

R. RARDIN

       Respondent

## DECLARATION OF FREDERICK DIXON

    I, Frederick Dixon declare under penalty of perjury that U.S. Marshal Don Hughes of the U.S. Marshal's Services told me that Milan officials told him I was an administrative nightmare, and instructed him not to return me to Milan Detention Center, from my Writ of Adtesticandum. At the time, I was returning from a waiver of IDA to Michigan State Prison to address State Parole Violation, back into Federal Custody.

    Instead of returning me back to Milan Federal Detention Center, I was transferred to Livingston County Jail, where I was without my legal property, access to a type-writer, or access to the administrative Remedy Process. This was by design, and intended to deny me redress and access to the court.

    I filed a complaint, alleging that Livingston County Jail could not meet my legal needs, and requested to be returned back to the Federal Detention Center. My complaint and request was denied.

    I went on a 16 day hunger strike, as well as have attorney Margaret Raben orchestrate a contract with the Marshal's Services and Detention Center Staff, agreeing under duress to abandon usage of the Administrative Remedy Process, as well as drop all previous filed claims, and end my hunger strike in exchange for being returned to the Detention Center.

    Attorney Margaret Raben have detail emails from both: the U.S. Marshals and Detention Center Staff relating to the agreement I was force to enter under duress. I also have copies of letters and Administrative Remedy(s) I filed related to these assertions.

-1-

    I have made every effort at exhausting the Administrative Remedy Process, but my jailer have impede and denied me doing so. I have been harassed, threaten, and retaliated against for using the Administrative Remedy Process.

    I have been a model prisoner the five years I've remained in custody. I have not received a single misconduct. In addition to my unblemished record, I have given every indication of reformation and correction. I completed Dawn Farm Substance Abuse Treatment and I've mentored many of the young men I've been housed with.

                                                 _/s/ Frederick Dixon_
                                                  Frederick Dixon

Dated: July 8, 2025

BALTIMORE MD 212
10 JUL 2025 PM 3 L

Frederick Lamar Dixon 26592-039
FCI-Cumberland
P.O. Box 1000
Cumberland, MD 21501-1000

privilege legal mail

Clerk of The Court
Federal District Court
Eastern District of Michigan
231 W. Lafayette, Blvd.
Detroit, MI 48226

RECEIVED
JUL 15 2025
CLERK'S OFFICE
DETROIT

48226-277756