UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDERICK LAMAR DIXON,

      Petitioner,

v.                    CASE NO. 2:25-CV-11492
                      HONORABLE DENISE PAGE HOOD
                      UNITED STATES DISTRICT JUDGE

ERIC RARDIN,

      Respondent,
_____/

**OPINION AND ORDER DENYING THE MOTION TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING AN ANSWER TO THE PETITION FOR WRIT OF HABEAS CORPUS**

Frederick Lamar Dixon, (Petitioner), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner seeks a *nunc pro tunc* designation from this Court ordering the Bureau of Prisons (B.O.P.) to award him credit towards his federal sentence for the two-year delay by the Michigan Parole Board in paroling him on his state sentence. At the time that Petitioner filed his petition, he was incarcerated at the Federal Detention Center in Milan, Michigan, but has since been transferred to the Federal Correctional Institution in Cumberland, Maryland.

      **I.**      **Motion to Dismiss**

Respondent filed a motion to dismiss the petition. Petitioner filed a reply to the motion to dismiss. For the reasons that follow, the motion to dismiss is DENIED.

1

Respondent is ordered to file an answer to the petition within 30 days that addresses the merits of the petition. Petitioner has 45 days following receipt of the answer to file a reply brief.

Respondent filed a motion to dismiss the petition on the ground that this Court lacks jurisdiction over the case because Petitioner is now incarcerated in the District of Maryland and because he failed to exhaust his administrative remedies.

Respondent initially contends that this Court lacks jurisdiction over the petition because Petitioner is currently incarcerated at a prison in Maryland, even though he was incarcerated at the Federal Detention Center in Milan, Michigan when he filed the petition. (ECF No. 1, PageID. 1).

As a general rule, jurisdiction for core habeas petitions in which a petitioner challenges his or her present physical confinement lies exclusively in the district of confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). The habeas corpus power of federal courts over federal prisoners has been confined by Congress through 28 U.S.C. § 2241 to the district court within whose territorial jurisdiction the custodian is located. *See Wright v. United States Board of Parole,* 557 F.2d 74, 77 (6th Cir. 1977). As a result, habeas corpus proceedings may occur in a court of confinement that is different from the court of conviction. See *Martin v. Perez,* 319 F.3d 799, 803 (6th Cir. 2003). However, a district court in the district in which a federal prisoner was incarcerated at time he or she files a habeas petition retains

jurisdiction over the petition after that prisoner is transferred to a prison in another district. *See White v. Lamanna*, 42 F. App'x 670, 671 (6th Cir. 2002).  Petitioner was incarcerated at a prison in the Eastern District of Michigan when he filed his petition; his subsequent transfer to a federal prison in Maryland does not defeat this Court's jurisdiction over this petition. Accordingly, the motion to dismiss on this basis is denied.

Respondent also moves to dismiss the petition on the ground that Petitioner, by his own admission, failed to exhaust his administrative remedies. Petitioner admits that he did not exhaust his administrative remedies but claims it would be futile to do so because (1) if granted *nunc pro tunc* credit for the time that he could have received against his federal sentence had he been paroled earlier by the Michigan Parole Board, he would be eligible for immediate release, (2) B.O.P. officials transferred him from the Federal Detention Center in Milan, Michigan to the Livingston County Jail in retaliation for Petitioner filing various grievances or administrative remedies, (3) In order to return to the Federal Detention Center in Milan, Michigan, he was forced to sign an agreement with B.O.P. officials that he would not seek any administrative remedies or file any grievances upon his return, and (4) B.O.P. officials refuse to provide him with the forms necessary to exhaust his administrative remedies. Petitioner has at least some evidence to substantiate his

allegations as well. (ECF No. 1 , PageID. 2, 9, 11, 12, 15, 20, 21, 23, ECF No. 13, PageID. 96-99).

Federal inmates are normally required to exhaust administrative remedies for their claims before filing a § 2241 habeas corpus petition. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). Petitioner concedes that he did not exhaust his administrative remedies for his claims, claiming that it would be futile to so. The Sixth Circuit has indicated that "the habeas exhaustion requirement is not without exception," nor "statutorily required." *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 236, 235 (6th Cir. 2006). "If a petitioner has failed to exhaust his administrative remedies prior to filing a § 2241 petition, the District Court may in its discretion either 'excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court.'" *Ridley v. Smith*, 179 F. App'x 109, 111 (3d Cir. 2006) (quoting *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir.1990), *abrogated in part on other grounds by Reno v. Koray*, 515 U.S. 50 (1995)).  Dismissal of habeas corpus petition without prejudice is inappropriate, where any further attempt by a prisoner to exhaust the Bureau of Prison's administrative procedures would be futile. *See Bauer v. Henman*, 731 F. Supp. 903, 906 (S.D. Ill. 1990).

Petitioner has alleged that it would be futile to exhaust his administrative remedies prior to seeking habeas relief. His allegations, so far, are unrebutted.

This Court will deny the motion to dismiss at this point without prejudice to Respondent being given an opportunity to renew their exhaustion argument in a subsequent answer by providing proof to rebut Petitioner's futility claim. The Court will also order Respondent to address the merits of Petitioner's claim in their answer. Petitioner will have forty-five days following receipt of the answer to file a reply if he so chooses.

## II.   Motion for Bond

A prisoner seeking bail pending review of his habeas petition must, among other requirements, convince the district court that exceptional circumstances and the "interests of justice" warrant relief. *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990). It will be the rare occasion when an inmate will be able to satisfy this standard. *Id.; Poncy v. Palmer,* 993 F.3d 461, 463 (6th Cir. 2021).  Here, Petitioner has not shown exceptional circumstances or that the interests of justice warrant bond. There are still issues as to exhaustion of administrative remedies and whether there was error in calculating any credits.  The Court denies Petitioner's Motion for Bond.

## III.   Order

**For the reasons set forth above,**

**IT IS HEREBY ORDERED That:**

**(1) The motion to dismiss (ECF No. 11) is DENIED.  The Motion in Opposition (ECF No. 13) is MOOT and is considered as a Response to the Motion to Dismiss.**

**(2) Respondent shall file an answer addressing the merits of the petition within thirty (30) days of this order. Respondent is free at that time to advance any arguments regarding Petitioner's claim that exhaustion would be futile.**

**(3) Petitioner has forty-five (45) days following receipt of the answer to file a reply brief.**

**(4) The motion for immediate consideration (ECF No. 2) is DENIED and the Motion for Bond (ECF No. 3) is DENIED without prejudice pending a ruling on the Petition.**

s/Denise Page Hood
HON. DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

Dated:  July 23, 2025