# Exhibit A
# Fanello Declaration and Attachments

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

FREDERICK DIXON,                                           :

Petitioner,                          )
                                     )
          v.                         )          Civil Action No.
                                     )
ERIC RARDIN,                         )          2:25-cv-11492
                                     )
Respondent.                          )

**DECLARATION OF S. FANELLO**

I, S. Fanello, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge and

information made known to me from official records reasonably relied upon by me in the

course of my employment, hereby make the following declaration relating to the above-

entitled matter.

1.    I have worked for the Federal Bureau of Prisons ("BOP") since March 2004, and

      have worked in the area of inmate sentence computations since December 2009.  I am

      currently employed as a Correctional Programs Specialist at the BOP's Designation

      and Sentence Computation Center.

2.    My duties include providing litigation assistance to the United States Attorney's

      Offices in cases where federal inmates challenge their sentence computations, which

      includes auditing and reviewing the sentence computations.  I have reviewed the

      sentence computation for inmate Frederick Dixon, Federal Register Number 26592-

      039.

3.    Petitioner seeks a nunc pro tunc designation and an additional 38 months of prior

1

custody credit.

4.  I have audited Petitioner's BOP sentence computation. The following is a summary of my findings with reference to relevant attachments in support.[1]

5.  On September 29, 2020, Petitioner was arrested by Michigan State Authorities for Flee/Assault/Resist/Obstruct a Police Officer in Case Number 21-000072-FH. While in custody it was discovered he was on parole in Case Numbers 07-1101-FH and 11-1701-FH. He also had an outstanding charge for Possession of Drug Paraphernalia in Case Number 2018-182-1455-OM. He remained in custody.[2]

6.  On October 7, 2020, Petitioner was sentenced by the 14A District Court to a 60-day term of imprisonment for Possession of Paraphernalia in Case Number 2018-182-0455-OM. He received credit for 60 days and was released to the Michigan Department of Corrections (MDOC) on November 4, 2020. He remained in the exclusive custody of state authorities in Case Numbers 07-1101-FH, 11-1701-FH, and 21-000072-FH.[3]

7.  On January 13, 2021, Petitioner's parole was revoked in Case Numbers 07-1101-FH and 11-1701-FH, and he continued service of his originally imposed terms of imprisonment.[4]

8.  On May 4, 2021, Petitioner was sentenced by the Washtenaw County Trial Court to a 6-month term of imprisonment for Assault/Resisting/Obstructing a Police Officer in Case Number 21-000072-FH. The court further ordered this case to run

---

[1] Portions of the attachments have been redacted to protect personally identifiable information and privacy interests.
[2] See Attachment 1, MDOC Offender Movement Report; and Attachment 2, Email from Washtenaw County Sheriff's Office
[3] See Attachment 1; Attachment 2; and Attachment 3, Case Details, 2018-182-0455-OM
[4] See Attachment 4, Email from Michigan Parole Supervision

2

consecutively to his parole revocations.[5]

9.     On September 21, 2021, Petitioner was taken into temporary custody by the United
States Marshals Service (USMS) pursuant to a federal writ of habeas corpus ad
prosequendum in Case Number 0645, 5:21-CR-20566(1).  Based on the state of
Michigan retaining exclusive primary jurisdiction, USMS returned Petitioner on
October 8, 2021.  On May 5, 2022, Petitioner was taken into temporary custody by
the USMS and returned February 8, 2024.  On July 12, 2024, Petitioner was taken
into temporary custody by the USMS and returned on August 6, 2024.[6]

10.    On August 14, 2024, Petitioner satisfied his parole revocations in Case Numbers 07-
1101-FH and 11-1701-FH and was released to the Washtenaw County Sheriff's
Office to serve his sentence in Case Number 21-000072-FH.[7]

11.    On January 12, 2025, Petitioner satisfied his sentence in Case Number 21-000072-FH
and he was released to the exclusive custody of the USMS on January 13, 2025.[8]

12.    On April 22, 2025, Petitioner was sentenced by the U.S. District Court for the Eastern
District of Michigan, to a 38-month term of imprisonment for Conspiracy to Possess
with Intent to Distribute a Controlled Substance and Possession with Intent to
Distribute Controlled Substances in Case Number 0645, 5:21-cr-20566(1).[9]

13.    Under the provisions of Title 18, U.S.C. § 3585(a), "A sentence to a term of

---

[5] See Attachment 5, Register of Actions, 21-000072-FH; and Attachment 6, Washtenaw County Trial Court
Judgment, Case No 21-000072-FH
[6] See Attachment 7, Petition for Writ, Case No 21-cr-20566, filed 9/7/21; Attachment 8, Order for Writ, Case No
21-cr-20566, filed 3/4/22; Attachment 9, Petition for Writ, Case No 21-cr-20566, filed 7/10/24; and Attachment 10,
USM-129 Individual Custody/Detention Report
[7] See Attachment 11, MDOC Parole Order
[8] See Attachment 10; Attachment 12, Washtenaw County Sheriff's Office email and Calculation; and Attachment
13, BOP Memorandum re Petitioner's jail credit, dated August 12, 2025
[9] See Attachment 14, Criminal Judgment, Case No 0645, 5:21-cr-20566(1)

imprisonment commences on the date the defendant is received in custody awaiting transportation to…the official detention facility at which the sentence is to be served."  The Petitioner's sentence commenced on April 22, 2025, the date it was imposed, therefore he would not be eligible for a nunc pro tunc designation due to his sentence commencing on the date it was imposed.  In no case can a federal sentence of imprisonment commence earlier than the date on which it was imposed.[10]

14.     Dixon was also ineligible for a nunc pro tunc designation because he had completed serving all of his state sentences by the time he was sentenced in his federal case, and there was thus no way to run his federal sentence concurrently with any state sentence.

15.     Title 18 U.S.C. §3585(b) and BOP Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), state in part, "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed that has not been credited against another sentence." Petitioner is not entitled to prior custody credit from September 29, 2020, through January 12, 2025, as he was in service of his state sentences imposed in Case Numbers 07-1101-FH, 11-1701-FH, 2018-182-1455-OM, and 21-000072-FH. Furthermore, documentation received from MDOC confirmed that any time spent in prison or on parole since the initial sentencing has gone towards that sentence unless

---

[10] See Attachment 15, BOP Program Statement 5880.28, Commencement policy.  (Full copies of BOP program statements can be obtained via the BOP website at *www.bop.gov*)

on abscond status which is referred to as dead time.  In Petitioner's case, he

absconded from parole on May 27, 2020, and his dead time stopped on September 28,

2020.  He was not in custody on these dates.  Once he was arrested on September 29,

2020, that time started up again and continued towards his original sentences in Case

Numbers 07-1101-FH and 11-1701-FH.  Once he paroled from Case Numbers 07-

1101-FH and 11-1701-FH, he was relinquished to Washtenaw County to complete his

6-month term of imprisonment in Case Number 21-000072-FH.[11]

16.     In addition, pursuant to Program Statement 5880.28, and the provisions Title 18

U.S.C. §3585(b), prohibits the application of credit for time spent serving another

sentence.  Time spent in custody under a writ of habeas corpus from non-federal

custody will not in and of itself be considered for the purpose of crediting presentence

time.  The primary reason for "writ" custody is not the federal charge.  The federal

court merely "borrows" the prisoner under the provisions of the writ for secondary

custody.[12]

17.     It should be noted that while reviewing Petitioner's sentence for this litigation, the

computation was updated to remove prior custody credit that had already been

awarded to another sentence.  The prior custody credit removed was from August 15,

2024, through January 12, 2025.

18.     In accordance with Program Statement 5880.28 and the provisions of 18 U.S.C.

§3584 and 18 U.S.C. §3585(a), the BOP prepared a sentence computation for Case

---

[11] See Attachment 12; Attachment 16, BOP Program Statement 5880.28, Prior Custody Time Credit policy; Attachment 17, Judgment, 07-1101-FH; Attachment 18, Amended Judgment, 11-1701-FH; Attachment 19, Email from MDOC; and Attachment 20, New Independent Sentence Computation
[12] See Attachment 21, BOP Program Statement 5880.28, Writ policy

Number 0645, 5:21-cr-20566(1) based on the 38-month term of imprisonment, commencing on April 22, 2025 (the date it was imposed). Petitioner received 99 days of qualified presentence credit from January 13, 2025, through April 21, 2025. In addition, he is projected to earn 171 days of Good Conduct Time (GCT) resulting in a Release Date of September 25, 2027, via GCT Release.[13]

19.   I have also reviewed Petitioner's administrative remedy request record. Although his petition claims he "An Appeal would be futile and subject me irreparable harm. I am denied access to an administrative remedy process," inmates must appeal through all three levels of the Administrative Remedy Process to exhaust administrative remedies.[14] Additionally, our records demonstrate the Petitioner's allegation of being denied access to the remedy process is false. Petitioner regularly submits administrative remedies.[15]

20.   The Administrative Remedy Program is described at 28 C.F.R. § 542.10, et seq., Administrative Remedy Procedures for Inmates.[16] Ordinarily, once an inmate has attempted to informally resolve an issue, the administrative remedy process commences by filing a Request for Administrative Remedy (BP-9) with the Warden of the facility where the inmate is confined. If the inmate is not satisfied with the BP-9 response, the inmate may appeal by filing a Regional Administrative Remedy Appeal (BP-10) with the Regional Office within 20 days of when the warden signed the response. If dissatisfied with the Regional response, the inmate may appeal to the

---

[13] See Attachment 22, Public Information Inmate Data, August 12, 2025
[14] 28 C.F.R. § 542.15(a) ("Appeal to the General Counsel is the final administrative appeal.")
[15] See Attachment 23, Administrative Remedy Retrieval
[16] BOP Program Statements are available for inmate access via the institution law library. Additionally, administrative remedy filing procedures are outlined and explained to inmates during Admission and Orientation.

BOP's Office of General Counsel via a Central Office Administrative Remedy Appeal (BP-11) within 30 days of the Regional Director's signed response.  Appeal to BOP's Office of General Counsel is the final step in the BOP's administrative remedy process.  The response from the General Counsel's Office is considered the final agency decision.  To properly exhaust all administrative remedies, an inmate must timely and properly present a claim to each level, have that remedy request accepted, and receive an actual response to that request.

21.   BOP policy provides that the inmate is to obtain the appropriate form from institution staff (ordinarily, the correctional counselor).  It further notes, the "Request for Administrative Remedy, Form BP-9 (BP-229), is appropriate for filing at the institution."[17]  If the inmate submits a request for remedy, but does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.[18]

22.   Remedy requests are assigned a unique numeric designation, followed by a suffix indicating the level of the request, as follows:  "-F" indicates a request to the Warden, "-R" indicates an appeal to the Regional Director, and "-A" indicates an appeal to the General Counsel's Office.

23.   Petitioner has submitted only one remedy regarding sentence credit, and he did not exhaust that remedy.[19]

Remedy 1247845-F1 - BP-9 remedy received by FCI Cumberland on July 18,

---

[17] 28 C.F.R. § 542.14
[18] 28 C.F.R. § 542.18
[19] See Attachment 23.

2025, and a response was issued on July 28, 2025, informing Petitioner that he had already been given jail credit from August 15, 2024, to April 21, 2025, for a total of 250 days.[20]

24.    Based upon my review of the administrative remedy record, Petitioner did not properly exhaust his administrative remedies through the BOP's Administrative Remedy Program as it relates to the allegation raised in his Complaint.

Executed this 19th day of August, 2025 in Grand Prairie, Texas.

STACY FANELLO    Digitally signed by STACY FANELLO
Date: 2025.08.19 10:33:09 -05'00'

S. Fanello
Correctional Programs Specialist
Designation & Sentence Computation Center
Federal Bureau of Prisons

---

[20] See Attachment 23; and Attachment 24, Remedy 1247845-F1.

8

Attachment 1

## Michigan Department of Corrections
## Offender Movement Report

**MDOC Nbr.:** 158463

**Offender Name:** Dixon, Frederick

Report Date: 08/01/2025

From: 4/1/2008

To: 8/14/2024

| Date | Movement Reason | From | To |
|------|-----------------|------|-----|
| 08/14/2024 | Paroled in Custody | CARSON CITY CORRECTIONAL FACILI | Washtenaw/Ann Arbor/Parole/REP |
| 08/06/2024 | Returned from Court | Midland County Sheriff's Department | CARSON CITY CORRECTIONAL FACILI |
| 07/12/2024 | Released to Court on Writ | CARSON CITY CORRECTIONAL FACILI | Midland County Sheriff's Department |
| 03/11/2024 | Transfer In ... Institutional or Caseload | COOPER STREET FACILITY | CARSON CITY CORRECTIONAL FACILI |
| 03/11/2024 | Transferred Out ... Institutional or Caseload | COOPER STREET FACILITY | CARSON CITY CORRECTIONAL FACILI |
| 02/08/2024 | Returned from Court | UNITED STATES MARSHALLS | COOPER STREET FACILITY |
| 05/05/2022 | Released to Court on Writ | COOPER STREET FACILITY | UNITED STATES MARSHALLS |
| 10/08/2021 | Returned from Court | UNITED STATES MARSHALLS | COOPER STREET FACILITY |
| 09/21/2021 | Released to Court on Writ | COOPER STREET FACILITY | UNITED STATES MARSHALLS |
| 01/22/2021 | Transfer In ... Institutional or Caseload | CHARLES EGELER RECEPTION AND | COOPER STREET FACILITY |
| 01/22/2021 | Transferred Out ... Institutional or Caseload | CHARLES EGELER RECEPTION AND | COOPER STREET FACILITY |
| 11/04/2020 | Returned as Parole Technical Rule Violator | Wayne/Lincoln Park/Parole | CHARLES EGELER RECEPTION AND |
| 09/29/2020 | Held Under Custody | Outside MDOC Jurisdiction | Washtenaw County Sheriff's Departmer |
| 05/27/2020 | Absconder from Parole | Wayne/Lincoln Park/Parole | Outside MDOC Jurisdiction |
| 03/02/2020 | Transfer Between Offices in Michigan | Wayne/Detroit Metro District/Prob/Par/R | Wayne/Lincoln Park/Parole |
| 02/06/2020 | Reinstated on Parole While at Large | Outside MDOC Jurisdiction | Wayne/Detroit Metro District/Prob/Par/R |
| 02/06/2020 | Transfer In ... Institutional or Caseload | Detroit Reentry Center | Wayne/Detroit Metro District/Prob/Par/R |
| 02/06/2020 | Transferred Out ... Institutional or Caseload | Detroit Reentry Center | Wayne/Detroit Metro District/Prob/Par/R |
| 01/24/2020 | Transfer In ... Institutional or Caseload | Wayne/Detroit Metro District/Prob/Par/R | Detroit Reentry Center |
| 01/24/2020 | Transferred Out ... Institutional or Caseload | Wayne/Detroit Metro District/Prob/Par/R | Detroit Reentry Center |
| 01/24/2020 | Held Under Custody | Outside MDOC Jurisdiction | Wayne/Detroit Metro District/Prob/Par/R |
| 12/11/2019 | Absconder from Parole | Wayne/Detroit Metro District/Prob/Par/R | Outside MDOC Jurisdiction |
| 07/31/2019 | Transfer Between Offices in Michigan | Lake/Baldwin/TRV | Wayne/Detroit Metro District/Prob/Par/R |
| 07/11/2019 | Transfer Between Offices in Michigan | Washtenaw/Ann Arbor/Parole/REP | Lake/Baldwin/TRV |
| 06/17/2019 | Held Under Custody | Outside MDOC Jurisdiction | Washtenaw County Sheriff's Departmer |
| 04/02/2019 | Absconder from Parole | Washtenaw/Ann Arbor/Parole/REP | Outside MDOC Jurisdiction |
| 02/11/2019 | Other Movement | Washtenaw County Sheriff's Departmer | Washtenaw/Ann Arbor/Parole/REP |
| 02/11/2019 | Held Under Custody | Washtenaw/Ann Arbor/Parole/REP | Washtenaw County Sheriff's Departmer |
| 02/01/2019 | Transfer In ... Institutional or Caseload | Detroit Reentry Center | Washtenaw/Ann Arbor/Parole/REP |
| 02/01/2019 | Transferred Out ... Institutional or Caseload | Detroit Reentry Center | Washtenaw/Ann Arbor/Parole/REP |
| 11/08/2018 | Transfer In ... Institutional or Caseload | Washtenaw/Ann Arbor/Parole/REP | Detroit Reentry Center |
| 11/08/2018 | Transferred Out ... Institutional or Caseload | Washtenaw/Ann Arbor/Parole/REP | Detroit Reentry Center |

Attachment 2

 Outlook

---

**[EXTERNAL] RE: Dixon, Frederick DOB** ████████

---

**From** Thomas Arnett ████████████████ >
**Date** Fri 8/8/2025 7:47 AM
**To**    Fanello, Stacy (BOP) ████████

It looks like he was sentenced to 60 days and received 60 days credit for time served on that case.

