# Exhibit B
# Program
# Statement



U.S. Department of Justice
Federal Bureau of Prisons

# Program Statement

**OPI:** CPD
**NUMBER:** 5160.05
**DATE:** 1/16/2003
**SUBJECT:** Designation of State Institution for Service of Federal Sentence

1. **PURPOSE AND SCOPE.** To provide instructions for the designation of a state institution for concurrent service of a federal sentence.

2. **SUMMARY OF CHANGES.** This policy has been rewritten to comply with the "Plain Language" initiative.

3. **PROGRAM OBJECTIVES.** The expected results of this program are:

   a. State institutions will be designated for concurrent service of a federal sentence when it is consistent with the intent of the federal sentencing court or with the goals of the criminal justice system.

   b. Accurate records and accountability will be maintained by the Regional Inmate Systems Administrator (RISA) for inmates serving federal sentences in state institutions.

4. **DIRECTIVES AFFECTED**

   a. **Directive Rescinded**

   PS 5160.04    Designation of State Institution for Service of Federal Sentence (4/19/00)

   b. **Directives Referenced**

   PS 5100.07    Security Designation and Custody Classification Manual (9/3/99)

| PS 5800.07 | Inmate Systems Management Manual (12/24/91) |
| PS 5880.28 | Sentence Computation Manual-CCCA (2/21/92) |
| PS 5880.30 | Sentence Computation Manual ("Old Law" Pre-CCCA-1984) (7/16/93) |
| PS 5880.32 | District of Columbia Sentence Computation Manual (1/23/01) |
| PS 7300.09 | Community Corrections Manual (7/22/98) |

5.  **STANDARDS REFERENCED**

   a.  American Correctional Association 3rd Edition Standards for Adult Correctional Institutions:  3-4093 and 3-4094

   b.  American Correctional Association 3rd Edition Standards for Adult Local Detention Facilities:  3-ALDF-1E-02 and 3-ALDF-1E-03

   c.  American Correctional Association 2nd Edition Standards for Administration of Correctional Agencies:  2-CO-1E-04 and 2-CO-1E-05

6.  **MCC/MDC/FDC APPLICATION.**  This Program Statement applies to pre-trial and holdover inmates as indicated in subsequent sections.

7.  **STATUTORY AUTHORITY.**  Authority for designating a state institution as the place to serve a federal term of imprisonment is found in 18 U.S.C. § 3621(b), which states:

   **"The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable . . . ".**

   a.  For inmates who committed the underlying offense before November 1, 1987, a similar provision is found in 18 U.S.C. § 4082(b) (repealed).

   b.  Federal judges have the authority to order a federal term of imprisonment to run consecutively to or concurrently with any other sentence.  When there is a previously imposed sentence (federal or non-federal) in existence at the time of federal sentencing, and the federal judge does not state whether multiple

terms of imprisonment are to run consecutively to or concurrently with one another, the sentences run consecutively (see 18 U.S.C. § 3584). (This applies only to federal offenses committed on or after November 1, 1987.)

   c. When a federal judge orders or recommends a federal sentence run concurrently with a state sentence already imposed, the Bureau implements such order or recommendation, ordinarily by designating the state facility as the place to serve the federal sentence. <u>United States v. Hardesty</u>, 958 F.2d 910 (9th Cir. 1992).

   d. For federal offenses that occurred prior to November 1, 1987, and there is a previously imposed sentence in existence at the time of federal sentencing and the federal judge is silent as to whether multiple terms run concurrently or consecutively, the RISA will have to research the record and make a determination regarding concurrency.

   e. No concurrent designation will be considered when statutory language mandates consecutive service or the U.S. Sentencing Guidelines require consecutive service.

   f. Authority for commencement of a sentence once a facility is designated is found in 18 U.S.C. § 3585(a) and § 3568 (repealed).

