21

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Frederick Lamar Dixon

     Petitioner,

vs.

Eric Rardin

     Respondent.

_____/

Case No. 25-cv-11492

**HON. DENISE PAGE HOOD**

### REPLY TO RESPONDENT ANSWER TO PETITIONER
### PETITION FOR WRIT OF HABEAS CORPUS

For the reasons expressed in Dixon's attached brief, this Court should grant Dixon the relief sought in his Petition for a Writ of Habeas Corpus to 28 U.S.C. 2241

          Respectfully submitted,



          Frederick Dixon 26592-039
          Federal Correctional Institute
          P.O. Box 1000
          Cumberland, MD 21501

Dated: _9-18-25_

F I L E D
SEP 29 2025
CLERK'S OFFICE
DETROIT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Frederick Lamar Dixon

      Petitioner,

vs.

Erick Radin

      Respondent.

Case No. 25-cv-11492

HON. DENISE PAGE HOOD

### BRIEF IN SUPPOST OF PETITIONER'S REPLY TO RESPONDENT, RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS

The court should grant Frederick Dixon's petition for a writ of habeas corpus under 28 U.S.C. 2241. First, Dixon was denied access to the administrative remedies process. Second the Bureau of Prison failed to correctly apply prior jail credits that Dixon is entitled to for periods of official detention.

## BACKGROUND

**A. Factual History**

In 2019 Frederick Dixon became a "subject of interest" to LAWNET and DEA. Mr. Dixon was on State Parole at the time. A joint Federal/State Drug Task Force arrested Dixon September 29, 2020. He was remanded to the custody of MDOC as a parole violator. While in MDOC custody, Dixon was charged with Fleeing and Alluding, a related case to his federal indictment. Dixon was sentence to six months in Washtenaw County Jail for the Fleeing and Alluding charge.

On or about 11-18-2020 Mr. Dixon was arraigned on a 28 count Notice of Parole Violation. Dixon entered a Not Guilty Plea. On 12-8-20 Dixon rejected a plea offer Parole Specialist Van Ellis

-1-

extended to him. On 1-13-21 Mr. Dixon was provided a Parole Revocation Hearing. He was found guilty of four of the 28 counts. On 3-1--21 the Parole Board continued Dixon with a 18 month term of Parole Denial, with a re-consideration date of 5-5-22.

Subsequently, during Dixon 18 month parole continuation, he was writ out to the U.S. Marshals, and charged in a three count indictment filed in the United State District Court for the Eastern District of Michigan. This Indictment is related to the September 29 Fed/state joint operation, which resulted in Dixon State Fleeing conviction and parole violation.

While in BOP custody Dixon contacted the Michigan Parole Board and reminded them that they had exceeded his parole re-consideration date, as well as his term of parole denial. Mr. Dixon further ask the parole board to parole him to his federal detainer, being that he had scored high probability for parole, and therefore eligible to be parole without an interview. The parole board, allegedly in the mistaken belief that it could not parole Dixon to his Federal Detainer, until the court proceedings for the federal case are final. The Parole Board also was allegedly under the assumption that Dixon must be in the custody of the MDOC in order to be scheduled for a parole board interview.

Dixon remained in the primary custody of the BOP, and was only temporarily sent back into state custody after he signed a IDA Waiver to go back into state custody. When Dixon made it back into state custody 2-8-24, he had to grieve the Michigan Parole Board to get schedule for a parole interview. Mr. Dixon was provided his parole interview 4-2024 and granted a parole to his Federal Detainer that day. However, for reason's unexplained to Dixon the parole was

-2-

rescind and re-issued 5-3-24. It was again rescind and re-issued 7-18-24. No explaination was provided for either rescinds.

