UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FREDERICK LAMAR DIXON**

    Petitioner,

vs.

**ERIC RARDIN**

    Respondent.

_____/

Case No. 25-cv-11492

**Hon. DENISE PAGE HOOD**

FILED
DEC 16 2025
CLERK'S OFFICE
DETROIT

## MOTION FOR BOND RE-CONSIDERATION

NOW COMES the Petitioner in pro se and for the reasons expressed below ask's this Court to grant him bond:

1. This is a 28 U.S.C.§2241 Petition filed by Dixon challenging the Bureau of Prison erroneous calculation of his Federal Sentence.

2. Respondent filed a Motion to Dismiss the Petition. Petitioner filed a reply to the Motion to Dismiss. This Court denied Respondent Motion to dismissed, and Ordered Respondent to file an answer to the Petition within 30 days that address the merits of the Petition, July 23, 2025. Respondent replied to the merits, Petitioner filed a reply brief.

3. In Dixon initial request for bond, the Court was not persuaded that he met the strenuous requirement for bond. However, since that time Dixon situation now meets the high bar.

4. For one, Dixon is 66 years old and have several chronic medical care ailments that the Bureau of Prison is deferring treatment solely as a cost saving measure, to Mr. Dixon detriment. Dixon need surgery on his right knee and surgery to repair a hernia; and he need to see a Urologist to address the problems he's experiencing with his urinary bladder.

-1-

5. It is not even close in determining whether the Bureau of Prison miscalculated Dixon Federal Sentence or not. Dixon sentence had expired by more than two years, and if he's not granted an immediately release, he will continue to suffer irreparable harm. Furthermore, the respondent will not be harm by Dixon release on bond, because if Dixon Petition is denied, he would still have to return to prison and complete his sentence.

6. Mr. Dixon argue that but for the Michigan Parole Board mistaken belief that it could not parole him to his federal detainer until the court proceedings for the federal case was final, he would have been paroled years before, and thus the continued detention must be attributed to his federal charges. Dixon is attaching **9 F.3d 503: McClaim v. Bureau of Prison** a case directly on point with his situation. Furthermore, it is argued that the federal government took custody from the State by virtue of it writ. And that even if one could argue that Dixon transfer to federal custody was a loan, a period of over two years in federal custody exceeds the period in which a prisoner transfer should be considered a loan.

7. Mr. Dixon has not been in trouble and remained misconduct free the entire five years he's been in custody.

8. In addition to his unblemished record since that time, the Petitioner has given every indication of reformation and correction.

9. It is respectfully urged that any further investigation by this Court would disclose that this is a proper case in which the Court discretion should be exercised to release him on bond pending the Court ruling in this matter.

Wherefore, for all of the above, Petitioner pray this court grant him the relief sought, and any other relief the court deem fair and just.

Respectfully submitted,

*Frederick Dixon*

Dated: Dec. 7, 2025

## CERTIFICATE OF SERVICE

I, certify that I mail a true copy of the attach to the Clerk's office and a copy to the United States Attorney for the Eastern District of Michigan by placing the same in first class U.S. mail on December 8th, 2025.

*/s/ Fred Wixom*

## Opinion

**{9 F.3d 504}** PER CURIAM. Petitioner David H. McClain appeals the district court's denial of his 28 U.S.C. § 2241 habeas corpus petition. The issue is whether the district court erroneously denied him credit on his federal sentence for time incarcerated. For reasons stated hereafter, we affirm in part and reverse in part the decision of the district court.

I.

On March 6, 1990, petitioner was arrested in Davidson County, Tennessee, on forgery charges and held because he was unable to make bond. He pled guilty in Davidson County Criminal Court to theft and was sentenced on August 21, 1990, to four years in prison.

While petitioner was serving that state sentence, on October 17, 1990, the United States Marshals Service requested that he be held on federal credit card fraud charges. Petitioner was then transferred to federal custody by writ of **{1993 U.S. App. LEXIS 2}** habeas corpus ad prosequendum on January 4, 1991. On March 4, 1991, petitioner pled guilty in federal court to one count of credit card fraud. On July 1, 1991, while in federal custody awaiting sentence on the federal charge, petitioner was paroled by state authorities. He was sentenced on October 11, 1991, to twenty-one months imprisonment, to run concurrently with any state sentence, plus two years of supervised release, and was to be given credit for jail time served in federal custody. On November 1, 1991, the Marshals Service delivered petitioner to the Bureau of Prisons, who refused to grant him credit for time **{9 F.3d 505}** spent in custody prior to his sentencing on October 11, 1991. Petitioner's release date from federal custody was projected to be April 19, 1993.

II.

Petitioner first argues that he is entitled to credit against his federal sentence for all time spent in federal custody.

18 U.S.C. § 3585(b) provides:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

> (1) as a result of the offense for which the sentence was imposed; **{1993 U.S. App. LEXIS 3}** or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

Specifically, petitioner claims that he is entitled to credit from March 6, 1990, the initial arrest date, or from January 4, 1991, the date he was taken into federal custody. Petitioner was serving a state sentence when he was transferred under a writ of habeas corpus ad prosequendum. The Bureau of Prisons determined that the time from January 4, 1991, to October 11, 1991, had been credited by the State of Tennessee against the state sentence, so it gave petitioner credit only for the time served after sentencing. The district court correctly concluded that the Attorney General, not the court, has the authority to compute sentence credits for time in detention prior to sentencing. United States v. Wilson, 117 L. Ed. 2d 593, 112 S. Ct. 1351 (1992). The district court may, however, grant petitioner relief under 28 U.S.C. § 2241. **Wright v. United States Bd. of Parole**, 557 F.2d 74, 77 (6th Cir. 1977).