Lieutenant Thomas J. Arnett
Washtenaw County Sheriff's Office
2201 Hogback Rd.
Ann Arbor, MI 48105
████████████████
████████████

---

**From:** Fanello, Stacy (BOP) ████████████
**Sent:** Friday, August 8, 2025 8:29 AM
**To:** Thomas Arnett ████████████████
**Subject:** Re: Dixon, Frederick DOB ██████

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Thank you so much! Do you happen to know if he served a 60-day sentence in this county under case number 2018-182-1455-OM?

**Stacy Fanello**
**Federal Bureau of Prisons**
**Designation & Sentence Computation Center**
**346 Marine Forces Drive**
**Grand Prairie, TX 75051**
████████████
████████████

---

**From:** Thomas Arnett ████████████
**Sent:** Friday, August 8, 2025 7:21 AM
**To:** Fanello, Stacy (BOP) ████████
**Subject:** [EXTERNAL] FW: Dixon, Frederick DOB ████████

Good morning,

Mr. Dixon was in our custody from 10/1/2020 through 11/4/2020 when he was turned over to the Michigan Department of Corrections. His next stay with us began on 8/14/2024 and ran through 1/13/2025 when he was turned over to what is noted in our system as "Another Jurisdiction." He had a hold with the Marshalls so I believe that is who picked him up.

Hope this helps,

Tom

Lieutenant Thomas J. Arnett
Washtenaw County Sheriff's Office
2201 Hogback Rd.
Ann Arbor, MI 48105

████████████████

Get [Outlook for Android](#)

---

**From:** sheriffinfo <████████████████>
**Sent:** Thursday, August 7, 2025 4:27:48 PM
**To:** Kurt Schiappacasse ████████████████
**Subject:** FW: Dixon, Frederick DOB ████████

From the general inbox. Please and thank you.

Haley Gordon
Executive Coordinator

████████████████

---

**From:** Fanello, Stacy (BOP) <████████████████>
**Sent:** Thursday, August 7, 2025 4:08 PM
**To:** sheriffinfo <████████████████>
**Subject:** Dixon, Frederick DOB ████████

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hello,
The above-mentioned inmate is currently in our federal custody, and I am reviewing his computation for accuracy. He was arrested on or around 9/29/20. If he was arrested any other timeframe in 2020, can you also advise? I am seeking any type of booking/records to show his custody dates anytime after 2020. I appreciate any assistance. If there happens to be a jail judgment I would appreciate that too. Thank you so much!

**Stacy Fanello**
**Federal Bureau of Prisons**
**Designation & Sentence Computation Center**
**346 Marine Forces Drive**
**Grand Prairie, TX 75051**

████████████████

Attachment 3

# Case Details

Additional Resources ▾

| | | |
|---|---|---|
| **Case ID** | **Court Location** | **PIN** |
| 2018-182-0455-OM | 14A District Court - Ypsilanti | 18YC00412 |

**Case Entitlement**
CITY OF YPSILANTI V DIXON

**Judge of Record**
BARR,KARL A.,

**Date Filed**
03/19/2018

**Case Status**
DISPOSED

**Closed Date**

**Balance** 🔲
$125.00

## Parties (1)

| **Party Name** | **Party Type/Number** |
|---|---|
| DIXON/FREDERICK/LAMAR | DEFENDANT - 1 |

**Age**
66 (1959)

**Attorney Name**
DELPHIA T. SIMPSON

**Alternate Name(s)**

## Charges (1)

| **Count** | **Offense Date** |
|---|---|
| | 03/16/2018 |

**Current Charge**
POSSESSION OF DRUG PARAPHENALIA (PARAPHENALIA)

**Original Charge**

POSSESSION OF DRUG PARAPHENALIA (PARAPHENALIA)

**Arraignment Date**
05/30/2018

**Disposition Date**
10/07/2020

**Disposition**
DISPOSED ON PLEA OF NOLO CONTENDERE

**Officer/Agency or Petitioner**
BROWN/KENNETH - YPSILANTI POLICE DEPARTMENT

**Charge Level**
MISDEMEANOR

**Amended or Reduced**

**Attempted, Conspired, Solicited**

**Notice**

**Restitution Fees**

**Jail Sentence**
60

**Sentencing Date**
10/07/2020

**License Suspension Clearance Fee Due**
**Fines**

**Costs**

**State Costs**
$50.00

**Conservation Fees**

**Misc. Fees**
$75.00

**Probation**

**Total Due**
$125.00

**Total Fine**
$125.00

## Bonds (1)

Attachment 4

 Outlook

**[EXTERNAL] RE: Dixon, Frederick DOB**

**From** PV_SUPERVISION <

**Date** Fri 8/1/2025 2:20 PM

**To** Fanello, Stacy (BOP)

Parole was revoked on 9/13/16 and 1/13/21.

**From:** Fanello, Stacy (BOP)
**Sent:** Friday, August 1, 2025 3:17 PM
**To:** PV_SUPERVISION
**Subject:** Re: Dixon, Frederick DOB

**CAUTION: This is an External email. Please send suspicious emails to** abuse@michigan.gov

Is there any revocation paperwork, and is 1/13/21 the date his parole was revoked? When he was revoked, was he sentenced to another term, or just to continue his original imposed sentence? I am trying to determine if all the time he spent in Michigan went towards his parole violations from the time of his arrest in September 2020 thru his parole date of 8/14/24.

**Stacy Fanello**
**Federal Bureau of Prisons**
**Designation & Sentence Computation Center**
**346 Marine Forces Drive**
**Grand Prairie, TX 75051**

**From:** PV_SUPERVISION <
**Sent:** Friday, August 1, 2025 2:07 PM
**To:** Fanello, Stacy (BOP) <
**Subject:** [EXTERNAL] RE: Dixon, Frederick DOB

His parole violation he had was addressed at his hearing on 1/13/21.
He has 2 active prison cases with MDOC and an active parole dated 8/14/24.
2 active prison dockets are: 111701-FH and 071101-FH. Those are from Washtenaw County.
The only number you listed below that I see anything on is the second one.

**From:** Fanello, Stacy (BOP)
**Sent:** Friday, August 1, 2025 2:33 PM
**To:** PV_SUPERVISION
**Subject:** Dixon, Frederick DOB 3/15/59

**CAUTION: This is an External email. Please send suspicious emails to** abuse@michigan.gov

Good afternoon,
The above-mentioned inmate has challenged his federal sentence, so I am reviewing for accuracy. I am requesting his parole revocation documents and/or sentence breakdown. He paroled to our detainer on 8/14/24. I am also trying to determine what case numbers this sentence included, and what was the sentence total term?  The case numbers I have noted are as follows (The first 2 I believe are the parole violations):

07-001101-FH
11-1701-FH
2018-182-1455-OM
21-000072-FH

Thank you for your assistance.


**Stacy Fanello**
**Federal Bureau of Prisons**
**Designation & Sentence Computation Center**
**346 Marine Forces Drive**
**Grand Prairie, TX 75051**

Attachment 5

Skip to Main Content Logout My Account Search Menu New Criminal Search Refine Search  Back          Location : 22nd Circuit Court   Search Help

# REGISTER OF ACTIONS
## CASE NO. 21-000072-FH

| The People of the State of Michigan vs Dixon, Frederick Lamar | § § § § § § § § § | Case Type: | **Noncapital Felonies (FH)** |
|---|---|---|---|
| | | Date Filed: | **02/12/2021** |
| | | Location: | **Adult** |
| | | Judicial Officer: | **Kuhnke, Carol** |
| | | Criminal Tracking Number: | **812000489701** |
| | | District Court Case Number: | **20FB1784** |
| | | Police Report Number: | **2066291** |
| | | Tracking Control Number: | **J620277011X** |

---

### PARTY INFORMATION

| | | | **Attorneys** |
|---|---|---|---|
| Defendant | **Dixon, Frederick Lamar** | Male Black<br>6' 2", 218 lbs | **Pro Se** |
| State of<br>Michigan | **Washtenaw County Prosecutor's Office** | | |

---

### CHARGE INFORMATION

| Charges: Dixon, Frederick Lamar | Statute | Level | Date |
|---|---|---|---|
| 1.  POLICE OFFICER-FLEE-3RD DEGREE-VEH. CODE | 257602A3-A | Felony | 09/29/2020 |
| 2.  POLICE OFFICER-FLEE-3RD DEGREE-VEH. CODE | 257602A3-A | Felony | 09/29/2020 |
| 3.  POLICE OFFICER-ASSAULTING/RESISTING/OBSTRUCTING | 75081D1 | Felony | 09/29/2020 |
| 4.  POLICE OFFICER-ASSAULTING/RESISTING/OBSTRUCTING | 75081D1 | Felony | 09/29/2020 |
| 5.  POLICE OFFICER-ASSAULTING/RESISTING/OBSTRUCTING | 75081D1 | Felony | 09/29/2020 |
| 6.  POLICE OFFICER-ASSAULTING/RESISTING/OBSTRUCTING | 75081D1 | Felony | 09/29/2020 |

---

### EVENTS & ORDERS OF THE COURT

**DISPOSITIONS**

03/16/2021 **Plea** (Judicial Officer: Kuhnke, Carol)
1. POLICE OFFICER-FLEE-3RD DEGREE-VEH. CODE
No Contest
6. POLICE OFFICER-ASSAULTING/RESISTING/OBSTRUCTING
No Contest

05/04/2021 **Disposition** (Judicial Officer: Kuhnke, Carol)
1. POLICE OFFICER-FLEE-3RD DEGREE-VEH. CODE
Pled No Contest
6. POLICE OFFICER-ASSAULTING/RESISTING/OBSTRUCTING
Pled No Contest

05/04/2021 **Sentence** (Judicial Officer: Kuhnke, Carol)
1. POLICE OFFICER-FLEE-3RD DEGREE-VEH. CODE
09/29/2020 (F) 257602A3-A (257602A3-A)

Comment (Strike Court Cost and Atty Fee. (Kuhnke/CC#9 via zoom/Warzyniec ceo 8930))
SGL Range (Minimum 22 Months, Maximum 38 Months, Comment: Cobbs)
Fee Totals:
State Minimum Costs
(Just Sys Fund) -                        $68.00
Felony
Crime Victim Rights             $130.00
Fee Totals $                          $198.00
Consecutive, parole,
Local Confinement:
Agency: Jail
Term: 6 Mo, Start Date: 05/04/2021
Comment: 0 Credit

05/04/2021 **Sentence** (Judicial Officer: Kuhnke, Carol)
6. POLICE OFFICER-ASSAULTING/RESISTING/OBSTRUCTING
09/29/2020 (F) 75081D1 (75081D1)

Local Confinement:
Agency: Jail
Term: 6 Mo, Start Date: 05/04/2021
Comment: 0 credit
Consecutive, parole,

05/04/2021 **Disposition** (Judicial Officer: Kuhnke, Carol)

2. POLICE OFFICER-FLEE-3RD DEGREE-VEH. CODE
   Dismissed
3. POLICE OFFICER-ASSAULTING/RESISTING/OBSTRUCTING
   Dismissed
4. POLICE OFFICER-ASSAULTING/RESISTING/OBSTRUCTING
   Dismissed
5. POLICE OFFICER-ASSAULTING/RESISTING/OBSTRUCTING
   Dismissed

| | **OTHER EVENTS AND HEARINGS** |
|---|---|
| 10/03/2020 | **Entry into LEIN** |
| | *LEIN Order expires 10/3/21* |
| 02/09/2021 | **Bind Over Packet Received** |
| 02/09/2021 | **Defendant's Bond** |
| | *Cash bond continued, defendant in custody* |
| | *Amount: 5,000.00* |
| 03/16/2021 | **Pre-Trial** (1:30 PM) (Judicial Officer Kuhnke, Carol) |
| | Result: Held |
| 03/24/2021 | **Order of Disposition** |
| | *(sgd 3/16/21)* |
| 04/13/2021 | **Sentence With Attorney** (1:30 PM) (Judicial Officer Kuhnke, Carol) |
| | *PNC 3/16* |
| | *04/27/2021 Reset by Court to 04/13/2021* |
| | Result: Adjourned |
| 05/04/2021 | **Sentence With Attorney** (1:30 PM) (Judicial Officer Kuhnke, Carol) |
| | *PNC 3/16; Adj 4/13* |
| | Result: Held |
| 05/11/2021 | **Judgment of Sentence - Commitment to Jail** |
| | *(sgd 5/4/21)* |
| 05/11/2021 | **Removal of Entry From LEIN** |
| | *(sgd 5/4/21)* |
| 05/13/2021 | **Certificate of Removal from LEIN** |
| 05/13/2021 | **Order Dismissing Count(s)** |
| | *II,III,IV,V (sgd 05/04/21)* |
| 03/21/2022 | **Motion** |
| | *to Return Funds* |
| 03/29/2022 | **Zoom Notice of Motion Hearing** |
| | *scheduled* |
| 04/12/2022 | **Motion Hearing** (3:00 PM) (Judicial Officer Kuhnke, Carol) |
| | *ZOOM0 Deft/ Motion to Return Funds* |
| | Result: Not Held - No Show |
| 04/19/2022 | **Zoom Notice of Motion Hearing** |
| | *Scheduled* |
| 05/03/2022 | **Motion Hearing** (3:00 PM) (Judicial Officer Kuhnke, Carol) |
| | *ZOOM - Deft/ Motion to Return Funds* |
| | Result: Held |
| 05/31/2022 | **Motion Hearing** (3:00 PM) (Judicial Officer Kuhnke, Carol) |
| | *Deft/Motion to Return Funds; Adj 5/3* |
| | Result: Not Held - No Show |
| 08/26/2024 | **Motion** |
| | *to Clarify/Modify Sentence* |
| 08/28/2024 | **Order** |
| | *Denying Motion to Clarify/Modify Sentence (sgd 8/28/24)* |
| 09/10/2024 | **Motion for Reconsideration** |
| | */ Certificate of Service* |
| 09/11/2024 | **Order** |
| | *Denying Defendant's Motion for Reconsideration (sgd 9.10.24)* |
| 09/17/2024 | **Motion for Reconsideration** |
| | *Certificate of Service* |
| 09/19/2024 | **Motion** |
| | *to Clarify/Modify Sentence & Proof of Service* |
| 01/10/2025 | **Order re Sentence Modification** |
| | *Denied, sgd 01 06 25* |