   18 U.S.C. § 3585(a), states,

   **"A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."**

   18 U.S.C. § 3568, states in part,

   **"The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence."**

   g. Just as the federal government has no authority to prescribe when a state sentence will commence, the state has no authority to order commencement of a federal sentence (see 18 U.S.C. § 3585(a) & § 3568 (repealed)).

8.  **AUTHORITY FOR DESIGNATIONS.**  The Bureau's authority to designate a state institution for concurrent service of a federal sentence is delegated to Regional Directors.

- A designation for concurrent service of sentence will be made only when it is consistent with the intent of the federal sentencing court or the goals of the criminal justice system.

   a.  Exceptions to the general rules regarding concurrent designation may be based on the merits of a particular case.

   Information reviewed will include:

- inmate discipline history,
- institutional adjustment,
- recommendations of the Wardens at the state and federal institutions,
- the recommendation of the prosecuting Assistant U.S. Attorney,
- intent of the federal sentencing court, if available, and
- any other pertinent information regarding the inmate.

   b.  In the event of an "exception," the above information will be sent to the appropriate RISA who will coordinate a response.

The Regional Director is the final authority to determine exceptions.

9.  **CONCURRENT SERVICE OF FEDERAL AND STATE SENTENCES**

   a.  Concurrent service of federal and non-federal sentences in a non-federal institution occurs when the Bureau designates a non-federal institution for service of the federal sentence. Ordinarily, the reason for selecting the non-federal institution is that primary custody resided with the non-federal jurisdiction and the federal sentencing court intended its sentence be served concurrently with the non-federal sentence.

   b.  When an inmate is sentenced in both federal and state jurisdictions, care must be taken to ensure that he or she is suitable for federal designation.  Normally, designating a non-federal institution for the inmate is done when it is consistent with the federal sentencing court's intent.  Ordinarily, this intent is made known in one of the following ways:

(1)  **Court Order.**  The sentencing court orders, on the Judgment & Commitment Order or the Judgment in a Criminal Case (J&C), that the federal sentence be served concurrently with a state sentence. The court may make clear its intent by using language similar to:

- "Said sentence to run concurrently with the state sentence the defendant is presently serving."

- "Sentence to run concurrently with sentence imposed under Docket 168-88, San Diego County Court, on      May 14, 1988."

- "Sentence is hereby ordered to run concurrently with any other sentence presently being served."

- "Sentence to begin immediately."

(2)  **Court Recommendation of Non-Federal Confinement.**  The sentencing court recommends a non-federal institution as the place of confinement on the J&C.  Most J&Cs have a preprinted area for recommendations with language similar to: **"the court makes the following recommendations to the Bureau of Prisons..."**

     If the inmate was in primary non-federal custody, (i.e., produced on writ), and the court uses the preprinted phrase and adds the name of a state institution, this will be accepted as a court recommendation for concurrent service.  This wording could also appear in the body of the J&C.

(3)  **Concurrent Service of Sentence After Imposition.**  The court may, from time to time, order concurrent service of the federal sentence at some time after its imposition.  This may occur when primary jurisdiction resided with the state and the court believed mistakenly that the inmate was in federal custody for service of the federal sentence on the date of imposition.

(4)  **Inmate Request.**  Occasionally, an inmate may request a nunc pro tunc (i.e., occurring now as though it had occurred in the past) designation.  As a result of the decision in      Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990), the Bureau considers an inmate's request for pre-sentence credit toward a federal sentence for time spent in service of a state sentence as a request for a nunc pro tunc designation.

     (a)   In <u>Barden</u>, the court held that the Bureau must consider an inmate's request for concurrent service of the state and federal sentences.

      ■    However, there is no obligation under <u>Barden</u> for the Bureau to grant the request by designating a state institution retroactively as the place to serve the federal sentence.

     (b)   This type of request will be considered regardless of whether the inmate is physically located in either a federal or state institution.  Information will be gathered, if available,  to include:

      ■    a copy of the federal and state J&Cs,
      ■    the state sentence data record to include jail credit, and
      ■    any other pertinent information relating to the federal and state sentences.