## ARGUMENT

**A. Dixon's petition should be granted because he was denied access to the Administrative Remedies Process; and because BOP mis-calculated his prior jail credit for time he is eligible to credit for.**

This court has already acknowledge the fact that Mr. Dixon has "at least some evidence to substantiate his allegation". The court made this comment in regard to an e-mail document between Attorney Margaret Raben and U.S. Marshal Donald Hughes. See exhibit(a). This e-mail confirm that a series of e-mails between Marshal Don Hughes and Attorney Raben acknowledging the agreement Dixon entered. The Court, could very well order an evidentiary hearing or subpoena the series of e-mails Attorney Margaret Raben reference. Attorney Raben also has e-mails between her and Counselor Grimm and Case Manager Cannon discussing Dixon transfer from Milan and the refusal to provide him the forms to file administrative remedy request's.

**B. Dixon is eligible for prior jail credit that he's being denied as a result of BOP faulty interpretation of 18 U.S.C. 3585**

The Michigan Parole BOard, is by Statute charged with the duty to conduct interviews of each prisoner as set forth in PD 06.05.104. Mr. Dixon was eligible for parole re-consideration on his 18 month continuation 5-5-22. Dixon parole score sheet scored him as High Probability for parole. This is significant because MCL 791.233e(6) require the parole board to provide a substantial and compelling reason in writing when it depart from the parole guideline. The parole board did not give an axplaination, other than claiming that

-3-

Dixon federal pending charges must be resolved prior to consideration for release on parole. See Exhibit(b). This position is contrary to PD 06.05.104 (Parole Process) and violate's Article 1, Section 17, Article 2, Section 2, and Artical vi section of the Michigan constitution. This action caused Dixon at least two years of dead time. The action of the parole board were so wrong and grossly negligent, and is unequivocally inconsistent with fundamental principals of liberty and justice. The parole board's actions was mindless abuse of power and senseless instrument of oppression. There was no legitimate government objective in refusing to provide Dixon with his statutory mandated parole review, except after the completion of his federal prosecution. The Supreme Court recognizes that a parolee has a protected liberty interest in continued release on parole, subject to the conditions of that release. Morrissey v. Brewer, 408 U.S. 471, 479-80.

The Respondent is arguing that Mr. Dixon was merely on loan to the BOP, and that the State had primary jurisdiction over Dixon. Even if one could argue that the transfer began as a loan, a period of over two years in federal custody exceeds the period in which a prisoner transfer should be considered a loan. Accord Brown v. Perrill, 28 F.3d 1073 (10th Cir. 1994) (holding that a transfer lasting for nineteen months effectively extinguished the "loan " of a state ¥rospmer and converted the transfer into full custody by the federal authorities.

Petitioner Dixon was un-necessarily deprived of being paroled to his federal detainer allegedly in the mistaken belief that he could not be parole to his detainer until the court proceedings for the federal case was final. There was absolutely no rational basis for this position, which clearly was erroneous, and attribute

two years of dead-time. The court should not allow the Bureau of
Prisons to simply say "oops" and wipe clean a slate  on which more
than two years been written. This conclusion is supported by other
circuits who have held that the errors of ministerial officers were
not allowed to be charged against the prison. See Kendra v. Hadden,
763 F.2d 69-73 2d Cir. 1985. United States v. Croft, 450 2d 1094 (6th
Cir. 1971, Smith v. Swope 91 F.2d 260 (9th Cir. 1937).

 Petitioner was held on parole without the legal process that he
was due by law. The fact that Dixon was facing federal prosecution
or not had no bearing on a due process analysis **Morrissey** speaks of
parole revocation in general terms not in terms of specific state
statutory requirements. What matters is not the technical designation
of the procedure used to return the parolee to incarceration, but
rather that the liberty of a parolee, although indeterminate,
**includes** many of the core values of unqualified liberty and its
termination inflicts a grievous losss on the parolee and often on others,
Morrissey, 408 U.S. 482. Dixon being deprived of his parole review
for such a lengthy period indisputably qualifies as the deprivation
of a parolee's liberty interest, exactly the deprivation that
**Morrissey** held must be preceded by due process.