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

District No. 92-02494. Julia S. Gibbons, District Judge.

**Counsel** For DAVID H. MCCLAIN, Petitioner - Appellant: David H. McClain, BRIEFED, Turney Center Industrial Prison and Farm, Only, TN.
For BUREAU OF PRISONS, J. J. CLARK, Warden, Respondents - Appellees: Daniel A. Clancy, U.S. Attorney, Harriett Miller Halmon, Asst. U.S. Attorney; BRIEFED, Office of the U.S. Attorney, Memphis, TN.

**Judges:** Before: KENNEDY and SILER, Circuit Judges; and BERTELSMAN, Chief District Judge. 1

## CASE SUMMARY

**PROCEDURAL POSTURE:** Petitioner appealed the denial of his 28 U.S.C.S. § 2241 habeas corpus petition by the U.S. District Court for the Western District of Tennessee, on the ground that the district court erroneously denied him credit on his federal sentence for time incarcerated. Petitioner's release on parole from state charges put him in exclusive federal custody and district court should have directed that Attorney General credit him with the additional time spent in custody after he was paroled.

**OVERVIEW:** Petitioner pled guilty to theft and was sentenced to four years in prison. The U.S. Marshals Service requested that he be held on federal credit card fraud charges. He was transferred to federal custody by writ of habeas corpus ad prosequendum and pled guilty to credit card fraud. While in federal custody awaiting sentence, petitioner was paroled by state authorities. He was sentenced to 21 months imprisonment, to run concurrently with any state sentence. The bureau of prisons refused to grant him credit for time spent in custody prior to his sentencing. The district court denied his 28 U.S.C.S. § 2241 habeas corpus petition. Petitioner argued he was entitled to credit against his federal sentence for all time spent in federal custody. The appellate court affirmed in part and reversed in part. The district court correctly concluded that the Attorney General, not the court, had the authority to compute sentence credits for time in detention prior to sentencing but petitioner should have been given credit on the federal sentence for the time that he was on state parole until the date of his sentence. The court remanded because release dates were affected by the erroneous computation.

**OUTCOME:** The decision of the district court was affirmed in part and reversed in part. The court held that petitioner should have been given credit on the federal sentence for the time that he was on state parole until the date of his sentence because his release on parole from state charges put him in exclusive federal custody. The court remanded since petitioner's supervised release dates were affected by the erroneous computation.

**LexisNexis Headnotes**

*Criminal Law & Procedure > Sentencing > Imposition > Factors*
*Criminal Law & Procedure > Sentencing > Credits*

See 18 U.S.C.S. § 3585(b).

**Opinion**

**Opinion by:** PER CURIAM

B06CASES 1

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Petitioner{1993 U.S. App. LEXIS 4} argued before the district court that but for the federal charges, he would have been released by the Tennessee Department of Corrections, and thus the continued detention must be attributed to the federal charges. The district court, however, believed that this argument ignores the plain language of § 3585, which is intended to prevent double credit for detention incurred before a sentence actually begins. Accordingly, the district court held that the Attorney General is prohibited from granting petitioner credit for the time served from January 4, 1991, to October 11, 1991.

Petitioner further argues that because the federal judgment provides that the federal sentence is to run concurrently with the state sentence, he should receive presentencing credit. The government argues, however, that because petitioner was in federal custody on a writ of habeas corpus, he received credit on his state sentence for time spent in federal custody prior to the imposition of the sentence.

III.

We hold that petitioner should be given credit on the federal sentence for the time that he was on state parole, from July 1, 1991, until the date of his sentence, October 11, 1991. The federal government{1993 U.S. App. LEXIS 5} took custody from the state by virtue of the writ. However, once paroled he was in federal custody only because he was awaiting federal sentence. His release on parole from state charges essentially put him in exclusive federal custody. Therefore, the district court should have directed that the Attorney General credit petitioner with the additional time spent in custody after he was paroled.

Petitioner has been released from federal custody. However, his supervised release dates are affected by the erroneous computation. Thus, his claim is not moot.

The decision of the district court is REVERSED in part and this matter is REMANDED for further proceedings consistent with this opinion.

**Footnotes**

1

---

**MICHAEL P. KELLY; JOHN T. KELLY, Petitioners Cross-Respondents v. THE SECRETARY, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, on behalf of Dionne Staples, Respondent; DIONNE STAPLES, Respondent Cross-Petitioner**
**UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**
**1993 U.S. App. LEXIS 28781**
**Case No. 92-4064**
**October 28, 1993, Filed**

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Frederick Lamar Dixon 26592-039
Bureau of Prison
Federal Correctional Institute-Cumberland
P.O. Box 1000
Cumberland, MD 21501

RECEIVED
DEC 16 2025
CLERK'S OFFICE
U.S. DISTRICT COURT

privilege Legal Mail

BALTIMORE MD 212
10 DEC 2025 PM 4 L

Clerk of the Court
Federal District Court
Eastern District-Detroit
231 W. Lafayette BLVD-Room 564
Detroit, Michigan 48226

48226-271939