---

**FINANCIAL INFORMATION**

| | | |
|---|---|---|
| | **Defendant** Dixon, Frederick Lamar | |
| | **Total Financial Assessment** | 237.60 |
| | **Total Payments and Credits** | 0.00 |
| | **Balance Due as of 08/01/2025** | **237.60** |
| 05/06/2021 | Transaction Assessment | 198.00 |
| 07/02/2021 | Transaction Assessment | 39.60 |

Attachment 6

AS

| STATE OF MICHIGAN<br>WASHTENAW COUNTY TRIAL COURT | JUDGMENT OF SENTENCE<br>☒ COMMITMENT TO JAIL<br>☐ AMENDED | CASE NO.<br>21-000072-FH |
|---|---|---|

| MI-ORI 810015J | Court address | Court telephone no. |
|---|---|---|
| Police Report No.2066291 | 101 E. HURON, P.O. BOX 8645, ANN ARBOR, MI 48107 | (734) 222-3001 |

| | Defendant name, address, and telephone no. |
|---|---|
| THE PEOPLE OF THE STATE OF MICHIGAN | **Frederick Lamar Dixon**<br>**2065 Norfolk ST**<br>**Ann Arbor MI  48103** |
| v | |

| CTN/TCN | SID | DOB |
|---|---|---|
| 812000489701 | | 03/15/1959 |

**THE COURT FINDS:**

1. Defendant was found guilty on <u>03/16/2021</u> of the crime(s) as stated below:
                                             Date

| | | CONVICTED BY | | | | | CHARGE CODE(S) |
|---|---|---|---|---|---|---|---|
| Count | Plea* | Court | Jury | DISMISSED BY* | CRIME | | MCL citation/PACC Code |
| 1 | NC | | | | POLICE OFFICER-FLEE-3RD DEGREE-VEH. CODE | | 257602A3-A |
| 2 | | | | NP | POLICE OFFICER-FLEE-3RD DEGREE-VEH. CODE | | 257602A3-A |
| 3 | | | | NP | POLICE OFFICER-ASSAULTING/RESISTING/OBSTRUCTING | | 75081D1 |
| 4 | | | | NP | POLICE OFFICER-ASSAULTING/RESISTING/OBSTRUCTING | | 75081D1 |
| 5 | | | | NP | POLICE OFFICER-ASSAULTING/RESISTING/OBSTRUCTING | | 75081D1 |
| 6 | NC | | | | POLICE OFFICER-ASSAULTING/RESISTING/OBSTRUCTING | | 75081D1 |

*Insert "G" for guilty plea, "NC" for nolo contendere, or "MI" for guilty but mentally ill, "D" for dismissed by court, or "NP" for dismissed by prosecutor/plaintiff.

2. Defendant   ☒ represented by an attorney: Delphia T. Simpson P57852
                  ☐ advised of right to counsel and appointed counsel and knowingly, intelligently, and voluntarily waived that right.

☐ 3. Conviction reportable to Secretary of State. Defendant's driver's license number is: <u>MI-D250261488197</u>.
☐ 4. Sanctions are reportable to State Police.   ☐ Revoked.   ☐ Suspended _____ days.   ☐ Restricted _____ days.
☐ 5. HIV testing and sex offender registration are completed.
☐ 6. The defendant has been fingerprinted according to MCL 28.243.
☐ 7. A DNA sample is already on file with the Michigan State Police from a previous case. No assessment is required.

*Washtenaw County Trial Court*

**IT IS ORDERED:**

☐ 8. Probation is revoked.
☐ 9. ☐ Deferred status is revoked.     ☐ HYTA status is revoked.
☐ 10. Defendant is sentenced to jail as follows:     ☐ Report at _____ m.

*MAY 11 2021*

*FILED*

| Count | Date Sentence Begins | Sentenced Mos. | Days | Credited Mos. | Days | To Be Served Mos. | Days | Release Authorized for the Following Purpose | Release Period From | To |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 05/04/2021 | *6 | | | 0 | | | ☐ Upon payment of fine and costs.... | | |
| 6 | 05/04/2021 | *6 | | | 0 | | | ☐ To work or to seek work ............ | | |
| | | | | | | | | ☐ For attendance at school ............ | | |
| | | | | | | | | ☐ For medical treatment................ | | |
| | | | | | | | | ☒ Other: See # 15 | | |

11. The defendant shall pay:

| State Minimum | Crime Victim | Restitution | DNA Assess. | Court Costs | Attorney Fees | Fine | Supervision | Total |
|---|---|---|---|---|---|---|---|---|
| $68.00 | $130.00 | | | | | | | $198.00 |

The due date for payment is <u>05/04/2021</u>. Fine, costs, and fees not paid within 56 days of the due date are subject to a 20% late penalty on the amount owed. If you are not able to pay due to financial hardship, contact the court immediately to request a payment alternative. MCR 6.425(E)(3).
    ☐ The defendant shall serve _____ days in jail for failure to pay on time, as part of a conditional sentence. Prior to enforcement of jail time for failing to pay, the court must determine the defendant's ability to pay.
☐ 12. The defendant shall be placed on probation for and abide by the terms of probation. (See separate order.)
☐ 13. The defendant shall complete the following rehabilitative services.
    ☐ Alcohol Highway Safety Education     ☐ Treatment (☐ outpatient, ☐ inpatient, ☐ residential, ☐ mental health).
    Specify:
☐ 14. The vehicle used in the offense shall be immobilized or forfeited. (See separate order.)
☒ 15. Other: **Jail term is consecutive to parole.**

<u>5/4/2021</u>           (SEAL)      *Carol Kuhnke*             P55348
Date                                    Judge Carol Kuhnke             Bar no.

MC 219 (3/16) JUDGMENT OF SENTENCE/COMMITMENT TO JAIL               MCL 765.15(2), MCL 769.1k, MCL 769.3
                                             MCL 769.16a, MCL 775.22, MCL 780.766, MCL 780.826, MCR 6.427


WCSO

**STATE OF MICHIGAN**
**WASHTENAW COUNTY TRIAL COURT**

**ADDENDUM REGARDING**
**COMPUTATION OF COURT COSTS**

MCL 769.1k applies to all fines, costs, and assessments imposed and, until October 17, 2020, authorizes award of certain costs that are not independently authorized by the statute for a particular sentencing offense, including the actual costs incurred by the trial court. These costs may include, for example, the salaries and benefits for relevant court personnel, goods and services necessary for the operation of the court as well as necessary expenses for the operation and maintenance of court buildings and facilities. MCL 769.1k(1)(b)(iii).

The Washtenaw County Trial Court previously established a factual basis for the court costs on each felony case computed on the average annual total court budget of $16,949,292, multiplied by the average annual percentage of all filings which are felonies, i.e., 22%, revealing the average annual cost for the Washtenaw Trial Court's handling of all of its criminal felony cases. This amount divided by the average annual number of felony filings from 2006-2011 (2,217), resulted in average court costs of handling each felony case to be $1,681. The state costs had been subtracted ($68), as well as an additional $2, resulting in $1,611 court costs being assessed per felony case at sentencing.

The court cost of $1,611 is reasonably related to the actual costs incurred by the trial court and established prior to sentencing. This information is available via the Washtenaw County Trial Court Administrative Office or by request from the judge at the time of sentencing. A party may file a motion regarding costs and notice the matter for hearing within 28 days of sentencing.

At sentencing, the following is provided to defendants:

| Washtenaw County Trial Court | Criminal Court Costs | |
|---|---|---|
| 10 year average annual total court budget | $16,949,292 | |
| x   average annual % of cases that are felonies | 22% | |
| =   average annual budget for felonies | $ 3,727,527 | |
| ÷   average annual felony filings years 2006-2011 | 2,217 | |
| | = $1,681 | Assessed at $1,611 |

*Recalculation in 2017 demonstrated actual cost per case = $2,350, however, the court continues to assess at the lower prior rate of $1,611.
Upon request, additional information may be obtained from Washtenaw County Trial Court Administration.

Attachment 7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Case No. 21-cr-20566

v.

Hon. Judith E. Levy

D-1 Frederick Dixon, a/k/a Antar Bantu,

Defendant.

## PETITION FOR WRIT OF HABEAS CORPUS
## AD PROSEQUENDUM

Pursuant to 28 U.S.C. § 2241(c)(5) and Local Rule 72.1(a)(2)(L), the United

States of America hereby petitions the court for a writ of habeas corpus ad

prosequendum for defendant, D-1 Frederick Dixon, a/k/a Antar Bantu, and states:

Defendant is charged in this case in Count 1 of the Indictment with  conspiracy

to possess with intent to distribute controlled substances in violation of 21 U.S.C.

§§  846; 841(a)(1); (b)(1)(A)(viii) and in Counts 2 and 3 of the Indictment with

possession with intent to distribute controlled substances in violation of 21 U.S.C.

§§  841(a)(1); (b)(1)(A)(viii); (b)(1)(C). Defendant is currently incarcerated at the

Cooper Street Correctional Facility at 3100 Cooper St., Jackson, Michigan 49201

in connection with a different case, and is in the custody of Michigan Department of Corrections.

Defendant's initial appearance has been scheduled for **Wednesday, September 22, 2021 at 1:00 p.m.** before the United States Magistrate Judge, in Room 115 of the Theodore Levin U.S. Courthouse. A writ of habeas corpus ad prosequendum is necessary to secure defendant's presence at that proceeding.

WHEREFORE, the government requests this Court order the issuance of a writ of habeas corpus ad prosequendum directing the Michigan Department of Corrections, the United States Marshals Service, and any other interested federal law enforcement officer to produce D-1 Frederick Dixon, a/k/a Antar Bantu before the judicial officer and at the place and time stated above.

Respectfully submitted,

SAIMA S. MOHSIN
Acting United States Attorney


*s/ Rosemary Wummel Gardey*
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
Rosemary.gardey@usdoj.gov
313-226-0285
Bar No:  P49019

Date:  September 7, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

No. 21-cr-20566

v.

Hon. Judith E. Levy

D-1 Frederick Dixon, a/k/a Antar Bantu,

Defendant.

---

# ORDER

---

Pursuant to 28 U.S.C. § 2241(c)(5) and Local Rule 72.1(a)(2)(L), it is hereby

ordered that the government's petition for writ of habeas corpus ad prosequendum

be granted and that the Clerk of the Court issue a writ of habeas corpus ad

prosequendum in accordance with the government's petition.

HON. ELIZABETH A. STAFFORD
United States Magistrate Judge

Date:   September 7, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

                              No. 21-cr-20566

v.

                              Hon. Judith E. Levy

D-1 Frederick Dixon, a/k/a Antar Bantu,

    Defendant.

---

# WRIT OF HABEAS CORPUS AD PROSEQUENDUM

---

TO:   The Michigan Department of Corrections, the United States Marshals Service, and any other interested federal law enforcement officer.

     Pursuant to the foregoing petition and order, you are directed to produce

defendant D-1 Frederick Dixon, a/k/a Antar Bantu before the United States

Magistrate Judge, in Room 115 of the Theodore Levin U.S. Courthouse on

**Wednesday, September 22, 2021 at 1:00 p.m.** for his initial appearance; and you

are also directed to return D-1 Frederick Dixon, a/k/a Antar Bantu to the facility in

which he is currently incarcerated when his presence before this Court is no longer

required.

                             Kinikia D. Essix
                             Clerk

                     By: _____
                             Deputy Clerk
                             (Seal)

Attachment 8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                          Case No. 21-20566

FREDERICK DIXON a/k/a Antar        HONORABLE JUDITH E. LEVY
Bantu (D-1),                    U.S. DISTRICT JUDGE

        Defendant.
_____/

## ORDER FOR WRIT OF HABEAS CORPUS AD PROSEQUENDUM

**TO:  Michigan Department of Corrections, the United States Marshals Service, and any other interested federal law enforcement officer having custody of FREDERICK DIXON a/k/a Antar Bantu, MDOC No. 158463.**

The above named prisoner is a PARTY in the above-entitled action. His

appearance is necessary in conjunction with proceedings scheduled in this Court.

Now therefore,

IT IS HEREBY ORDERED that a Writ of Habeas Corpus Ad

Prosequendum be issued forthwith commanding the above named custodian to

produce said prisoner to this Court at United States District Court, 200 E. Liberty

Street, Courtroom no. 2, Ann Arbor, Michigan 48104 on Thursday, May 5, 2022

at 2:30 a.m.  , before Honorable Judith E. Levy, and upon the completion of his

appearance such prisoner shall be returned to the facility in which he is currently

incarcerated.


Date: March 4, 2022

s/Judith E. Levy

JUDITH E. LEVY
UNITED STATES DISTRICT JUDGE

## WRIT OF HABEAS CORPUS AD PROSEQUENDUM

**TO:** **Michigan Department of Corrections, the United States Marshals Service, and any other interested federal law enforcement officer having custody of**
**FREDERICK DIXON a/k/a Antar Bantu, MDOC No. 158463**.

Pursuant to the above Order, you are directed to have and produce the above named prisoner before the United States District Court at the place, date and hour indicated, in order that the prisoner may appear in the above-entitled action; when his appearance is no longer required, he shall be forthwith returned to the above name institution.

CLERK

by: s/William Barkholz
    William Barkholz
    Case Manager for Hon. Judith. E. Levy

(Seal)

1.    I have executed this Writ as directed.  Date:_____

U.S. Marshal's Service by:_____, Deputy Marshal

2.    This Writ is unexecuted for the following reason:_____

Date_____U.S. Marshal's Service by:_____
                                                      Deputy Marshal

Attachment 9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Case No. 21-cr-20566

v.

Hon. Judith E. Levy

Frederick Dixon,

    Defendant.

---

## PETITION FOR WRIT OF HABEAS CORPUS
## AD PROSEQUENDUM

---

Pursuant to 28 U.S.C. § 2241(c)(5) and Local Rule 72.1(a)(2)(L), the United States of America hereby petitions the court for a writ of habeas corpus ad prosequendum for defendant, **Frederick Dixon, MDOC # 158463**, and states:

Defendant is charged in this case with Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 841(a)(1). Defendant is currently incarcerated at the **Carson City Correctional Facility, in Carson City, Michigan** in connection with a different case, and is in the custody of Michigan Department of Corrections.

Defendant's final pre-trial conference has been scheduled for **Tuesday, July 16, 2024 at 2:30 pm.** before the Hon. Judith E. Levy at 200 E. Liberty, Ann Arbor, Michigan. We are also requesting that defendant be produced on **Monday, July 15, 2024,** to meet with defense counsel prior to the hearing on July 16, 2024. A

writ of habeas corpus ad prosequendum is necessary to secure defendant's presence at that proceeding.

WHEREFORE, the government requests this Court order the issuance of a writ of habeas corpus ad prosequendum directing the Michigan Department of Corrections, the United States Marshals Service, and any other interested federal law enforcement officer to produce **Frederick Dixon, MDOC # 158463,** before the judicial officer and at the place and time stated above.

Respectfully submitted,

DAWN N. ISON
United States Attorney

*s/ Sarah Alsaden*
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Sarah.Alsaden@usdoj.gov
313-226-9146

Date: July 9, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                              Case No. 21-cr-20556

v.

                              Hon. Judith E. Levy

Frederick Dixon,

    Defendant.

---

# ORDER

---

Pursuant to 28 U.S.C. § 2241(c)(5) and Local Rule 72.1(a)(2)(L), it is hereby ordered that the government's petition for writ of habeas corpus ad prosequendum be granted and that the Clerk of the Court issue a writ of habeas corpus ad prosequendum in accordance with the government's petition.