     (c)   In making the determination, if a designation for concurrent service may be appropriate (e.g., the federal sentence is imposed first and there is no order or recommendation regarding the service of the sentence in relationship to the yet to be imposed state term), the RISA will send a letter to the sentencing court (either the Chambers of the Judge, U.S. Attorney's Office, and/or U.S. Probation Office, as appropriate) inquiring whether the court has any objections.  Regardless of where the original inquiry is directed, the U.S. Attorney's Office and U.S. Probation Office will receive a courtesy copy.

     (d)   If, after 60 days, a response is not received from the sentencing court, the RISA will address the issue with the Regional Counsel and a decision will be made regarding concurrency.

     (e)   No letter need be written if it is determined that a concurrent designation is not appropriate.  If the court has indicated previously that its language on judgments is sufficient for designation of a state institution for service of the federal sentence, then no further letters need be written.

     When the original sentencing judge is no longer available and the assigned judge offers no opinion, the RISA will make a determination based on the particular merits of the case. (Refer to Section 8.a. for more information.)  The RISA will notify the inmate of the decision in writing and place a copy of this notification in the J&C file.

     (f)   The Bureau will not allow a concurrent designation if the sentencing court has already made a determination regarding the order of service of sentence (e.g., the federal sentencing court ordered the sentence to run consecutively to any other

sentence, or custody in operation, during any time in which the
inmate requests concurrent designation).

(5) **State Request.** Occasionally, a Regional Office receives a
request from a state jurisdiction indicating that the
state and federal sentences are to be served concurrently, whether
by state court order or department of corrections referral.

(a) The RISA will gather and review all information
pertaining to the federal and state sentences. After reviewing this
information carefully, if necessary, the RISA will correspond with
the federal sentencing court to ascertain whether it has any
objections to the federal and state sentences running concurrently.
A courtesy copy of this correspondence will be forwarded to the
appropriate U.S. Attorney. (The same procedures apply as outlined
in subsections 4.c. and d., Inmate Request.)

(b) If the court has no objections, the state institution
may be designated as the place to serve the federal sentence
concurrently with the state sentence, according to the procedures
detailed in this Program Statement.

> **Note:** The Bureau will not, under ordinary
> circumstances, such as overcrowding in a state
> institution, accept transfer of the inmate into
> federal custody for concurrent service.

10. **RESPONSIBILITIES.** The following procedures are to be used when
a state institution is designated for the concurrent service of
federal and state sentences. (See the **Security Designation and
Custody Classification Manual** for procedures when a federal inmate
transfers from a federal to a non-federal institution for concurrent
service of a federal and state sentence.)

a. **Notification to Regional Director.** The Regional Director, of
the region where the state institution is located, will be
notified of the federal court's order that the federal sentence run
concurrently with the state sentence. This notification will
be received from the Community Corrections Manager (CCM). The CCM
forwards the Regional Office a copy of:

- ■ the inmate's J&C Order,
- ■ the federal register number,
- ■ the U.S. Marshals Tracking Form (USM-129),
- ■ the Pre-Sentence Investigation Report (PSI), and
- ■ any other available pertinent information.

b.  **Designation.**  The RISA, through the Regional Director, may make a nunc pro tunc designation to the non-federal institution using a letter to the U.S. Marshals Service (USMS)(Attachment A).

(1)  As part of the designation process, a date is specified nunc pro tunc (i.e., occurring now as though it had occurred in the past) as the effective date the sentence will begin.

(2)  Specifying a nunc pro tunc designation ensures that time lost in administrative processing is not passed on to the inmate. It is this designation that allows the federal sentence to commence.

(3)  As the recommendation for concurrent service, in most cases, is received after the imposition of sentence, the nunc pro tunc designation will normally be effective from the original date of sentencing, unless otherwise indicated in the subsequent order.

(4)  Since the inmate is primarily in state custody, all decisions regarding confinement and classification are at the sole discretion of the state authorities.  A copy of the letter will be forwarded to the USMS in the district where the state institution is located as notification to lodge a detainer.