 Parole is no longer a state of administrative grace that may
be summarily and arbitrarily ended at the whim of a parole board.
Rather, a parolee has substantial liberty. Although such liberty is
not the equivalent of that enjoyed by an ordinary citizen, it is
greater than that enjoyed by one incarcerated for a crime.
However, this liberty may be restricted, it may not be terminated
without the rudiments of procedural due process. Preston, 496 F.2d
at 273.

The Michigan Parole authorities position, "that Mr. Dixon could not be parole to an untried federal case until its conclusion was outrageous . Furthermore, their over two years delay in providing Petitioner Dixon with a parole review, consequently waived any violation infraction as well as jurisdiction.

**C. The BOP abuse its discretion in finding Dixon ineligible for a nunc pro tunc designation.**

While 3585(b) does not provide any exceptions to the bar on double credit, the BOP has recognized instances where exceptions are warranted. See **BOP Program Statement 5880.28.** Petitioner Dixon State Fleeing and Alluding arrest and conviction and his Federal Drug Conspiracy Convictions are related and was exclusively product of action by federal law enforcement officials; thus, where **DEA** originated action, as was the case, and asked state officers to obtain search warrant from state judge, which resulted in defendant arrest, defendants were entitled to credit for state custody time. **United States v. Harris, 876 F.2d 1502, 1989.**

Petitioner Dixon arrest September 29, 2020 was originated by **DEA**, who instructed Washtenaw Sheriff to affect a traffic stop of Mr. Dixon and take him into custody. This traffic stop resulting in Dixon being charged in State Court for Fleeing and Alluding. Dixon was given a six month sentence in Washtenaw County Circuit Court. This time should have been credit, possibly as **Willis Time. See Willis v. United States, 438 F.2d 923 (5th Cir. 1971.**

Contrary to what Respondent is alleging, BOP was Dixon Primary Jurisdiction, as the entire investigation resulting in Dixon arrest began and end with Federal Authorities. The vast majority of Dixon pre-trial confinement was served in BOP custody. After Dixon initial

-6-

transfer from State custody, he resided in Federal custody and was only returned to State Custody after requesting and signing a **IDA Waiver** . Dixon request and signed this waiver because the Michigan Parole Board arbitrarily ignore PD 06.05.104. All time served in State Custody, except the 18 month period attribute to Dixon Parole Violation should be designated Nunc Pro tunc to Mr. Dixon.

## CONCLUSION

For the reasons stated in Dixon Reply Brief, his Petition For Writ of Habeas Corpus 2241 should be granted, as well as any other relief the court deem just and fair.

Respectfully Submitted,

*Frederick Dixon*

Dated: September 18, 2025

## CERTIFICATE OF SERVICE

I certify that on September 18, 2025 I filed the Reply Petition for Writ of Habeas Corpus and Brief in Support with the Clerk of the Court using first class USA Mail, and I also mailed a copy via first class USPS to Sarah Alsaden, Assistant United States Attorney

*Frederick Dixon*
Frederick Dixon

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Frederick Lamar Dixon

    Petitioner,

vs.

Eric Rardin

    Respondent

_____/

Case No. 25-cv-11492
Hon. Denise Page-Hood

## EXHIBITS IN SUPPORT OF
## PETITIONER'S REPLY BRIEF

These exhibits support Dixon claim that the Michigan Parole Board essentially Waived Jurisdiction by failing to provide Dixon with his non-discretinary Parole Hearing in a timely manner. Contrary to the Parole Board position,"Prisoner Dixon's federal pending charges must be resolved prior to consideration for release on Parole" "Prisoner Dixon cannot be paroled, even to a detainer, until the court proceedings for the federal case are final.", This position was contrary to MDOC Policy Directive PD 06.05.104 (Parole Process) and Michigan Statute.

Good Afternoon –                          *Ex #8*

Prisoner Dixon's federal pending charges must be resolved prior to consideration for release on parole. Prisoner Dixon cannot be paroled, even to a detainer, until the court proceedings for the federal case are final.

Prisoner Dixon will be returned to MDOC once the federal charges are resolved and will be scheduled for an interview with the Parole Board for parole consideration. The Parole Board members will decide at that time, if parole to the detainer is warranted.