*Elizabeth A. Stafford*
Hon. Elizabeth A. Stafford
United States Magistrate Judge

Entered:  July 10, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Case No. 21-cr-20556

v.

Hon. Judith E. Levy

Frederick Dixon,

    Defendant.

---

# WRIT OF HABEAS CORPUS AD PROSEQUENDUM

---

TO:   The Michigan Department of Corrections, the United States Marshals Service, and any other interested federal law enforcement officer.

    Pursuant to the foregoing petition and order, you are directed to produce defendant **Frederick Dixon, MDOC # 158463**, before the Hon. Judith E. Levy 200 E. Liberty, Ann Arbor, Michigan on **Tuesday, July 16, 2024 at 2:30 p.m.** for his final pre-trial conference; and produce defendant on **Monday, July 15, 2024** to meet with defense counsel before the hearing. You are also directed to return Frederick Dixon to the facility in which he is currently incarcerated when his presence before this Court is no longer required.

Kinikia D. Essix
Clerk

By:   s/Donald A. Peruski
          Deputy Clerk
          (Seal)

Attachment 10



**U.S. Department of Justice**
United States Marshals Service

**USM 129 Individual Custody/Detention Report**
Printed on: 05/08/2025



PHOTO DATE: 05/05/2022

| Name **DIXON, FREDERICK** | | | | |
|---|---|---|---|---|
| **USMS #** 26592-039 | **FID #** 605023 | **UCN** 211486V2 | | **Alien #** |
| **Current Physical Custody Status** In - Remanded - Judge Ordered - E/MI - DETROIT - FCI MILAN DETENTION CENTER | | | | |

| **Height** 6'02" | **Weight** 180 | **Race** B | **Hair** BLK | **Eye Color** BRO |
|---|---|---|---|---|
| **DOB** | **Age** 65 | **Sex** M | | |

### HIGH-LEVEL CAUTION DATA

| Security | Medical Conditions | Handicaps | External Medical Devices |
|---|---|---|---|
| | | | |

### OTHER IDENTITY DATA

| Name | Source | Source District | Date Created |
|---|---|---|---|
| DIXON, FREDERICK LAMAR | NGI | ANN ARBOR | 05/05/2022 |
| DIXON, FREDERICK LAMAR | NGI | | 09/22/2021 |

### SUPPLEMENTAL PERSONAL DATA

Alias



DOB



SSN



**Addresses**
229 Devonshire St, Ypsilanti, MI, 48198, USA
2142 DAVID AVENUE, YPSILANTI, MI 48198, US
684 GRASSLAND, YPSILANTI, MI 48197, US

**Phone Numbers**
1 (734) 262-9129
1 (734) 483-0730

**Places of Birth**
US

**Miscellaneous Numbers**
No Miscellaneous Numbers On Record

### DNA

| Test Date | Deputy | Kit Number | Note |
|---|---|---|---|
| 9/22/21 | BRIAN MURPHY | e0944552 | |

### ACTIVE CUSTODY DATA

| Current Owning District | Current District Office | Custody Start Date |
|---|---|---|
| E/MI | DETROIT | 09/08/2021 |

### PHYSICAL CUSTODY STATUS HISTORY

CONTROLLED//CHRI

**U.S. Department of Justice**
**United States Marshals Service**

**USM 129 Individual Custody/Detention Report**
Printed on: 05/08/2025

| Custody Status | Detention Status | Additional Custody Information | Start Date | End Date |
|---|---|---|---|---|
| In | Remanded - Judge Ordered | | 01/13/2025 | |
| In | | | 01/13/2025 | 01/13/2025 |
| Out | | Return on WHCAP with Detainer | 08/06/2024 | 01/13/2025 |
| In | | | 07/16/2024 | 08/06/2024 |
| In | Remanded - WHCAP | | 05/05/2022 | 02/08/2024 |
| Out | Pending Arrival | | 04/06/2022 | 05/05/2022 |
| Out | Remanded - WHCAP | Return on WHCAP with Detainer | 10/08/2021 | 04/06/2022 |
| In | Remanded - WHCAP | | 09/21/2021 | 10/08/2021 |
| Out | Pending Arrival | | 09/08/2021 | 09/21/2021 |

**ACTIVE DETAINERS**

| Date | Agency Name | Contact Phone Number | Type |
|---|---|---|---|

**COURT CASE WHCAP**

| Case Number | Case Type | Status | Detention Status | District | Office |
|---|---|---|---|---|---|
| 5:2021-CR-20566 | WHCAP - Indictment | Sentenced | Remanded - Judge Ordered | E/MI | ANN ARBOR |
| **Start Date** 09/08/2021 | **End Date** | | | | |
| **Judge** | **US Attorney** | **Defense Attorney** | | | |

**Arrest Information**

| Date | | Agency | Location | |
|---|---|---|---|---|
| 05/05/2022 | | DEA | | |

**Offense Information**

| Code | Description | Disposition | Remark |
|---|---|---|---|
| 3599 | Dangerous Drugs | Plead Guilty | conspiracy to possess and possession with intent to distribute controlled substances |
| 5212 | Possession Of Weapon | Plead Guilty | Possession With the Intent to Distribute |

**Sentence Information**

| Date | Type | Duration | Appeal Date |
|---|---|---|---|
| 04/22/2025 | Imprisonment | 0 years 38 months 0 days | |
| 04/22/2025 | Imprisonment | 0 years 38 months 0 days | |

**FACILITY DATA**

| Custody Office | Facility Name | Admit Date | Release Date | Total Days |
|---|---|---|---|---|
| DETROIT | FCI MILAN DETENTION CENTER | 02/12/2025 | | 85 |
| DETROIT | LIVINGSTON COUNTY JAIL | 01/13/2025 | 02/12/2025 | 30 |
| ANN ARBOR | LIVINGSTON COUNTY JAIL | 07/12/2024 | 08/06/2024 | 25 |
| DETROIT | FCI MILAN DETENTION CENTER | 08/16/2023 | 02/08/2024 | 176 |
| ANN ARBOR | LIVINGSTON COUNTY JAIL | 08/15/2023 | 08/16/2023 | 1 |
| DETROIT | FCI MILAN DETENTION CENTER | 05/11/2022 | 08/15/2023 | 461 |
| ANN ARBOR | LIVINGSTON COUNTY JAIL | 05/05/2022 | 05/11/2022 | 6 |
| ANN ARBOR | LIVINGSTON COUNTY JAIL | 09/21/2021 | 10/08/2021 | 17 |

**Total Days In Facilities**
801

**MEDICAL DATA**

CONTROLLED//CHRI

**U.S. Department of Justice**
**United States Marshals Service**

**USM 129 Individual Custody/Detention Report**
Printed on: 05/08/2025

---

**Medical Conditions**

| Condition | Date Reported | Date Confirmed | Date Resolved | Remarks |
|-----------|---------------|----------------|---------------|---------|
| Drug Abuse | | | | COCAINE ADDICT |

**TB Assessments**

| Status | TB Assessment Date | TB Expiration | Type | Cleared |
|--------|-------------------|---------------|------|---------|
| Current | 08/26/2024 | 08/26/2025 | PPD | Yes |

**Immunizations**

No Immunizations On Record

**Medical Costs**

No Medical Costs On Record

**Infectious Disease Assessments**

No Infectious Disease Assessments On Record

**DETAILED CAUTIONS**

**Separates**

| Name | FID | USMS # | Effective Date | End Date | Remarks |
|------|-----|--------|----------------|----------|---------|
| | | | | | |

**Co-Defendants**

| Name | FID | USMS # | Effective Date | End Date |
|------|-----|--------|----------------|----------|
| SMITH, TERRY MICHAEL | 6909947 | 16027-308 | 09/22/2021 | 02/08/2024 |
| CARVER, ERYN | 11345691 | 70269-509 | 08/08/2022 | |
| DIXON, FREDERICK | 605023 | 26592-039 | 10/26/2023 | 02/08/2024 |

**INCIDENTS**

| Date | Incident ID | Type | Reporting Office | Incident Group ID |
|------|-------------|------|------------------|-------------------|
| 01/15/2025 | INCID-25-3891 | HungerStrike | | |
| 07/17/2024 | INCID-24-10183 | HungerStrike | | |

**PRIOR CUSTODY 1**

**PHYSICAL CUSTODY STATUS HISTORY**

| Custody Status | Detention Status | Additional Custody Information | Start Date | End Date |
|----------------|------------------|-------------------------------|------------|----------|
| In | RL-TRANSIT | | 06/09/2006 | 06/09/2006 |
| In | RC-TRANSFER | | 05/17/2006 | 06/09/2006 |

**COURT CASE**

| Case Number | Case Type | Status | Detention Status | District | Office |
|-------------|-----------|--------|------------------|----------|--------|
| | Unknown - Legacy | Resolved-RLTRANSIT | Unknown | W/OK | OKLAHOMA CITY |
| Start Date | End Date | | | | |
| | 07/20/2019 | | | | |
| Judge | US Attorney | Defense Attorney | | | |

**Arrest Information**

No Arrest Information On Record

**Offense Information**

No Offense Information On Record

**Sentence Information**

No Sentence Information On Record

**FACILITY DATA**

| Custody Office | Facility Name | Admit Date | Release Date | Total Days |
|----------------|---------------|------------|--------------|------------|
| OKLAHOMA CITY | GRADY COUNTY JAIL | 05/17/2006 | 06/09/2006 | 23 |

**Total Days In Facilities**
23

CONTROLLED//CHRI

**U.S. Department of Justice**
United States Marshals Service

**USM 129 Individual Custody/Detention Report**
Printed on: 05/08/2025

---

**PRIOR CUSTODY 2**

**PHYSICAL CUSTODY STATUS HISTORY**

| Custody Status | Detention Status | Additional Custody Information | Start Date | End Date |
|---|---|---|---|---|
| In | RL-TRANSIT | | 08/03/1999 | 08/03/1999 |
| In | TRANSFERRED | | 08/03/1999 | 08/03/1999 |
| In | WT-CASE-RESOLVE | | 07/19/1999 | 08/03/1999 |
| In | READMIT | | 07/19/1999 | 07/19/1999 |
| In | RL-TRANSIT | | 06/09/1999 | 07/19/1999 |
| In | RC-TRANSFER | | 06/07/1999 | 06/09/1999 |

**COURT CASE**

| Case Number | Case Type | Status | Detention Status | District | Office |
|---|---|---|---|---|---|
| | Unknown - Legacy | Resolved-RLTRANSIT | Unknown | W/TN | JACKSON |
| **Start Date** | **End Date** | | | | |
| | 07/20/2019 | | | | |
| **Judge** | **US Attorney** | **Defense Attorney** | | | |

**Arrest Information**

No Arrest Information On Record

**Offense Information**

No Offense Information On Record

**Sentence Information**

No Sentence Information On Record

**FACILITY DATA**

| Custody Office | Facility Name | Admit Date | Release Date | Total Days |
|---|---|---|---|---|
| JACKSON | WEST TENNESSEE DETENTION FACILITY | 07/19/1999 | 08/03/1999 | 15 |
| JACKSON | WEST TENNESSEE DETENTION FACILITY | 06/07/1999 | 06/09/1999 | 2 |
| | | | | **Total Days In Facilities** |
| | | | | 17 |

---

**PRIOR CUSTODY 3**

**PHYSICAL CUSTODY STATUS HISTORY**

| Custody Status | Detention Status | Additional Custody Information | Start Date | End Date |
|---|---|---|---|---|
| In | RL-BOP | | 05/17/2006 | 05/17/2006 |
| In | WT-MOVE | | 04/26/2006 | 05/17/2006 |
| In | WT-DESIG | | 03/29/2006 | 04/26/2006 |
| In | WT-CASE-RESOLVE | | 03/29/2006 | 03/29/2006 |

**COURT CASE**

| Case Number | Case Type | Status | Detention Status | District | Office |
|---|---|---|---|---|---|
| 02-80618-3 | Arrest - SupervisedReleaseViolation | CASE-RESOLVED | Resolved | E/MI | DETROIT |
| **Start Date** | **End Date** | | | | |
| 03/21/2006 | 05/17/2006 | | | | |
| **Judge** | **US Attorney** | **Defense Attorney** | | | |
| COHN, AVERN | | DAVID THOLEN | | | |

**Arrest Information**

| Date | Agency | Location |
|---|---|---|
| 03/21/2006 | USMS | WASHTENAW CO. JAIL, |

**Offense Information**

| Code | Description | Disposition | Remark |
|---|---|---|---|
| 5012 | Prob Violation - See Mis | Convicted | |

**Sentence Information**

| Date | Type | Duration | Appeal Date |
|---|---|---|---|
| 03/27/2006 | Imprisonment | 0 years 0 months 0 days | |

**FACILITY DATA**

CONTROLLED//CHRI

**U.S. Department of Justice**
**United States Marshals Service**

**USM 129 Individual Custody/Detention Report**
Printed on: 05/08/2022

| Custody Office | Facility Name | Admit Date | Release Date | Total Days |
|---|---|---|---|---|
| DETROIT | FCI MILAN DETENTION CENTER | 05/01/2006 | 05/17/2006 | 16 |
| DETROIT | CELL BLOCK | 03/21/2006 | 03/21/2006 | 1 |
| DETROIT | THE OLD WAYNE COUNTY JAIL - DIVISION II | 03/21/2006 | 05/01/2006 | 41 |
| | | | | **Total Days In Facilities** 58 |

---

**PRIOR CUSTODY 4**

**PHYSICAL CUSTODY STATUS HISTORY**

| Custody Status | Detention Status | Additional Custody Information | Start Date | End Date |
|---|---|---|---|---|
| In | RL-BOP | | 01/28/2004 | 01/28/2004 |
| In | WT-MOVE | | 01/21/2004 | 01/28/2004 |
| In | WT-DESIG | | 12/17/2003 | 01/21/2004 |
| In | WT-CASE-RESOLVE | | 02/22/2003 | 12/17/2003 |
| In | READMIT | | 02/22/2003 | 02/22/2003 |
| In | RL-WHCAP | | 02/22/2003 | 02/22/2003 |
| In | WT-CASE-RESOLVE | | 02/22/2003 | 02/22/2003 |

**COURT CASE**

| Case Number 02-80618 | Case Type Arrest - Indictment | Status CASE-RESOLVED | Detention Status Resolved | District E/MI | Office DETROIT |
|---|---|---|---|---|---|
| **Start Date** 12/02/2002 | **End Date** 01/28/2004 | | | | |
| **Judge** COHN, AVERN | **US Attorney** JOHN O'BRIEN | **Defense Attorney** CORBETT EDGE O'MEARA | | | |

**Arrest Information**

| Date | Agency | Location |
|---|---|---|
| 12/03/2002 | USMS | WASTENAW CO JAIL, |

**Offense Information**

| Code | Description | Disposition | Remark |
|---|---|---|---|
| 2589 | Forgery | Guilty | FORGED SECURITIES |

**Sentence Information**

| Date | Type | Duration | Appeal Date |
|---|---|---|---|
| 12/17/2003 | Imprisonment | 0 years 30 months 0 days | |

---

**FACILITY DATA**

| Custody Office | Facility Name | Admit Date | Release Date | Total Days |
|---|---|---|---|---|
| DETROIT | THE OLD WAYNE COUNTY JAIL - DIVISION II | 12/15/2003 | 01/28/2004 | 44 |
| DETROIT | FCI MILAN DETENTION CENTER | 08/05/2003 | 12/15/2003 | 132 |
| DETROIT | THE OLD WAYNE COUNTY JAIL - DIVISION II | 02/22/2003 | 08/05/2003 | 164 |
| DETROIT | THE OLD WAYNE COUNTY JAIL - DIVISION II | 12/02/2002 | 02/22/2003 | 82 |
| | | | | **Total Days In Facilities** 422 |