(5)  The letter, along with sentence computation data sheet, will be mailed to the appropriate state department of corrections; an informational copy will be sent to the USMS in the sentencing district; and a copy to the U.S. Parole Commission (USPC), if appropriate.  A copy of the letter will be placed in the J&C file, maintained by the appropriate RISA.  The sentence computation data sheet will also be mailed to the inmate.

(6)  Should the court order concurrent service of the federal sentence after the inmate is received in federal custody, the RISA will determine whether a nunc pro tunc order is appropriate.

(7)  By action of a nunc pro tunc order, the Federal sentence may commence on the date of its imposition or on a subsequent date that will not cause the inmate to be a late release by virtue of the nunc pro tunc order.

(8)  Should a nunc pro tunc designation be granted, a thorough review of jail credit (Willis/Kayfez) must be conducted as outlined in the sentence computation manuals.

(9)  If the nunc pro tunc designation results in a date that

PS 5160.05
1/16/2003
Page 9

would make the inmate "past due" for release, such designation will be retroactive to a point in time that the sentence, when calculated in the same manner as any other sentence, results in a release date that affords the institution time to conduct normal release processing.

(10)  If the D.C. Superior Court recommends designation of a state institution for service of a D.C. sentence, the RISA in the appropriate region will gather and review all information pertaining to the D.C. sentence.  If it is determined that a nunc pro tunc designation is warranted, a copy of the designation letter along with other relevant information will be forwarded to the D.C. Records Center (DCRC) for computation of the D.C. sentence.  The DCRC will maintain an administrative file, compute the sentence, and will be responsible for all computation updates.

Should an update be required to the D.C. state concurrency sentence computation, the RISA will provide all appropriate documentation to the DCRC.  Once the DCRC updates the sentence computation, they will notify the RISA via GroupWise.

c.  **Files**.  The RISA is to maintain a file on all state concurrency cases.  Each file will contain the following:

- the J&C Order,
- the USM-129,
- a copy of the letter to the USMS (Attachment A),
- the PSI, and
- a signed/certified copy of the Sentence Data Computation Sheet.

(1)  When the inmate satisfies the federal sentence, copies of release certificates, as well as the notifications to state authorities, the USMS, U.S. Probation Office, and the USPC, will be placed in the file.  Concurrency files will be retained until the sentence expires and then they will be sent to the appropriate Federal Records Center in accordance with the Inmate Systems Management Manual.

(2)  If the inmate is eligible for parole, the RISA will send the following to the USPC:

- the letter to the USMS (Attachment A),
- the J&C Order,
- the USM-129,
- the PSI,
- a copy of the Sentence Data Computation Sheet, and
- any other available pertinent information.

    (3)   If a copy of the inmate's PSI is not provided in the designation packet, the RISA will request a copy from the U.S. Probation Office.

    d.   **Sentence Computation**.   The RISA is responsible for:

- computing the inmate's sentence (with the exception of D.C. Code sentences),
- posting awards of Extra Good Time (EGT),
- notifying the USMS and the state department of corrections of the inmate's release date, and
- completing all necessary SENTRY transactions.

    (1)   The RISA has the final approval for state recommendations for EGT.  EGT awards for inmates in state institutions must be consistent with the requirements for those in federal institutions (see the sentence computation manual).

    (2)   The maximum amount of Statutory Good Time (SGT) or Good Conduct Time (GCT) an inmate is entitled to receive will be awarded unless documentation provided by state authorities recommends a forfeiture of SGT or disallowance of GCT based on the inmate's behavior.

    After reviewing the documentation provided by the state, the RISA will determine, in consultation with the Regional Discipline Hearing Administrator or Regional Counsel, whether some or all of the SGT or GCT should be forfeited/disallowed.

    e.   **Release**

    (1)   Should an inmate be released from the non-federal jurisdiction before the statutory release or parole date of the federal term of imprisonment, the USMS will assume custody.  The USMS may request designation from the respective CCM 30 days prior to assuming custody of the inmate.  The USMS must provide documentation verifying the completion of the state sentence.  The RISA is then to forward all inmate files (Central, Medical, and J&C) to the designated federal institution.