Thank you!
Amy Moore, Department Manager
MDOC – Parole Board

517.335.3094 (fax)

*&C*

# Michigan Department of Corrections
# Parole Board Notice of Action/Decision

**Offender Name:** Dixon, Frederick Lamar          **Offender Number:** D0158463

**Location:** DRF - G - 131 - Bot

The Michigan Parole Board, having attained jurisdiction over the sentence of the above offender, having considered the facts and circumstances including the offender's mental and social attitude, and having exercised the discretion granted by the Legislature, says as follows:

Reasonable assurance exists that the offender will not become a menace to society or to the public safety. Approval of the proposed placement preliminarily acts as follows:

**Case Type:** Regular

**Decision:** Parole in Custody to Detainer - Other          **Decision Date Type:** No Fixed Date

**Decision Submitted Date:** 04/30/2024          **Decision Term:** 12 Months

**Projected Parole Date:** 06/04/2024

**Regarding 30-day notice:** Offender agreed with receiving 30-day notice.

**SPECIAL CONDITIONS IMPOSED IN ADDITION TO STANDARD RULES:**

2.0   You must not use or possess alcoholic beverages or other intoxicants. You must not enter bars or other places where the primary purpose is to serve alcoholic beverages for drinking on site, unless the field agent has first given you written permission for your employment at a specific location.

2.1   You must complete an outpatient or residential substance abuse or re-entry program when you are referred by the field agent.

2.2   You must complete a substance abuse assessment when you are referred by the field agent.

3.5   You must waive confidentiality and allow any treatment program that you are required to attend to disclose information to the field agent.

4.2   Written Consent to Search the Parolee's person and/or property, MCL 791.236(19): I voluntarily consent to a search of my person and property upon demand by a peace officer or parole officer. If I do not sign this written consent, I understand that my parole may be rescinded or revoked.

4.4   You must be in your approved residence between the hours of 11:00 p.m. and 6:00 a.m. unless excused by first obtaining written permission from the field agent.

4.16  You must obey all court orders.

7.1   You must pay the cost of your treatment program according to your ability as determined by the treatment program.

77.9  Pursuant to MCL 791.225a, as amended by Public Act 164 of 2019, you must pay a supervision fee of $30 per month for each month of regular supervision or $60 per month for each month of electronic monitoring supervision. You will not be required to pay a supervision fee to Michigan when you are being supervised in another state under the provisions of the Interstate Probation and Parole Compact, pursuant to MCL 798.103.

**REASONS IN SUPPORT OF PAROLE BOARD ACTION:**

**Crime/Criminal Behavior**

**The drug law violation crime:**

No additional comment.

**Regarding the crime, it is our belief:**

Offender accepts responsibility.

**Criminal History:**

No additional comment.

**Regarding criminal history, it is our belief the offender:**

Accepts it as indicated.

**Correctional Adjustments**

RO; CO; COUNSELOR; PRISONER

*Ex 2 A*

**Misconduct and Management:**

  Has satisfactory block reports.
  No additional comment.

**The offender's institutional management suggests the offender:**

  Recognizes value of good behavior.

**The offender's prior supervision history includes:**

  Successful completion of past paroles.
  No additional comment.

**The offender's prior supervision history suggests:**

**Program Involvement**

**Educational programming was recommended and:**

  No additional comment.
  Offender is a high school graduate, has GED, and/or has some post high school education.

**Substance Abuse programming was recommended and:**

  No additional comment.

**Participation in Core and other Department sanctioned program(s):**

  No additional comment.
  No additional comment.
  Offender has completed vocational training/counseling/education.

**Regarding program involvement, it is our belief:**

**Personal History**

**Substance Abuse History:**

  No additional comment.