---

**PRIOR CUSTODY 5**

CONTROLLED CHRI

**U.S. Department of Justice**
**United States Marshals Service**

**USM 129 Individual Custody/Detention Report**
Printed on: 05/08/2025

---

**PHYSICAL CUSTODY STATUS HISTORY**

| Custody Status | Detention Status | Additional Custody Information | Start Date | End Date |
|---|---|---|---|---|
| In | RL-FROM-TESTIFY | | 07/15/1999 | 07/15/1999 |
| In | WT-CASE-RESOLVE | | 07/15/1999 | 07/15/1999 |

**COURT CASE**

| Case Number | Case Type | Status | Detention Status | District | Office |
|---|---|---|---|---|---|
| 26592039-1 | WHCAT - Testimony | CASE-RESOLVED | Resolved | E/MI | DETROIT |
| Start Date 06/14/1999 | End Date 07/15/1999 | | | | |
| Judge COHN, AVERN | US Attorney | Defense Attorney | | | |

**Arrest Information**

| Date | Agency | Location |
|---|---|---|
| 01/01/1970 | | |

**Offense Information**

No Offense Information On Record

**Sentence Information**

No Sentence Information On Record

**FACILITY DATA**

| Custody Office | Facility Name | Admit Date | Release Date | Total Days |
|---|---|---|---|---|
| DETROIT | THE OLD WAYNE COUNTY JAIL - DIVISION II | 06/14/1999 | 07/15/1999 | 31 |
| | | | | **Total Days In Facilities** 31 |

---

**PRIOR CUSTODY 6**

**PHYSICAL CUSTODY STATUS HISTORY**

| Custody Status | Detention Status | Additional Custody Information | Start Date | End Date |
|---|---|---|---|---|
| In | RL-WHCAP | | 06/10/2002 | 06/10/2002 |
| In | WT-CASE-RESOLVE | | 06/10/2002 | 06/10/2002 |

**COURT CASE**

| Case Number | Case Type | Status | Detention Status | District | Office |
|---|---|---|---|---|---|
| 01-80838-2 | Arrest - Indictment | CASE-RESOLVED | Resolved | E/MI | DETROIT |
| Start Date 05/31/2002 | End Date 06/10/2002 | | | | |
| Judge COHN, AVERN | US Attorney JOHN O'BRIEN | Defense Attorney CORBETT EDGE O'MEARA | | | |

**Arrest Information**

| Date | Agency | Location |
|---|---|---|
| 05/31/2002 | USMS | WASHTENAW CO JAIL, |

**Offense Information**

| Code | Description | Disposition | Remark |
|---|---|---|---|
| 2699 | Fraud | Guilty | ALTERED MONEY ORDERS |

**Sentence Information**

No Sentence Information On Record

**FACILITY DATA**

| Custody Office | Facility Name | Admit Date | Release Date | Total Days |
|---|---|---|---|---|
| DETROIT | CELL BLOCK | 05/31/2002 | 05/31/2002 | 1 |
| DETROIT | THE OLD WAYNE COUNTY JAIL - DIVISION II | 05/31/2002 | 06/10/2002 | 10 |
| | | | | **Total Days In Facilities** 11 |

---

**RESTRICTIVE HOUSING**

No Restrictive Housing entries On Record

This information is the property of the US Marshals Service and Shall Not be Publicly Released or Disseminated Without US Marshals Service Authority.
UNCLASSIFIED//LAW ENFORCEMENT SENSITIVE

Attachment 11

# Michigan Department of Corrections
# Parole Order

CAX-119
Rev.10/23

The Michigan Parole Board hereby orders the parole of the person named in accordance with the particulars appearing on the face of this certificate and the conditions stated on the last page.

**Offender Name:** Dixon, Frederick Lamar        **Offender Number:** D0158463

**Location:** DRF - E - 028 - Top    **Actual Parole Date:** 08/14/2024    **Term:** 12 Months      **Discharge Date:** 08/14/2025

## Reside With

**Reside With:** WASHTENAW COUNTY SHERIFF, 101 E Huron St, Ann Arbor, MI 48104-1446

**Home Phone:**

**Work Phone:**          **Cell Phone:**

## Report To

**Supervising Staff:** SHERA NOVAK-HOFFMAN, Washtenaw/Ann Arbor/Parole/REP, 3201 Bemis Road, East Administration Building, Ypsilanti, MI 48197

**Office Phone:** 734-434-1486      **After Hours:** 1-888-221-8076

## Identifying Information

**Date of Birth**      **FBI Number:** 211486V2      **SID Number:** 0930974K

**Sex:** Male      **Race:** Black or African American      **Height:** 6' 2"      **Weight:** 215 lbs.

**Hair:** Black      **Eyes:** Brown, Brown      **Build:** Medium      **Complexion:** Medium Brown

**Marks and Scars:** Description from CMIS; Scar, Face; Scar, Arm, Left; Scar, Elbow, Left; Scar, Knee, Left; Scar, Forearm, Left; Scar, Neck; Scar, Arm, Right; Scar, Elbow, Right; Scar, Knee, Right, Front; Scar, Forearm, Right; Scar, Neck; Scar, Abdomen, Right, Lower

## Release Instructions

Report by phone to your Parole Agent.

## Special Conditions

2.0    You must not use or possess alcoholic beverages or other intoxicants. You must not enter bars or other places where the primary purpose is to serve alcoholic beverages for drinking on site, unless the field agent has first given you written permission for your employment at a specific location.

2.1    You must complete an outpatient or residential substance abuse or re-entry program when you are referred by the field agent.

2.2    You must complete a substance abuse assessment when you are referred by the field agent.

3.5    You must waive confidentiality and allow any treatment program that you are required to attend to disclose information to the field agent.

4.2    Written Consent to Search the Parolee's person and/or property, MCL 791.236(19): I voluntarily consent to a search of my person and property upon demand by a peace officer or parole officer. If I do not sign this written consent, I understand that my parole may be rescinded or revoked.

4.4    You must be in your approved residence between the hours of 11:00 p.m. and 6:00 a.m. unless excused by first obtaining written permission from the field agent.

4.16    You must obey all court orders.

7.1    You must pay the cost of your treatment program according to your ability as determined by the treatment program.

77.3    You are being released to the WASHTENAW COUNTY SHERIFF authorities. This order for parole is null and void if not called for by those authorities. If and when you are released by those authorities for any reason, you must contact the field agent at

NOTE: Parole violation(s) may result in loss of good time or disciplinary credits.

the parole office indicated on this order no later than the first business day following release.

77.9   Pursuant to MCL 791.225a, as amended by Public Act 164 of 2019, you must pay a supervision fee of $30 per month for each month of regular supervision or $60 per month for each month of electronic monitoring supervision. You will not be required to pay a supervision fee to Michigan when you are being supervised in another state under the provisions of the Interstate Probation and Parole Compact, pursuant to MCL 798.103.

**Attest Date:** 08/07/2024

Michigan Parole Board

NOTE: Parole violation(s) may result in loss of good time or disciplinary credits.

Attachment 12



---

**[EXTERNAL] RE: Dixon, Frederick DOB** ████

---

**From** Thomas Arnett <████████████>
**Date** Tue 8/12/2025 8:05 AM
**To** Fanello, Stacy (BOP) <████████████>

It would have been 1/12/25 due to good time. Max sentence would have had an out date of 2/11/2025.



Lieutenant Thomas J. Arnett
Washtenaw County Sheriff's Office
2201 Hogback Rd.
Ann Arbor, MI 48105

████████

---

**From:** Fanello, Stacy (BOP) ████████████
**Sent:** Tuesday, August 12, 2025 9:00 AM
**To:** Thomas Arnett <████████████
**Subject:** Re: Dixon, Frederick DOB ████

⚠ **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Thank you! Was 1/12/25 or 1/13/25 the last day of his sentence? It will make a difference in any credit we give him. Thanks!

**Stacy Fanello**
**Federal Bureau of Prisons**
**Designation & Sentence Computation Center**
**346 Marine Forces Drive**
**Grand Prairie, TX 75051**

████████

---

**From:** Thomas Arnett ████████████
**Sent:** Tuesday, August 12, 2025 7:44 AM
**To:** Fanello, Stacy (BOP) ████████████
**Subject:** [EXTERNAL] RE: Dixon, Frederick DOB ████

He was, yes. Here is an image of our jail management system showing his name, case number, and sentence.

I -- Update Booking --- DIXON, FREDERICK LAMAR (052287)

Reports   Tools   Help

Home   Inmates   Reports   Others   Design   Mail

DIXON, FREDE...   New

Name   Booking   Arrest   Charges   Holds

**Open Charges**

| Reference # | Case Nbr | Statute | Charge DtTm | Court | Di |
|---|---|---|---|---|---|
| Docket # | | Description | Court DtTm | Catg | Bi |
| | | | | | |

**Disposed Charges**

| Reference # | Case Nbr | Statute | Charge DtTm | Court | Di |
|---|---|---|---|---|---|
| Docket # | | Description | Court DtTm | Catg | Bi |
| 015375 | 21-000072-FH | 257.602A3 | | | REMANDED FROM COURT |
| | FLEEING 3RD | | | Felony | 6 MNs - 01/12/2025 14:13 |

Lieutenant Thomas J. Arnett
Washtenaw County Sheriff's Office
2201 Hogback Rd.
Ann Arbor, MI 48105

[redacted]

**From:** Fanello, Stacy (BOP) [redacted]
**Sent:** Tuesday, August 12, 2025 8:26 AM
**To:** Thomas Arnett [redacted]
**Subject:** Re: Dixon, Frederick DOB [redacted]

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good morning
Sorry one more question, in the timeframe that he was there from 8/14/24 thru 1/13/25, was he in service of his 6-month sentence in Case Number 21-000072-FH? Do you have any documentation if so? Thank you so much for all your help!

Stacy Fanello
Federal Bureau of Prisons
Designation & Sentence Computation Center
346 Marine Forces Drive
Grand Prairie, TX 75051

[redacted]

**From:** Thomas Arnett < [redacted]
**Sent:** Friday, August 8, 2025 7:46 AM
**To:** Fanello, Stacy (BOP) > [redacted]
**Subject:** [EXTERNAL] RE: Dixon, Frederick DOB [redacted]

It looks like he was sentenced to 60 days and received 60 days credit for time served on that case.

Lieutenant Thomas J. Arnett
Washtenaw County Sheriff's Office
2201 Hogback Rd.
Ann Arbor, MI 48105

[redacted]

**From:** Fanello, Stacy (BOP) [redacted]
**Sent:** Friday, August 8, 2025 8:29 AM
**To:** Thomas Arnett < [redacted]
**Subject:** Re: Dixon, Frederick DOB

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Thank you so much! Do you happen to know if he served a 60-day sentence in this county under case number 2018-182-1455-OM?

Stacy Fanello
Federal Bureau of Prisons
Designation & Sentence Computation Center
346 Marine Forces Drive
Grand Prairie, TX 75051

[redacted]

Attachment 13

**U.S. Department of Justice**
**Memorandum**
Federal Bureau of Prisons

*Designation and Sentence Computation Center*
*U.S. Armed Forces Reserve Complex*
*346 Marine Forces Drive*
*Grand Prairie, Texas 75051*

*August 12, 2025*

MEMORANDUM FOR J&C FILE

FROM:     Brenda Alvidrez,    BRENDA ALVIDREZ
          Classification & Computation Technician

BRENDA ALVIDREZ
2025.08.12 09:19:13
-05'00'

SUBJECT: Dixon, Fredrick
         Reg # 26592-039

Date of Offense:08-06-2020       Federal Date of Imposition: 04-22-2025

**Memorandum produced for possible jail credit***

**02-06-2020:** Paroled for Case # 07-00101-FH & 11-1701-FH (PST 57 & 60)

**09-29-2020:** Arrested in Washtenaw Co. Case # 21-00072-FH (PSR 66 & Primary State Custody)

  **10-01-2020:** Entered Washtenaw Co. Jail

  **10-07-2020:** While in custody they were sentenced in an unrelated State Case # 2018-182-1455-OM to 60 Days jail with 60 Days credit for Time Serve. Case # 21-00072-FH & Parole Cases 07-00101-FH & 11-1701-FH were still pending

  **11-04-2020:** TOT MDOC for Parole Violation Cases 07- 00101-FH & 11-1701-FH

**01-13-2021:** Parole Revoked in Case # 07-00101-FH & 11-1701-FH

**05-04-2021:** Sentence on Washtenaw Co. Case # 21-00072-FH to 6 Months custody consecutive to parole

**09-21-2021:** WHCAP to USMS

**10-08-2021:** Returned to MDOC

**05-05-2022:** WHCAP to USMS

**02-08-2024:** Returned to MDOC

**07-12-2024:** WHCAP to USMS

**08-06-2024:** Returned to MDOC

**08-14-2024:** Paroled from Case # 07-00101-FH & 11-1701-FH and transferred to Washtenaw Co. to serve sentence in Case # 21-0072-FH

**01-12-2025:** Discharged from Washtenaw Co. Case # 21-0072-FH but remained in custody due to USMS Hold for Federal Case # 21-CR-20566

**01-13-2025:** TOT USMS (Primary Federal)

**04-22-2025:** Sentenced in Federal Case # 21-CR-20566 to a term of 38 Months

**<u>Jail Credit:</u>**
Time From 09-20-2020 to 01-12-2025 will not be awarded as that is time that went to several state sentences and their parole violation

Credit to be awarded 01-13-2025 to 04-21-2025

**<u>Contact Information:</u>**
Facility: Washtenaw County Jail
  Name: Thomas J. Arnett
   Title: Lieutenant
  Phone #: Email

Facility: Michigan Department of Corrections
  Name: Parole Violation Supervision
   Title: No Title
  Phone #: Email

Attachment 14

# UNITED STATES DISTRICT COURT

Eastern District of Michigan

|  | § | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | |
| | § | Case Number: 0645 5:21CR20566 (1) |
| FREDERICK DIXON | § | USM Number: 26592-039 |
| | § | **Margaret S. Raben** |
| | § | Defendant's Attorney |

## THE DEFENDANT:

| ☒ | pleaded guilty to count(s) | **Counts 1 and 2 of the Superseding Information** |
|---|---|---|
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 21 U.S.C. §§841(a)(1), (b)(1)(C) and 21 U.S.C. §846  Conspiracy to Possess with Intent to Distribute a Controlled Substances (Schedule I or II) | 09/29/2020 | 1 |
| 21 U.S.C. §§841(a)(1) and (b)(1)(C) Possession with Intent to Distribute Controlled Substances (Schedule I or II) | 08/06/2020 | 2 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐    The defendant has been found not guilty on count(s)

☒    Count(s)1, 2 and 3 of the Indictment are   ☒ dismissed on the motion of the United States

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**April 22, 2025**
Date of Imposition of Judgment

s/Judith E. Levy
Signature of Judge

**Judith E. Levy**
**United States District Judge**
Name and Title of Judge

**April 25, 2025**
Date

AO 245B (Rev. 09/17) Judgment in a Criminal Case                                                          Judgment -- Page 2 of 7

DEFENDANT:          Frederick  Dixon
CASE NUMBER:        0645 5:21CR20566 (1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**38 MONTHS ON EACH COUNT TO BE SERVED CONCURRENTLY**

The court makes the following recommendations to the Bureau of Prisons:

☒   The Court recommends designation to a facility in Yazoo City, Mississippi, as appropriate.
    The Court recommends participation in the Residential Drug Abuse Program (RDAP)

☒   The defendant is remanded to the custody of the United States Marshal.
☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at                          ☐   a.m.     ☐   p.m.    on

    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on
    ☐   as notified by the United States Marshal.
    ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/17) Judgment in a Criminal Case

Judgment -- Page 3 of 7

DEFENDANT:           Frederick  Dixon
CASE NUMBER:      0645 5:21CR20566 (1)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **6 years on each count, concurrent.**

# MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.

2.  You must not unlawfully possess a controlled substance.

3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of
    release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    ☐  The above drug testing condition is suspended, based on the court's determination that you
        pose a low risk of future substance abuse. (*check if applicable*)

4.  ☐  You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of
        restitution. (*check if applicable*)

5.  ☒  You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

6.  ☐  You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.)
        as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you
        reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

7.  ☐  You must participate in an approved program for domestic violence. (*check if applicable*)

        The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional
conditions on the attached page.