(2)  If the federal term expires prior to the inmate's release from the non-federal jurisdiction, the RISA is to notify the state department of corrections, the USMS, and the USPC (if necessary). The RISA will complete the appropriate release paperwork as it pertains to the confinement portion of the federal sentence.  Upon receiving the release notification, the USMS will withdraw the detainer.

   f.  **Monitoring**.  The RISA will establish a system to monitor release dates of concurrent sentences so that timely notification will be made to state authorities, the USMS, and the USPC (if necessary).  This may be accomplished by using:

   ■  a SENTRY release roster,
   ■  a log, or
   ■  any other method that enables the RISA to monitor release dates.

   (1)  The USPC will prepare certificates for inmates scheduled for release on parole.  The RISA will ensure that any parole certificates received on a state concurrency case are accurate and any discrepancies are reported to the USPC.  Normally, the RISA prepares the mandatory release and special parole term certificates.

   For the completion of any other release paperwork, refer to the Inmate Systems Management Manual.  For information on fines and restitution, refer to the appropriate program statements.

   (2)  A term of supervised release that follows a federal sentence will not commence until the inmate is released from all periods of confinement.  When an inmate has a term of supervised release and the federal sentence expires prior to the state term, the RISA will ask the state authorities to notify the U.S. Probation Office 30 days prior to release from state custody.  The RISA will forward a courtesy copy of the request to the U.S. Probation Office.

   g.  **Primary Jurisdiction**.  When it has been determined an inmate was committed improperly to federal custody and primary jurisdiction resides with a state sovereign (i.e., the inmate was under jurisdiction of the federal sentencing court on the basis of a writ of habeas corpus ad prosequendum), institution staff, through the RISA, will make every effort to return the inmate to state custody.

   A return to the state means that the federal sentence should be
considered as **not** having commenced since transfer to the Bureau was
in error and the prisoner should have been returned to the state
after federal sentencing as a required condition of the federal writ
(see <u>Crawford v. Jackson</u>, 589 F.2d 693 (D.C. Cir. 1978)).  The
federal J&C will be lodged as a detainer, through the USMS, with the
state authorities.  If the federal court recommends concurrent
service of the federal and state sentences, the case should be
referred to the appropriate RISA.


                                    /s/
                              Kathleen Hawk Sawyer
                              Director

```
                                              PS 5160.05
                                               1/16/2003
                                     Attachment A, Page 1
```

### Sample Letter to U.S. Marshal

```
Date                   :
Inmate's Name          :
Register Number        :
Docket Number          :
Offense                :
Sentence               :
Judicial District      :
Sentence Begins        :
Release Date           :
Designated Facility    :
```

```
U.S. Marshals Service          Maryland Dept. of Corrections
District of Maryland           6776 Reisterstown Road
605 U.S. Courthouse            Suite 310
101 West Lombard Street        Baltimore, MD 21215-2341
Baltimore, MD 21201
```

Attn: Criminal Desk

The United States District Court that sentenced the above individual recommended that the federal sentence run concurrently with the state sentence.  To make this possible, I have designated the above facility for service of the federal sentence.

Please lodge and maintain a detainer with the local authorities for the duration of the federal sentence.  The date indicated above is the projected release date.

Please request that state authorities notify you 60 days in advance of any release from state custody, or in the event the inmate escapes, dies, or is transferred.

Upon notice of release from state custody, please request federal designation through the Community Corrections Manager in your district.

I understand that no charge will be made to the federal government during the time the inmate is in service of the state sentence.

Sincerely,


Regional Director

**STATE CORRECTIONAL AUTHORITY:**  This is for notification purposes only and does not limit your discretion in any decision affecting this offender's classification, work, and quarters assignments or other treatment and programs.