  **Misconduct, security reclassification or other adverse information may result in suspension of this parole action.**

| Voting Staff | Signature | Vote Date |
|---|---|---|
| ANTHONY E KING | *Anthony E. D. King* | 04/29/2024 |
| MELISSA K JENNINGS | *Melissa K Jennings* | 04/30/2024 |

**Voting Completed Date:  04/30/2024**

*Ex #D*

**Step II Grievance Response**                          **Grievance ID #**
DIXON, FREDERICK #D158463                        JCS2023-02-0116-16Z

RESPONSE (Grievant Interviewed?   ✗ No      If No, give explanation. If resolved, explain resolution.)

Responder is not assigned at the location at which the grievant is assigned; therefore, an interview is not required. [ref. PD 03.02.130 (AA) ].

In your grievance, you requested to be processed for your parole board interview.

Since you are presently on Court Writ, we are unable to review and process your case for parole consideration at this time.  Once you have returned to the custody of the State of Michigan Department of Corrections, you will be promptly scheduled for parole consideration per PD 06.05.104 Parole Process.  Prisoners cannot be paroled, even to a detainer, until the court proceedings for the federal case are final.

You must be in the custody of the Michigan Department of Corrections in order to be scheduled for a parole board interview, and you are not.  You are on writ for a pending federal case.

Grievance denied.

_____      _____        _____
Respondents Signature          5/5/2023
Brian Shipman                  Date               Parole Board Chairman_____
Respondents Name (Print)                          Working Title

*Ex E*

To: Michigan Parole Board

From: Frederick Dixon #158463

Subject: Parole Consideration

Date: 2-28-24

I'm writing asking that I be paroled to my Federal Hold. i was
returned as a parole violator Sept. 2020. Since that time, I
have not been into any trouble of any kind. I have been unable
to resolve my federal charges because I'm being charged in a
Conspiracy Indictment with other co-defendants, who have been
successful in getting continues. I'm not schedule to appear
back in court until Aug. 2024 on a status hearing. There is no
telling how much longer before this matter is adjudicated.

I'm asking that I be paroled to my detainer because I've been
back on this parole violation approaching 4 years. I have not had
any misconducts, and inmate similar situated have been paroled to
their detainer.  I have names and documents of several prisoners
that the parole board paroled to their federal detainer that I
can produce should you need me to.

In closing, I'd like to further point out that I'm long past the
require time period to be given a parole interview, and therefore
I trust you will provide me with a prompt hearing.  I'm thanking
you in advance for your time and consideration.

*Ex E-1*

MICHIGAN DEPARTMENT OF CORRECTIONS                                    4835-4248  5/09
**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**                            CSJ-247B

Date Received by Grievance Coordinator    Grievance Identifier: | J | C | S | 2 | 3 | 0 | 2 | 1 | 6 | 1 | 6 | 2 |
at Step II:

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided
with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step
II and Step III.

RECEIVED - MDOC

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to:
_____ by _____ if it is not submitted by this date, it will be considered terminated.
Office of Legal Affairs

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's
Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Dixon | 158463 | JCS | Fed | on-going | 4-10-22 |

**STEP II — Reason for Appeal**   Respondent's are mis-applying and mis-quoting PD 06.05.104.
Respondent claim prisoners cannot be paroled, even to a detainer, until the court
proceedins for the federal case are final. That is blatantly false. I am in Feder
coustody with multiple prisoners who the parole board paroled to their federal
detainer.   See attach exhitbit which show that Romane Porter 518914 was given a
parole to his detainer 4-4-2022.   I have been back on parole violation since
Sept. 29, 2020. I am free of misconducts. I am high probability for parole. I
am entitled to be heard and seen by the parole board without further delay. Any
further delay violate's the Equal Protection Clause of the 14th Amendmend as
well as PD 06.05.104.

**STEP II — Response**

| | Date Received by Step II Respondent: |
|---|---|

| | | Date Received by Grievant |
|---|---|---|
| Respondent's Name (Print) | Respondent's Signature    Date | 5-10-22 |

**STEP III — Reason for Appeal**   Respondents at both Step one and two claims a prisoner
can not be paroled, even to a detainer, until the court proceedings for the
federal case are final. That is not true, and respondent fails to support this
position with lawful authority. In fact, they're ignoring my attachment of Romane
Porter being paroled to his Federal Detainer. To take such a position violate's
my Equal Protection Rights guaranteed by U.S. Constitution.