AO 245B (Rev. 09/17) Judgment in a Criminal Case

Judgment -- Page 4 of 7

DEFENDANT:        Frederick  Dixon
CASE NUMBER:    0645 5:21CR20566 (1)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at the www.uscourts.gov.

Defendant's Signature _____      Date _____

AO 245B (Rev. 09/17) Judgment in a Criminal Case

Judgment -- Page 5 of 7

DEFENDANT:        Frederick  Dixon
CASE NUMBER:      0645 5:21CR20566 (1)

## SPECIAL CONDITIONS OF SUPERVISION

1.    You  must  submit  to  substance  abuse  testing  to  determine  if  you  have  used  a
      prohibited substance.

2.    You must participate in a substance abuse treatment program and follow the rules
      and regulations of that program.  The probation officer in consultation with the
      treatment provider, will supervise your participation in the program (provider,
      location, modality, duration, intensity, etc.).

3.    You must submit your person, residence, office, vehicle(s), papers, business or
      place of employment, and any property under your control to a search.  Such a
      search shall be conducted by a United States Probation Officer at a reasonable
      time and in a reasonable manner based upon a reasonable suspicion of contraband
      or evidence of a violation of a condition of release.  Failure to submit to such a
      search may be grounds for revocation; you must warn any residents that the
      premises may be subject to searches.

4.    You must notify your probation officer immediately (i.e., within 72 hours) if you
      receive a prescription(s) for medication containing a controlled substance during
      the  period  of  supervised  release.  You  must  provide  your  probation  officer
      documentation and verification as requested.

AO 245B (Rev. 09/17) Judgment in a Criminal Case                                                                 Judgment -- Page 6 of 7

DEFENDANT:          Frederick Dixon
CASE NUMBER:        0645 5:21CR20566 (1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $200 | N/A | None | Not applicable |

☐     The determination of restitution is deferred until N/A An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☐     The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

**NOT APPLICABLE**

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐   the interest requirement is waived for the    ☐   fine      ☒   restitution

    ☐   the interest requirement for the    ☐   fine      ☐   restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/17) Judgment in a Criminal Case

Judgment -- Page 7 of 7

DEFENDANT:        Frederick Dixon
CASE NUMBER:      0645 5:21CR20566 (1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☒  Lump sum payments of **$200 Special Assessment** due immediately, balance due

    ☐  not later than _____ , or

    ☐  in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B**  ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
    _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☐  Payment in equal 20 *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
    _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment
    to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release
    from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that
    time; or

**F**  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

    See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and
    Several Amount, and corresponding payee, if appropriate.

    ☐ Defendant shall receive credit on the restitution obligation for recovery from other defendants who contributed to the same
    loss that gave rise to defendant's restitution obligation.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) JVTA Assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

Attachment 15

      **b.  Commencement (Beginning Date) of Sentence.**  18 U.S.C. § 3585(a) establishes the rule for commencement of sentence and states, "(a) Commencement of sentence.-- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served."  If the prisoner is serving no other federal sentence at the time the sentence is imposed, and is in <u>exclusive</u> federal custody (not under the jurisdiction of a federal writ of habeas corpus ad prosequendum) at the time of sentencing on the basis of the conviction for which the sentence is imposed, the sentence commences on the date of imposition, even if a state sentence is running along concurrently.  If the prisoner is, however, serving another federal sentence at the time a new sentence is imposed, then 18 U.S.C. § 3584 (Multiple sentences of imprisonment) must be followed as discussed in paragraph e. of this chapter.

\*

      The Bureau of Prisons calculates any part of a day in custody serving sentence as a **full day** served on the sentence (See Chapter I, paragraph 3.d., third subparagraph) and any part of a day in official detention as a **full day** for prior custody time credit purposes (See Chapter I, paragraph 3.c.(1)).  In those cases, however, when the court imposes a sentence for a term of hours, the exact number of hours imposed must be served, regardless of whether the sentence is for more or less than 24

P.S. 5880.28
Page 1 - 12A
CN-02, July 29 1994

hours and regardless of whether the number of hours imposed
crosses one or more midnights.  For example, if a sentence of six
hours is imposed and that sentence commences at 11:00 PM, then
the sentence would not terminate until 5:00 AM the next day.

A sentence that is imposed in the form of hours
commences at the time it is imposed, provided the person is in
exclusive federal custody.  If another U.S. Code or D.C. Code
sentence is in operation, then 18 U.S.C. § 3584 (See Chapter I,
paragraph e.) would, of course, apply.  If the person is ordered
to voluntarily surrender, then the sentence would not commence
until that person arrived at the designated facility to serve the
sentence (See Chapter I, paragraph 3.b., third subparagraph).  *

If the prisoner is released from physical custody
pending appeal on the same day that the sentence is imposed, and
no other sentence is involved, then the sentence shall be stayed
(shall not begin to run) until the prisoner enters custody for
service of that sentence.  (See Rule 38 of the Federal Rules of
Criminal Procedure.)  If the prisoner is released pending appeal
subsequent to the day of sentencing, then the sentence shall
begin to run on the date of sentencing and shall become
inoperative the day after the prisoner is physically released.

If the court authorizes a prisoner to voluntarily surrender, as described in the Program Statement on Unescorted Trips and Voluntary Surrenders, to the detention facility at which the sentence is to be served, then the sentence does not commence until the prisoner arrives at the designated facility.  If the prisoner is retained in federal custody after sentencing for any days prior to departure for voluntary surrender to the designated facility, then that time, including the date of sentencing, shall be treated as presentence time credit.

A prisoner who is in non-federal custody at the time of sentencing may begin service of the federal sentence prior to arriving at the designated federal facility if the non-federal facility is designated in accordance with the Program Statement on Designation of State Institution for Service of Federal Sentence and 18 USC § 3621 (Imprisonment of a convicted person). This type of designation is ordinarily made only upon the recommendation of the sentencing court.

**In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed.**

Attachment 16



**U.S. Department of Justice**
Federal Bureau of Prisons

# Change Notice

**DIRECTIVE AFFECTED:** 5880.28
**CHANGE NOTICE NUMBER:** 7
**DATE:** 7/20/99

1. **PURPOSE AND SCOPE.** This Change Notice incorporates revisions to the **Sentence Computation Manual-CCCA** and provides instruction on the manner in which to calculate New Law sentences pursuant to **Title 18, United States Code** § **924(c)(1)** in accordance with **United States vs. Gonzales, 117 S.Ct 1032, 137 L.Ed 132 (1997)** as it pertains to the application of the firearm penalty provisions.

This change will amend aggregation practices/procedures for § **924 (C)(1)** and non § **924(C)(1)** counts (hereinafter referred to as **924/non-924** sentence).

2. **SUMMARY OF CHANGES.** Chapter 1, Page 37a - 37g. Sentence computation instructions are added for those sentences that include **924/non-924** counts and are affected by **U.S. v. Gonzales, 117 S.Ct 1032, 137 L.Ed. 132 (1997).**

3. **TABLE OF CHANGES**

| Remove | Insert |
|---|---|
| Chapter 1, Table of Contents | Chapter 1, Table of Contents |
| | Chapter 1, Pages 1-37a - 37g |

4. **ACTION.** File this Change Notice in front of PS 5880.28, the Sentence Computation Manual (CCCA of 1984).

/s/
Kathleen Hawk Sawyer
Director

PS 5880.28
(CN-03) February 14, 1997
Page 1 - 14

    **c.  Prior Custody Time Credit.**  The SRA includes a new statutory provision, 18 U.S.C. § 3585(b), that pertains to "credit for prior custody" <u>and is controlling for making time credit determinations for sentences imposed under the SRA.</u>  Title
\* 18 U.S.C. § 3568, repealed effective November 1, 1987, as implemented by the <u>"Old Law" Sentence Computation Manual,</u> remains the controlling statute for all sentences imposed for offenses that occurred on or after September 20, 1966 up to November 1, 1987.

                                                                       \*

    <u>Statutory Authority:</u>  Prior custody time credit is controlled by 18 U.S.C. § 3585(b), and states, **"A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--**

           **(1) as a result of the offense for which the sentence was imposed; or**

           **(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;**

    **that has not been credited against another sentence."**

    <u>Definitions:</u>

\*     **Raw EFT:**  The Raw EFT for both a federal and non-federal sentence is determined by adding the total length of the sentence to be served to the beginning date of the sentence resulting in a full term date of sentence (**Raw EFT**) that does not include any time credit, e.g., presentence or prior custody time or good time.  (Inoperative time that may affect either the state or federal **Raw EFT** shall be referred to the RISA for assistance.)

Attachment 17

Approved, SCAO

|  | Original - Court<br>1st copy - Corrections<br>2nd copy - Corrections (for return) | 3rd copy - Michigan State Police CJIC<br>4th copy - Defendant<br>5th copy - Prosecutor |
|---|---|---|

| STATE OF MICHIGAN<br>22nd JUDICIAL CIRCUIT<br>WASHTENAW COUNTY | JUDGMENT OF SENTENCE<br>COMMITMENT TO<br>DEPARTMENT OF CORRECTIONS | CASE NO.<br>07-1101-FH<br>JUDGE: Donald E. Shelton |
|---|---|---|

| ORI<br>MI- 810015J | Court address | Court telephone no. |
|---|---|---|
| Police Report No. | 101 E. Huron, Ann Arbor, MI 48104 | (734) 222-3001 |

| THE PEOPLE OF THE STATE OF MICHIGAN | v | Defendant's name, address, and telephone no.<br><br>FREDERICK LAMAR DIXON |
|---|---|---|

| | CTN/TCN<br>810700323501 | SID | DOB<br>03/15/1959 |
|---|---|---|---|

| Prosecuting attorney name | Bar no. | Defendant attorney name | Bar no. |
|---|---|---|---|
| Brian Mackie | P-25745 | Daniel C. Willman | P55867 |

**THE COURT FINDS:**

1. The defendant was found guilty on **04/01/2008** of the crime(s) stated below:

| Count | CONVICTED BY Plea* | CONVICTED BY Court | CONVICTED BY Jury | DISMISSED BY* | CRIME | CHARGE CODE(S)<br>MCL citation/PACC Code |
|---|---|---|---|---|---|---|
| 1 | | | XX | | CONT. SUB-DELIVER/MFG LESS THAN 50 GRAMS | (333.74012A4) |
| 2 | | | XX | | CONT. SUB-DELIVER/MFG LESS THAN 50 GRAMS | (333.74012A4) |

*For plea: insert "G" for guilty plea, "NC" for nolo contendere, or "MI" for guilty but mentally ill. For dismissal: insert "D" for dismissed by court or "NP" for dismissed by prosecutor/plaintiff.

☐ 2. The conviction is reportable to the Secretary of State under MCL 257.625(21)(b).

☐ 3. HIV testing and sex offender registration is completed.

☐ 4. The defendant has been fingerprinted according to MCL 28.243.

**IT IS ORDERED:**

☐ 5. Probation is revoked.

6. Participating in a special alternative incarceration unit is ☐ prohibited. ☐ permitted.

7. Defendant is sentenced to custody of Michigan Department of Corrections. This sentence shall be executed immediately.

| Count | SENTENCE DATE | MINIMUM Years | Mos. | Days | MAXIMUM Years | Mos. | DATE SENTENCE BEGINS | JAIL CREDIT Mos. | Days | OTHER INFORMATION |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 04/29/2008 | | 36 | | 120 | | 04/29/2008 | | 80 | Enhanced under Habitual Offender-4th Offense |
| 2 | 04/29/2008 | | 36 | | 120 | | 04/29/2008 | | 80 | (769.12) |
| | | | | | | | | | | |

☐ 8. Sentence(s) to be served consecutively to: (if this item is not checked, the sentence is concurrent)
☐ each other. ☐ case numbers _____

9. Defendant shall pay as follows:

| State Minimum | Crime Victim | Restitution | Court Costs | Attorney Fees | Fine | Other Costs | Total |
|---|---|---|---|---|---|---|---|
| $ | $ 60.00 | $ | $ | $ | $ | $ | $ 60.00 |

The due date for payment is _____. Fine, costs, and fees not paid within 56 days of the due date are subject to a 20% late penalty on the amount owed.

☐ 10. The concealed weapon board shall ☐ suspend for _____ days ☐ permanently revoke the concealed weapon license, permit number _____, issued by _____ County.

11. Court recommendation: Not impose other fees & costs based on inability to pay. Run concurrent with each other.

| 04/29/2008 | | P23920 |
|---|---|---|
| Date | Judge  DONALD E. SHELTON | Bar no. |

I certify that this is a correct and complete abstract from the original court records. The sheriff shall, without needless delay, deliver defendant to the Michigan Department of Corrections at a place designated by the department.

(SEAL)

Deputy court clerk

MCL 765.15(2), MCL 769.1k, MCL 769.16a, MCL 775.22, MCL 780.766

CC 219b (5/07) JUDGMENT OF SENTENCE, COMMITMENT TO DEPARTMENT OF CORRECTIONS        MCR 6.427(A)

Attachment 18

| | |
|---|---|
| Approved, SCAO | Original -- Court<br>1st copy -- Corrections<br>2nd copy -- Corrections (for return) |

3rd copy -- Michigan State Police CJIC
4th copy -- Defendant
5th copy -- Prosecutor

| STATE OF MICHIGAN | AMENDED JUDGMENT OF SENTENCE | CASE NO. |
|---|---|---|
| 22nd **JUDICIAL CIRCUIT** | COMMITMENT TO | 11-1701 FH |
| WASHTENAW **COUNTY** | DEPARTMENT OF CORRECTIONS | JUDGE DONALD E. SHELTON |

| ORI 810015J<br>MI- | Court address<br>101 E. HURON, ANN ARBOR, MI 48104 | Court telephone no.<br>734/222-3001 |
|---|---|---|

Police Report No.

| THE PEOPLE OF THE STATE OF MICHIGAN | v | Defendant's name, address, and telephone no.<br>FREDERICK LAMAR DIXON |
|---|---|---|

| | | |
|---|---|---|
| CTN/TCN<br>811100605701 | SID | DOB<br>03/15/1959 |

| Prosecuting attorney's name | Bar no. | Defendant attorney's name | Bar no. |
|---|---|---|---|
| Brian Mackie | P-25745 | Erane C. Washington (stand-by) | P-49219 |

1. The defendant was found guilty on  08/28/2012  of the crime(s) stated below:

| Count | CONVICTED BY Plea* | Court | Jury | DISMISSED BY* | CRIME | CHARGE CODE(S) MCL citation/PACC Code |
|---|---|---|---|---|---|---|
| 1 & 2 | G | | | | CONT SUB - POSSESS LESS THAN 25 GRAMS | 333.74032A5 |
| 3 | G | | | | POLICE OFFICER - FLEE - 4th DEGREE - VEHICLE CODE | 257.602A2 |
| 4 | G | | | | POLICE OFFICER - ASSAULTING/RESISTING/OBSTRUCTING | 750.81D1 |
| 5 | | | | NP | LIC SUS ETC/LET SUS PER OP - 2nd OR SUB | DISMISSED |

*For plea: insert "G" for guilty plea, "NC" for nolo contendere, or "MI" for guilty but mentally ill.  For dismissal: insert "D" for dismissed by court or "NP" for dismissed by prosecutor/plaintiff.