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III — Director's Response is attached as a separate sheet.**

**DISTRIBUTION:** White – Process to Step III;  Green, Canary, Pink – Process to Step II;  Goldenrod – Grievant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

FREDERICK LAMAR DIXON

      Petitioner,

vs

                             Case No. 25-cv-11492
                             Hon. Denise Page Hood
                             Mag. Patricia T. Morris

R. RARDIN

      Respondent

## DECLARATION OF FREDERICK DIXON

    I, Frederick Dixon declare under penalty of perjury that U.S. Marshal Don Hughes of the U.S. Marshal's Services told me that Milan officials told him I was an administrative nightmare, and instructed him not to return me to Milan Detention Center, from my Writ of Adtesticandum.  At the time, I was returning from a waiver of IDA to Michigan State Prison to address State Parole Violation, back into Federal Custody.

    Instead of returning me back to Milan Federal Detention Center, I was transferred to Livingston County Jail, where I was without my legal property, access to a type-writer, or access to the administrative Remedy Process. This was by design, and intended to deny me redress and access to the court.

    I filed a complaint, alleging that Livingston County Jail could not meet my legal needs, and requested to be returned back to the Federal Detention Center. My complaint and request was denied.

    I went on a 16 day hunger strike, as well as have attorney Margaret Raben orchestrate a contract with the Marshal's Services and Detention Center Staff, agreeing under duress to abandon usage of the Administrative Remedy Process, as well as drop all previous filed claims, and end my hunger strike in exchange for being returned to the Detention Center.

    Attorney Margaret Raben have detail emails from both: the U.S. Marshals and Detention Center Staff relating to the agreement I was force to enter under duress. I also have copies of letters and Administrative Remedy(s) I filed related to these assertions.

-1-

*Ex 7*

# Michigan Department of Corrections
# Parole Board Notice of Action/Decision

CFJ-700i
Eff.03/23

**Offender Name:** Dixon, Frederick Lamar

**Offender Number:** D0158463

**Location:** DRF - G - 131 - Bot

The Michigan Parole Board, having attained jurisdiction over the sentence of the above offender, having considered the facts and circumstances including the offender's mental and social attitude, and having exercised the discretion granted by the Legislature, says as follows:

Reasonable assurance exists that the offender will not become a menace to society or to the public safety. Approval of the proposed placement preliminarily acts as follows:

**Case Type:** Referral

**Decision:** Parole in Custody to Detainer - Other

**Decision Date Type:** Fixed Date

**Decision Submitted Date:** 05/03/2024

**Decision Term:** 12 Months

**Projected Parole Date:** 08/08/2024

**SPECIAL CONDITIONS IMPOSED IN ADDITION TO STANDARD RULES:**

2.0   You must not use or possess alcoholic beverages or other intoxicants.  You must not enter bars or other places where the primary purpose is to serve alcoholic beverages for drinking on site, unless the field agent has first given you written permission for your employment at a specific location.

2.1   You must complete an outpatient or residential substance abuse or re-entry program when you are referred by the field agent.

2.2   You must complete a substance abuse assessment when you are referred by the field agent.

3.5   You must waive confidentiality and allow any treatment program that you are required to attend to disclose information to the field agent.

4.2   Written Consent to Search the Parolee's person and/or property, MCL 791.236(19): I voluntarily consent to a search of my person and property upon demand by a peace officer or parole officer. If I do not sign this written consent, I understand that my parole may be rescinded or revoked.

4.4   You must be in your approved residence between the hours of 11:00 p.m. and 6:00 a.m. unless excused by first obtaining written permission from the field agent.