☐ 2. The conviction is reportable to the Secretary of State under MCL 257.625(21)(b).
☐ 3. HIV testing and sex offender registration is completed.  Defendant's driver license number
☐ 4. The defendant has been fingerprinted according to MCL 28.243.

**IT IS ORDERED:**
☐ 5. Probation is revoked.
6. Participating in a special alternative incarceration unit is  ☐ prohibited.  ☐ permitted.
7. The defendant is sentenced to custody of Michigan Department of Corrections. This sentence shall be executed immediately.

| Count | SENTENCE DATE | MINIMUM Years | Mos. | Days | MAXIMUM Years | Mos. | DATE SENTENCE BEGINS | JAIL CREDIT Mos. | Days | OTHER INFORMATION |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 & 2 | 9/25/12 | | 24 | | | 96 | 9/25/12 | | 0 | **Run concurrently w/each other*** |
| 3 & 4 | 9/25/12 | | 24 | | | 48 | 9/25/12 | | 0 | |
| | | | | | | | | | | |
| | | | | | | | | | | |

☒ 8. Sentence(s) to be served consecutively to  (If this item is not checked, the sentence is concurrent.)
☐ each other.  ☒ case numbers  current prison sentence
9. The defendant shall pay:

| State Minimum | Crime Victim | Restitution | Court Costs | Attorney Fees | Fine | Other Costs | Total |
|---|---|---|---|---|---|---|---|
| | $130.00 | | | | | | $130.00 |

The due date for payment is _____.  Fine, costs, and fees not paid within 56 days of the due date
are subject to a 20% late penalty on the amount owed.
☐ 10. The concealed weapon board shall  ☐ suspend for _____ days  ☐ permanently revoke  the concealed
weapon license, permit number _____, issued by _____ County.
☐ 11. The defendant is subject to lifetime monitoring pursuant to MCL 780.520n.
12 Court recommendation:  Enhanced under Habitual 3rd Offense (769.11).  Count 5 is dismissed.

| 9/25/12 | | P23920 |
|---|---|---|
| Date | Judge  DONALD E. SHELTON | Bar no. |

I certify that this is a correct and complete abstract from the original court records. The sheriff shall, without needless delay,
deliver defendant to the Michigan Department of Corrections at a place designated by the department.

(SEAL)

Deputy court clerk  KATHERINE E. STREETER

MCL 765.15(2), MCL 769.1k, MCL 769.16a, MCL 775.22,
MCL 780.766, MCR 6.427

CC 219b  (3/10)  **JUDGMENT OF SENTENCE, COMMITMENT TO DEPARTMENT OF CORRECTIONS**



| | | |
|---|---|---|
| | Original – Court<br>1st copy – Corrections<br>2nd copy – Corrections (for return) | 3rd copy – Michigan State Police CJI<br>4th copy – Defendant<br>5th copy – Prosecutor |

Approved, SCAO

| STATE OF MICHIGAN | JUDGMENT OF SENTENCE | CASE NO. |
|---|---|---|
| 22nd          JUDICIAL CIRCUIT<br>WASHTENAW          COUNTY | COMMITMENT TO<br>DEPARTMENT OF CORRECTIONS | 11-1701 FH<br>JUDGE DONALD E. SHELTON |

| ORI 810015J<br>MI-<br>Police Report No. | Court address<br>101 E. HURON, ANN ARBOR, MI 48104 | Court telephone no.<br>734/222-3001 |
|---|---|---|

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF MICHIGAN | v | Defendant's name, address, and telephone no.<br>FREDERICK LAMAR DIXON |
| | | CTN/TCN<br>811100605701 | SID | DOB<br>03/15/1959 |

| Prosecuting attorney's name | Bar no. | Defendant attorney's name | Bar no. |
|---|---|---|---|
| Brian Mackie | P-25745 | Erane C. Washington (stand-by) | P-49219 |

1. The defendant was found guilty on ___08/28/2012___ of the crime(s) stated below:
Date

| Count | CONVICTED BY | | | DISMISSED BY* | CRIME | CHARGE CODE(S)<br>MCL citation/PACC Code |
|---|---|---|---|---|---|---|
| | Plea* | Court | Jury | | | |
| 1 & 2 | G | | | | CONT SUB - POSSESS LESS THAN 25 GRAMS | 333.74032A5 |
| 3 | G | | | | POLICE OFFICER - FLEE - 4th DEGREE - VEHICLE CODE | 257.602A2 |
| 4 | G | | | | POLICE OFFICER - ASSAULTING/RESISTING/OBSTRUCTING | 750.81D1 |
| 5 | | | | NP | LIC SUS ETC/LET SUS PER OP - 2nd OR SUB | DISMISSED |

*For plea: insert "G" for guilty plea, "NC" for nolo contendere, or "MI" for guilty but mentally ill.  For dismissal: insert "D" for dismissed by court or "NP" for dismissed by prosecutor/plaintiff.

☐ 2. The conviction is reportable to the Secretary of State under MCL 257.625(21)(b). _____
☐ 3. HIV testing and sex offender registration is completed.                   Defendant's driver license number
☐ 4. The defendant has been fingerprinted according to MCL 28.243.

**IT IS ORDERED:**

☐ 5. Probation is revoked.
6. Participating in a special alternative incarceration unit is   ☐ prohibited.   ☐ permitted.
7. The defendant is sentenced to custody of Michigan Department of Corrections. This sentence shall be executed immediately.

| Count | SENTENCE DATE | MINIMUM | | | MAXIMUM | | DATE SENTENCE BEGINS | JAIL CREDIT | | OTHER INFORMATION |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Years | Mos. | Days | Years | Mos. | | Mos. | Days | |
| 1 & 2 | 9/25/12 | | 24 | | | 96 | 9/25/12 | | 0 | **Run concurrently w/each other*** |
| 3 & 4 | 9/25/12 | | 24 | | | 48 | 9/25/12 | | 0 | |
| | | | | | | | | | | |
| | | | | | | | | | | |

☒ 8. Sentence(s) to be served consecutively to (If this item is not checked, the sentence is concurrent.)
☐ each other.   ☐ case numbers  current prison sentence                              .
9. The defendant shall pay:

| State Minimum | Crime Victim | Restitution | Court Costs | Attorney Fees | Fine | Other Costs | Total |
|---|---|---|---|---|---|---|---|
| $130.00 | | | | | | | $130.00 |

The due date for payment is _____. Fine, costs, and fees not paid within 56 days of the due date are subject to a 20% late penalty on the amount owed.

☐ 10. The concealed weapon board shall  ☐ suspend for _____ days  ☐ permanently revoke  the concealed
weapon license, permit number _____, issued by _____ County.
☐ 11. The defendant is subject to lifetime monitoring pursuant to MCL 780.520n.
12 Court recommendation:  Count 5 is dismissed.

9/25/12
Date                                                        Judge  DONALD E. SHELTON                    P23920
                                                                                                        Bar no.
I certify that this is a correct and complete abstract from the original court records. The sheriff shall, without needless delay, deliver defendant to the Michigan Department of Corrections at a place designated by the department.

_____ (SEAL)
                                                        Deputy court clerk  KATHERINE E. STREETER

CC 219b  (3/10)  JUDGMENT OF SENTENCE, COMMITMENT TO DEPARTMENT OF CORRECTIONS

MCL 765.15(2), MCL 769.1k, MCL 769.16a, MCL 775.22,
MCL 780.766, MCR 6.427

↘ Bob Carbeck

Attachment 19

 Outlook

---

**[EXTERNAL] RE: DIXON, FREDERICK DOB** ██████

---

**From** Graham, Kimberly (MDOC) ██████████████
**Date** Tue 8/5/2025 2:12 PM
**To**   Fanello, Stacy (BOP) ██████████████

The dead time entries are listed below.

Example 8/3/2017 for 106 days. The date listed is the abscond date (first date in the range).



| EDT | 106 |  | 8/3/2017 |  |
|-----|-----|--|----------|--|
| EDT | 76  |  | 4/2/2019 |  |
| EDT | 44  |  | 12/11/2019 |  |
| EDT | 125 |  | 5/27/2020 |  |

*Kim Graham*
Sentencing Specialist/Time Comp Unit
Michigan Department of Corrections

██████████████

***Disclaimer:*** *The opinions expressed in this email are those of the author and should not be construed as legal advice. Any advice or recommendations contained in this email are based on the author's best judgment and should be carefully evaluated by the recipient before acting upon them. If you require legal advice, please consult a qualified legal professional.*

---

**From:** Fanello, Stacy (BOP) ██████████████
**Sent:** Tuesday, August 5, 2025 2:44 PM
**To:** Graham, Kimberly (MDOC) ██████████████
**Subject:** Re: DIXON, FREDERICK DOB ██████

> **CAUTION: This is an External email. Please send suspicious emails to** abuse@michigan.gov

Were the dates for his dead time prior to 9/29/20?

**Stacy Fanello**
**Federal Bureau of Prisons**

**Designation & Sentence Computation Center**
**346 Marine Forces Drive**
**Grand Prairie, TX 75051**

▮▮▮▮▮▮

---

**From:** Graham, Kimberly (MDOC) <▮▮▮▮▮▮▮▮▮▮
**Sent:** Tuesday, August 5, 2025 1:40 PM
**To:** Fanello, Stacy (BOP) <▮▮▮▮▮
**Subject:** [EXTERNAL] RE: DIXON, FREDERICK DOB ▮▮▮▮

Yes, any time he has been in prison or on parole since his initial sentencing has went towards his sentence. The only time he would not be getting credit for those sentence would be if he failed to report and was on abscond status which we call dead time. So there was 351 days during that time that time on his maximum sentence he was not earning credit towards those sentences. Please note dead time only applies to the maximum in his case.

*Kim Graham*
Sentencing Specialist/Time Comp Unit
Michigan Department of Corrections

▮▮▮▮▮▮

**Disclaimer:** *The opinions expressed in this email are those of the author and should not be construed as legal advice. Any advice or recommendations contained in this email are based on the author's best judgment and should be carefully evaluated by the recipient before acting upon them. If you require legal advice, please consult a qualified legal professional.*

---

**From:** Fanello, Stacy (BOP) <▮▮▮▮▮▮
**Sent:** Tuesday, August 5, 2025 2:26 PM
**To:** Graham, Kimberly (MDOC) <▮▮▮▮▮▮
**Subject:** Re: DIXON, FREDERICK DOB ▮▮▮▮

**CAUTION: This is an External email. Please send suspicious emails to abuse@michigan.gov**

Hello,
Would you be able to tell me what dates went towards this sentence? We show a possible arrest date of 9/29/20, but did all of that time from that arrest date until his parole date 8/14/24 go towards these revocations? Thank you so much for your assistance!

**Stacy Fanello**
**Federal Bureau of Prisons**
**Designation & Sentence Computation Center**
**346 Marine Forces Drive**
**Grand Prairie, TX 75051**

▮▮▮▮▮▮

**From:** Graham, Kimberly (MDOC) <███████████████████>
**Sent:** Friday, August 1, 2025 1:50 PM
**To:** Fanello, Stacy (BOP) <██████████████████>
**Subject:** [EXTERNAL] RE: DIXON, FREDERICK DOB ██████

Good afternoon,

He has previously served on Case #'s 79-13753-FY, 79-13838 and 84-18786-FH which he discharged from on 4/21/1992.

He came back with Case #'s 07-001101-FH and then 11-1701-FH. At the time of his parole he was still serving both cases.

<span style="color:red">His minimum Calculation is listed below.</span>

| | |
|---|---|
| Sentence date  (Case 11-1701-FH) | 09/25/2012 |
| Minus jail credit | -0 days |
| | 09/25/2012 |
| Add Min Term | +2y |
| | 09/25/2014 |
| Minus 1 day for date of commitment | -1 day |
| **Equals PBJ/MIN Date** | 09/24/2014 |

<span style="color:red">The Maximum calculation is listed below.</span>

| | |
|---|---|
| Sentence date  (Case 07-001101-FH) | 04/29/2008 |
| Minus jail credit | -80 days |
| | 02/09/2008 |
| Add Max Terms (10y + 8y) | +18y |
| | 02/09/2026 |
| Minus 1 day for date of commitment | -1 day |
| Equals | 02/08/2026 |
| Plus Dead Time | 351 days |
| **Equals Max Date** | 01/25/2027 |

Let me know if you need anything further.

*Kim Graham*

Sentencing Specialist/Time Comp Unit
Michigan Department of Corrections
████████████████

***Disclaimer:*** *The opinions expressed in this email are those of the author and should not be construed as legal advice. Any advice or recommendations contained in this email are based on the author's best judgment and should be carefully evaluated by the recipient before acting upon them. If you require legal advice, please consult a qualified legal professional.*

---

**From:** Fanello, Stacy (BOP) <████████████████>
**Sent:** Friday, August 1, 2025 2:30 PM
**To:** Graham, Kimberly (MDOC) <██████████████████████>
**Subject:** DIXON, FREDERICK DOB ████████

**CAUTION: This is an External email. Please send suspicious emails to** abuse@michigan.gov

Good afternoon,
The above-mentioned inmate has challenged his federal sentence, so I am reviewing for accuracy. I am requesting a computation of his sentence. He paroled on 8/14/24. I am also trying to determine what case numbers this sentence included, and what was the sentence total term?  The case numbers I have noted are:

07-001101-FH
11-1701-FH
2018-182-1455-OM
21-000072-FH

Thank you for your assistance.

**Stacy Fanello**
**Federal Bureau of Prisons**
**Designation & Sentence Computation Center**
**346 Marine Forces Drive**
**Grand Prairie, TX 75051**

Attachment 20

```
  DSCM3          *          SENTENCE MONITORING          *        08-12-2025
  PAGE 001 OF 001 * NEW INDEPENDENT SENTENCE COMPUTATION - FSA *      12:16:11

  SENTENCE PROCEDURE: 4080 3559 PLRA SENTENCE
  TERM IN EFFECT....: Y:      M:     D:                DCB......:
  TIE CONVERTED.....: Y:      M:     D:                DOB......:
                                     D:
  PROJ GCT TO AWARD.:
  DISALLOW / FORFEIT:       ANNUAL AND    PRORATED
  FINAL GCT AWARDED.:
  PRORATE GCT FROM..:

  JAIL CREDIT  FROM..: 05-27-2020 THRU: 09-28-2020
               FROM..:            THRU:
               FROM..:            THRU:               JC DAYS..: 125
  INOP TIME    FROM..:            THRU:               INOP DAYS:

  GED  UNSAT   FROM..:            THRU:
               FROM..:            THRU:
  6 MONTH/ 10% DATE.:                                 PROJ SRD.:
  TWO THIRDS DATE...:                                 EFT......:
  DAYS OVERSERVED...:                                 HARDCOPY.: Y
```

```
  G0005        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

Attachment 21

P.S. 5880.28
Page 1 - 20B
CN-02, July 29 1994

to be earlier than the DCB of the second sentence, then the combined jail time credit shall continue to be applied in full to both sentences.  Application of this rule is not intended to create a computation complication that would nullify the effect of the rule.

If the concurrent second sentence has an EFT that is less and an SRD that is later (after application of any jail time credit belonging to the second sentence only) than the first sentence to commence (after application of any jail time credit belonging to the first sentence only), then the rule shall not apply and each sentence shall remain the same as if the other sentence did not exist and shall be treated as "standing alone."                                    *

<u>6</u>     Time spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time.  The primary reason for "writ" custody is not the federal charge.  The federal court merely "borrows" the prisoner under the provisions of the writ for secondary custody. (See Example: 4).

Attachment 22

```
DSCM3              *        PUBLIC INFORMATION        *        08-12-2025
PAGE 001           *            INMATE DATA           *        13:54:47
                                AS OF 08-12-2025


REGNO..: 26592-039 NAME: DIXON, FREDRICK

                        RESP OF: CUM
                        PHONE..: 301-784-1000    FAX: 301-784-1008
                                                 RACE/SEX...: BLACK / MALE
                                                 AGE:  66
PROJ REL MT: GOOD CONDUCT TIME RELEASE           PAR ELIG DT: N/A
PROJ REL DT: 09-25-2027                          PAR HEAR DT:
```

```
G0002        MORE PAGES TO FOLLOW . . .
```

```
DSCM3          *      PUBLIC INFORMATION       *    08-12-2025
PAGE 002        *         INMATE DATA          *    13:54:47
                       AS OF 08-12-2025


REGNO..: 26592-039 NAME: DIXON, FREDRICK


                  RESP OF: CUM
                  PHONE..: 301-784-1000   FAX: 301-784-1008
FSA ELIGIBILITY STATUS IS: INELIGIBLE


THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.