4.16   You must obey all court orders.

7.1   You must pay the cost of your treatment program according to your ability as determined by the treatment program.

77.9   Pursuant to MCL 791.225a, as amended by Public Act 164 of 2019, you must pay a supervision fee of $30 per month for each month of regular supervision or $60 per month for each month of electronic monitoring supervision. You will not be required to pay a supervision fee to Michigan when you are being supervised in another state under the provisions of the Interstate Probation and Parole Compact, pursuant to MCL 798.103.

**DUE TO NEW INFORMATION RECEIVED AFTER GRANTING PAROLE, THE PAROLE HAS BEEN AMENDED.**

**Misconduct, security reclassification or other adverse information may result in suspension of this parole action.**

| Voting Staff | Signature | Vote Date |
|---|---|---|
| BRIAN J SHIPMAN | *Brian Shipman* | 05/03/2024 |
| AARON P. DUNGY | *Aaron R. Dungy* | 05/03/2024 |

**Voting Completed Date:**  05/03/2024

RO; CO;  COUNSELOR; PRISONER

# Michigan Department of Corrections
# Parole Board Notice of Action/Decision

CFJ-700i
Eff.03/23

**Offender Name:** Dixon, Frederick Lamar **Offender Number:** D0158463

**Location:** E·28

The Michigan Parole Board, having attained jurisdiction over the sentence of the above offender, having considered the facts and circumstances including the offender's mental and social attitude, and having exercised the discretion granted by the Legislature, says as follows:

Reasonable assurance exists that the offender will not become a menace to society or to the public safety. Approval of the proposed placement preliminarily acts as follows:

**Case Type:** Referral

**Decision:** Parole in Custody to Detainer - Michigan **Decision Date Type:** Fixed Date

**Decision Submitted Date:** 07/18/2024 **Decision Term:** 12 Months

**Projected Parole Date:** 08/08/2024

**SPECIAL CONDITIONS IMPOSED IN ADDITION TO STANDARD RULES:**

2.0 You must not use or possess alcoholic beverages or other intoxicants. You must not enter bars or other places where the primary purpose is to serve alcoholic beverages for drinking on site, unless the field agent has first given you written permission for your employment at a specific location.

2.1 You must complete an outpatient or residential substance abuse or re-entry program when you are referred by the field agent.

2.2 You must complete a substance abuse assessment when you are referred by the field agent.

3.5 You must waive confidentiality and allow any treatment program that you are required to attend to disclose information to the field agent.

4.2 Written Consent to Search the Parolee's person and/or property, MCL 791.236(19): I voluntarily consent to a search of my person and property upon demand by a peace officer or parole officer. If I do not sign this written consent, I understand that my parole may be rescinded or revoked.

4.4 You must be in your approved residence between the hours of 11:00 p.m. and 6:00 a.m. unless excused by first obtaining written permission from the field agent.

4.16 You must obey all court orders.

7.1 You must pay the cost of your treatment program according to your ability as determined by the treatment program.

77.9 Pursuant to MCL 791.225a, as amended by Public Act 164 of 2019, you must pay a supervision fee of $30 per month for each month of regular supervision or $60 per month for each month of electronic monitoring supervision. You will not be required to pay a supervision fee to Michigan when you are being supervised in another state under the provisions of the Interstate Probation and Parole Compact, pursuant to MCL 798.103.

**DUE TO NEW INFORMATION RECEIVED AFTER GRANTING PAROLE, THE PAROLE HAS BEEN AMENDED.**

**Misconduct, security reclassification or other adverse information may result in suspension of this parole action.**

| Voting Staff | Signature | Vote Date |
|---|---|---|
| BRIAN J SHIPMAN | *Brian Shipman* | 07/18/2024 |
| PAULA JOHNSON | *Paula Johnson* | 07/18/2024 |

**Voting Completed Date:** 07/18/2024

RO; CO; COUNSELOR; PRISONER

# Michigan Department of Corrections
## Parole Board Notice of Action/Decision

CFJ-700t
Eff.03/23

**Offender Name:** Dixon, Frederick Lamar

**Offender Number:** D0158463

**Location:** DRF - E - 028 - Top

The Michigan Parole Board, having attained jurisdiction over the sentence of the above offender, having considered the facts and circumstances including the offender's mental and social attitude, and having exercised the discretion granted by the Legislature, says as follows:

Reasonable assurance exists that the offender will not become a menace to society or to the public safety. Approval of the proposed placement preliminarily acts as follows:

**Case Type:** No Vote Referral

**Decision:** Parole in Custody to Detainer - Michigan

**Decision Date Type:** Fixed Date

**Decision Submitted Date:** 08/07/2024

**Decision Term:** 12 Months

**Projected Parole Date:** 08/08/2024

---

**SPECIAL CONDITIONS IMPOSED IN ADDITION TO STANDARD RULES:**

| | |
|---|---|
| 2.0 | You must not use or possess alcoholic beverages or other intoxicants. You must not enter bars or other places where the primary purpose is to serve alcoholic beverages for drinking on site, unless the field agent has first given you written permission for your employment at a specific location. |
| 2.1 | You must complete an outpatient or residential substance abuse or re-entry program when you are referred by the field agent. |
| 2.2 | You must complete a substance abuse assessment when you are referred by the field agent. |
| 3.5 | You must waive confidentiality and allow any treatment program that you are required to attend to disclose information to the field agent. |
| 4.2 | Written Consent to Search the Parolee's person and/or property, MCL 791.236(19): I voluntarily consent to a search of my person and property upon demand by a peace officer or parole officer. If I do not sign this written consent, I understand that my parole may be rescinded or revoked. |
| 4.4 | You must be in your approved residence between the hours of 11:00 p.m. and 6:00 a.m. unless excused by first obtaining written permission from the field agent. |
| 4.16 | You must obey all court orders. |
| 7.1 | You must pay the cost of your treatment program according to your ability as determined by the treatment program. |
| 77.3 | You are being released to the WASHTENAW COUNTY SHERIFF authorities. This order for parole is null and void if not called for by those authorities. If and when you are released by those authorities for any reason, you must contact the field agent at the parole office indicated on this order no later than the first business day following release. |
| 77.9 | Pursuant to MCL 791.225a, as amended by Public Act 164 of 2019, you must pay a supervision fee of $30 per month for each month of regular supervision or $60 per month for each month of electronic monitoring supervision. You will not be required to pay a supervision fee to Michigan when you are being supervised in another state under the provisions of the Interstate Probation and Parole Compact, pursuant to MCL 798.103. |

**Misconduct, security reclassification or other adverse information may result in suspension of this parole action.**

RO; CO; COUNSELOR; PRISONER

Frederick Dixon 26592-039
Federal Correctional Institute _ Cumberland
P.O. Box 1000
Cumberland, MD 21501

September 18, 2025

Case No. 25-cv-11492
Hon. Page-Hood

Clerk of the Court
United States District Court
Eastern District-Southern Division
231 W. Lafayette Blvd.
Detroit, MI 48826

Dear Clerk:

    Enclose, please find my reply brief to be filed with Judge
Page Hood in the above style matter.  I'm  thanking you in advance
for your time and consideration.

Truly,

Frederick Dixon

Frederick Lamar Dixon

P.S. Thanks for sending me a copy of the Asst. United States Attorney Response Brief. The Asst. U.S. Attorney mail their copy for me to Milan Detention Center. I still have not received it. The copy you sent me reference exhibits, but they were not included with the brief you sent me. I file a change of Address several months ago. Don't know why the Asst. A.G. mail the Response to Milan.

Frederick Di on 26592-039
NAME
REG. NO.

FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
MILAN, MICHIGAN 48160
Cumberland, MD 21501

**privilege legal mail**

FREEDOM   FREEDOM   FREEDOM

Clerk of The Court
United States District Court
Easter District-Southern Division
231 W. Lafayette Blvd.
Detroit, MI 48226

RECEIVED
SEP 29 2025
CLERK'S OFFICE
U.S. DISTRICT COURT