HOME DETENTION ELIGIBILITY DATE....: 06-03-2027


THE INMATE IS PROJECTED FOR RELEASE: 09-25-2027 VIA GCT REL


---------------------CURRENT JUDGMENT/WARRANT NO: 030 -----------------------


COURT OF JURISDICTION...........: MICHIGAN, EASTERN DISTRICT
DOCKET NUMBER...................: 0645 5:21CR20566 (1)
JUDGE...........................: LEVY
DATE SENTENCED/PROBATION IMPOSED: 04-22-2025
DATE COMMITTED..................: 06-16-2025
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO


                FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $200.00        $00.00          $00.00       $00.00


RESTITUTION...: PROPERTY:  NO  SERVICES:  NO       AMOUNT: $00.00


-----------------------CURRENT OBLIGATION NO: 010 -------------------------
  OFFENSE CODE....: 391    21:846 SEC 841-851 ATTEMPT


OFF/CHG: 21:841(A)(1) AND (B)(1)(C) POSSESSION WITH INTENT TO
         DISTRIBUTE CONTROLLED SUBSTANCES CT.2
         21:841(A)(1),(B)(1)(C) AND 21:846 CONSPIRACY TO POSSESS WITH
         INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCES (SCHEDULE I OR
         II) CT.1


  SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:   38 MONTHS
  TERM OF SUPERVISION............:    6 YEARS
  DATE OF OFFENSE................: 08-06-2020




G0002       MORE PAGES TO FOLLOW . . .
```

```
DSCM3          *           PUBLIC INFORMATION         *      08-12-2025
PAGE 003 OF 003 *              INMATE DATA            *      13:54:47
                           AS OF 08-12-2025


REGNO..: 26592-039 NAME: DIXON, FREDRICK

                       RESP OF: CUM
                       PHONE..: 301-784-1000   FAX: 301-784-1008

------------------------CURRENT COMPUTATION NO: 030 ------------------------


COMPUTATION 030 WAS LAST UPDATED ON 08-12-2025 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 08-12-2025 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 030: 030 010


DATE COMPUTATION BEGAN..........: 04-22-2025
TOTAL TERM IN EFFECT............:   38 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    3 YEARS      2 MONTHS
EARLIEST DATE OF OFFENSE........: 08-06-2020

JAIL CREDIT.....................:    FROM DATE     THRU DATE
                                     01-13-2025    04-21-2025

TOTAL PRIOR CREDIT TIME.........: 99
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 171
TOTAL GCT EARNED................: 0
STATUTORY RELEASE DATE PROJECTED: 09-25-2027
ELDERLY OFFENDER TWO THIRDS DATE: 02-23-2027
EXPIRATION FULL TERM DATE.......: 03-14-2028
TIME SERVED.....................:    7 MONTHS
PERCENTAGE OF FULL TERM SERVED..: 18.3
PERCENT OF STATUTORY TERM SERVED: 21.5

PROJECTED SATISFACTION DATE.....: 09-25-2027
PROJECTED SATISFACTION METHOD...: GCT REL




G0000       TRANSACTION SUCCESSFULLY COMPLETED
```

Attachment 23

```
   MILBU          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      07-30-2025
PAGE 001 OF                                                           13:54:05
      FUNCTION: L-P SCOPE: REG   EQ 26592-039    OUTPUT FORMAT: SAN
------LIMITED TO SUBMISSIONS WHICH MATCH ALL LIMITATIONS KEYED BELOW----------
DT RCV: FROM 01-01-2022 THRU 07-29-2025 DT STS: FROM _____ THRU _____
DT STS: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT RDU
DT TDU: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT TRT
STS/REAS: _____ _____ _____ _____ _____ _____ _____ _____ _____ _____
SUBJECTS: _____ ____ _____ ____ ____ _____ ____ _____ ____ _____ ____ _____
EXTENDED: _ REMEDY LEVEL: _ _            RECEIPT: _ _ _ "OR" EXTENSION: _ _ _
RCV  OFC : EQ ____       ____       ____       ____       ____       ____
TRACK:  DEPT: _____ _____ _____ _____ _____ _____
       PERSON: ____       ____       ____       ____       ____       ____
        TYPE: ____       ____       ____       ____       ____       ____
EVNT FACL: EQ ____       ____       ____       ____       ____       ____
RCV FACL.: EQ ____       ____       ____       ____       ____       ____
RCV UN/LC: EQ _____ _____ _____ _____ _____ _____
RCV QTR..: EQ _____ _____ _____ _____ _____ _____
ORIG FACL: EQ ____       ____       ____       ____       ____       ____
ORG UN/LC: EQ _____ _____ _____ _____ _____ _____
ORIG QTR.: EQ _____ _____ _____ _____ _____ _____




G0002      MORE PAGES TO FOLLOW . . .
```

```
   MILBU          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *     07-30-2025
PAGE 002 OF     *                 SANITIZED FORMAT              *     13:54:05


  REMEDY-ID     SUBJ1/SUBJ2  --------------------ABSTRACT------------------------
                RCV-OFC      RCV-FACL     DATE-RCV       STATUS      STATUS-DATE


1137472-F1      33BJ/        CLAIMS DENIAL OF LEGAL ACCESS
                MIL          MIL          10-17-2022      REJ         10-17-2022

1145030-R1      34ZM/        ALLEGE PREA BY STAFF
                NCR          MIL          12-09-2022      REJ         12-15-2022

1145031-R1      34ZM/        CLAIMS LOCKDOWN IS UNCONSTITUTIONAL
                NCR          MIL          12-09-2022      REJ         12-15-2022

1160467-F1      33BJ/        INMATE WANTS TYPEWRITER IN HIS UNIT
                MIL          MIL          05-04-2023      CLO         06-21-2023

1164325-F1      16AJ/        DISAGREES WITH MAIL REJECTIONS
                MIL          MIL          06-08-2023      REJ         06-08-2023

1164325-R1      16AJ/        DISAGREES WITH MAIL REJECTIONS
                NCR          MIL          07-17-2023      REJ         07-17-2023

1175894-F1      13HJ/        CLAIMS UNCONSTITUTIONAL UNIT LOCK DOWN
                MIL          MIL          09-18-2023      CLD         10-20-2023

1175895-F1      16AJ/        CLAIMS MAIL WAS REJECTED INCORRECTLY
                MIL          MIL          09-18-2023      CLO         10-30-2023

1175896-F1      13HJ/25ZJ    CLAIMS LOCKDOWN UNCONSTITUTIONAL BC OF SHORT STAFF
                MIL          MIL          09-18-2023      CLD         10-20-2023

1179288-F1      34ZJ/        INMATE SAYS WARDEN CANT LOCK DOWN FDC
                MIL          MIL          10-25-2023      REJ         10-25-2023

1179290-F1      33EJ/33ZJ    CLAIMS DENIED ACCESS TO NOTARY,LEGAL MAIL & PHONE
                MIL          MIL          10-25-2023      REJ         10-25-2023

1179294-F1      25EJ/34ZJ    CLAIMS COMMISSARY @FDC&FCI NOT SAME & STAFF NOT FAIR
                MIL          MIL          10-25-2023      REJ         10-25-2023

1179298-F1      24AJ/        WANTS COLD BEVERAGE WITH MEAL
                MIL          MIL          10-25-2023      CLO         11-03-2023

1185847-F1      16ZJ/16CJ    INMATE CLAIMS ENVELOPE MISSING FROM MAIL RECIEVED
                MIL          MIL          01-03-2024      CLO         01-11-2024

1189049-F1      25ZJ/        CLAIMS FOG PROCEDURES ARE PUNISHMENT
                MIL          MIL          02-05-2024      CLD         02-27-2024

1233985-F1      24CJ/        SELLING FOOD ITEMS FOR RAMADAN PARTICIPANTS
                MIL          MIL          03-20-2025      CLD         03-28-2025


  G0002        MORE PAGES TO FOLLOW . . .
```

```
  MILBU        *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      07-30-2025
PAGE 003 OF 003 *                SANITIZED FORMAT              *     13:54:05


  REMEDY-ID     SUBJ1/SUBJ2   -------------------ABSTRACT------------------------
                RCV-OFC     RCV-FACL      DATE-RCV       STATUS      STATUS-DATE


1237684-F1     33HJ/         INMATE DISPUTES ADMIN REMEDY PROCESS
                MIL           MIL         04-21-2025      CLD         04-22-2025

1240256-F1     25ZJ/         INMATE CLAIMS NO ACCESS TO TOILET PAPER
                MIL           MIL         05-09-2025      CLO         05-20-2025

1241061-F1     34ZJ/         INMATE CLAIMS DELAY INQ. ACCESS TO BP9
                MIL           MIL         05-16-2025      CLO         05-21-2025

1247841-F1     26AM/         FAILURE TO TREAT/WORSENING CONDITIONS
                CUM           CUM         07-18-2025      ACC         07-18-2025

1247845-F1     30ZM/         CREDIT FOR TIME SPENT ON STATE PAROLE
                CUM           CUM         07-18-2025      CLO         07-28-2025
```

```
        21 REMEDY SUBMISSION(S) SELECTED
G0000         TRANSACTION SUCCESSFULLY COMPLETED
```

Attachment 24

FEDERAL CORRECTIONAL INSTITUTION, CUMBERLAND, MARYLAND
PART B: RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY #1247845-F1


This is in response to your Request for Administrative Remedy
received on July 18, 2025, wherein you state you have been
falsely imprisoned as you have served almost 60 months on your
38-month sentence and the Warden refused to release you. As a
relief you request to be released.

A review of the matter reveals your current sentence
computation was audited and certified on June 30, 2025. The
audit revealed you were in custody of Michigan Department of
Corrections for Parole Violation Docket Number 07-001101-FH
from November 4, 2020, to August 14, 2024, when you were again
Paroled.  You were sentenced on federal Docket Number
5:21CR20566 on April 22, 2025, to 38 months with your
computation beginning on April 22, 2025. Jail credit was given
from August 15, 2024, to April 21, 2025, for a total of 250
days.

Pursuant to Program Statement 5880.28, <u>Sentence Computation
Manual (CCA of 1984)</u>, prior custody time credit is controlled by
18 U.S.C. § 3585(b). Section 3585(b) states, "A defendant shall
be given credit toward the service of a term of imprisonment for
any time he has spent in official detention prior to the date
the sentence commences (1) as a result of the offense for which
the sentence was imposed; or (2) as a result of any other charge
for which the defendant was arrested after the commission of the
offense for which the sentence was imposed; that has not been
credited against another sentence." Therefore, your current
sentence is correctly computed.

This response is being provided for informational purposes only.

If you are dissatisfied with this response, you may appeal to
the Regional Director, Bureau of Prisons, Mid-Atlantic Region,
302 Sentinel Drive, Suite 200, Annapolis Junction, Maryland
20701.  Your appeal must be received in the Mid-Atlantic
Regional Office within 20 days of this response.


7-28-25
Date

M. J. Bayless, Warden

REQUEST FOR ADMINISTRATIVE REMEDY

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Frederick L. Dixon__      __26592-039__   __C-1-124__   __FCI-Cumberland__
      **LAST NAME, FIRST, MIDDLE INITIAL**      **REG. NO.**     **UNIT**        **INSTITUTION**

Part A– INMATE REQUEST          FALSE IMPRISONMENT

A federal Court sentenced Inmate Dixon to 38 months in prison. He had been
incarcerated for almost 60 months, yet the warden refused to release him,
insisting that he still owed 20 months on his Federal Sentence.

On August 6th, 2020 Dixon was the subject of a Federal DEA Drug Investigation
and arrest. He was subsequently returned to State Prison as a parole violator,
and given a 18 month flop. During the 18 month parole violation term, he
was Indicted by Federal Authorities, and remained in their primary custody,
to this date.

After the expiration of Dixon 18 month parole violation flop, **Michigan Parole
Board** had a non-discretionary duty to provide him with a prompt hearing. **See
MCL 791.240(a).** However, the Parole Board, allegedly in the mistaken belief
that it could not parole Dixon to his Federal Detainer until the complete
adjudication of his Federal Indictment, did not parole him until August 14,
2024.

                              see attachment

__1-15-25__                                    *Frederick Dixon*
**DATE**                                      **SIGNATURE OF REQUESTER**

Part B– RESPONSE

**RECEIVED**

**JUL 18 2025**

**WARDEN'S OFFICE**

_____                    _____
      **DATE**                              **WARDEN OR REGIONAL DIRECTOR**

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

FIRST COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE          CASE NUMBER: 1247845-F1

                                                          CASE NUMBER: _____

Part C– RECEIPT

Return to: _____   _____   _____   _____
              **LAST NAME, FIRST, MIDDLE INITIAL**       **REG. NO.**   **UNIT**   **INSTITUTION**

SUBJECT: _____

_____              ✯              _____
      **DATE**                          **RECIPIENT'S SIGNATURE (STAFF MEMBER)**

                                                          BP-229(13)
                                                          APRIL 1982

REQUEST FOR ADMINISTRATIVE REMEDY ATTACHMENT

Dixon **Parole Screen Sheet Scored** him High Probability for Parole. This fact is significant because this guaranteed Dixon a parolee absent giving a substantial or compelling reason not to do so. Had the parole board paroled Dixon upon the completion of his 18 month flop, as was statutorily required, he would have been in the sole custody of his Federal Sentence.

To the extent Dixon asserts that Michigan authorities violated his right to due process, his claim is cognizable. The parole board action were so wrong or grossly negligent that requiring him to serve an additional 22 months would be unequivocally inconsistent with fundamental principals of liberty and justice. Mr. Dixon had a protected liberty interest in continued release on parole, subject to the condition of that release. **See Morrissey v. Brewer, 408 U.S. 471.**

At the heart of the case was the warden's faulty interpretation of **18 U.S.C. 3584(a).** Mr. Dixon is entitled to credit against his Federal Sentence for that period of time during which he was eroneously held on State Parole. He is also entitled to this period of prior jail credit via the nunc pro tunc designation. Mr. Dixon Federal Custody was primary to his State Parole Violation.

\*\*\*Noted" The BP-8 Respondent did not timely respond, nor was an extention requested or granted. Today is the tenth day since I filed this claim.