UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDERICK LAMAR DIXON,

      Petitioner,

v.                       CASE NO. 2:25-CV-11492
                             HONORABLE DENISE PAGE HOOD
                             UNITED STATES DISTRICT JUDGE

ERIC RARDIN,

      Respondent,
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING THE MOTION TO GRANT THE PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 18), AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Frederick Lamar Dixon, (Petitioner), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner seeks a *nunc pro tunc* designation from this Court ordering the Bureau of Prisons (BOP) to award him credit towards his federal sentence for the delay by the Michigan Parole Board in paroling him on his state sentence. For the reasons that follow, the petition for writ of habeas corpus is DENIED.

**I. Background**

In 2020, Petitioner was on parole for two different Michigan convictions. (ECF No. 17-2, PageID. 129). In March 2020, detectives with the Michigan State Police (MSP) began investigating Petitioner for distributing cocaine, crack cocaine,

1

methamphetamine, and heroin in the Washtenaw County area. (*United States v. Dixon, et al.*, EDMI Case No. 21-cr-20566, ECF No. 162, PageID. 1298-99). Petitioner absconded from his parole on May 27, 2020. (ECF No. 17-2, PageID. 132, 137).

In the summer of 2020, the MSP learned that Petitioner planned to travel to Mississippi to buy controlled substances and bring them back to Michigan to sell them. MSP also discovered that the Drug Enforcement Agency (DEA) was separately investigating Petitioner for the same crimes and that they had obtained the location of his cellphone. The two agencies began working together and intercepted Dixon on August 6, 2020 on his trip back from Mississippi as Petitioner entered Michigan. Police seized a fanny pack from Petitioner's vehicle inside which contained large quantities of cocaine and methamphetamine. At the time of the stop, Petitioner was a parole absconder and had an outstanding warrant. Because of the COVID pandemic, however, the jails would not house Petitioner, and he was released. (*Dixon, et al.*, EDMI Case No. 21-cr-20566, ECF No. 162, PageID. 1298-1300).

On August 28, 2020, law enforcement once again stopped Petitioner and found that he was transporting large quantities of controlled substances, including over 400 grams of methamphetamine and over 100 grams of cocaine. Petitioner was again released because jails would not house him on his outstanding parole warrant

from the Michigan Department of Corrections (M.D.O.C.) (*Dixon, et al.*, EDMI Case No. 21-cr-20566, ECF No. 162, PageID. 1300).

Petitioner continued to be investigated for his involvement in the distribution of controlled substances. Petitioner was arrested on September 29, 2020, after officers tried to stop Petitioner's vehicle while he was driving and he fled from officers and to a nearby apartment. Petitioner was charged in state court with fleeing and eluding and assaulting/resisting/obstructing a police officer. It was also discovered that he was on parole for two state convictions and had an outstanding charge of possession of drug paraphernalia. (ECF No. 17-2, PageID. 129; *Dixon, et al.*, EDMI Case No. 21-cr-20566, ECF No. 162, PageID. 1301). After Petitioner's arrest, but before his parole violation was adjudicated, he was sentenced by the 14A District Court in Ypsilanti for an outstanding 2018 charge for possession of drug paraphernalia. Petitioner was sentenced to 60 days, with credit for 60 days, in the Washtenaw County Jail. (ECF No. 17-2, PageID. 129).

Following his sentencing for the 2018 drug possession charge, Petitioner was returned to M.D.O.C. custody on November 4, 2020. The Michigan Parole Board conducted a hearing on Petitioner's parole violations in case numbers 07-1101-FH and 11-1701-FH on January 13, 2021 and revoked his parole. (ECF No. 17-2, PageID. 129). On May 4, 2021, Petitioner received a six-month jail sentence in the Washtenaw County Circuit Court for the September 2020 fleeing/obstructing

3

charge, which was to be served consecutive to his parole revocation sentence. (*Id.*, PageID. 129-30).

On September 2, 2021, a federal grand jury indicted Petitioner with conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A)(viii). (*Dixon, et al.*, EDMI Case No. 21-cr-20566, ECF No. 1). On July 16, 2024, Petitioner pleaded guilty in his federal case. (*Id.*, ECF No. 125). Petitioner remained in the primary custody of the State of Michigan but came into temporary federal custody pursuant to a writ of habeas corpus *ad prosequendum* several times between 2021 and 2024, as summarized:

| Date | Location |
| --- | --- |
| 9/21/2021 – 10/8/2021 | Federal writ |
| 10/8/2021 – 5/5/2022 | M.D.O.C. custody |
| 5/05/2022 – 2/8/2024 | Federal writ |
| 2/08/2024 – 7/12/2024 | M.D.O.C. custody |
| 7/12/2024 – 8/6/2024 | Federal writ |
| 8/06/2024 – 8/14/2024 | M.D.O.C. custody |
| 8/14/2024 | Paroled by the M.D.O.C. |
| 8/14/2024 – 1/12/2025 | Washtenaw County Jail (serving state sentence for Fleeing/assaulting charge) |
| 1/13/2025 – present | Federal custody. |

(ECF No. 17-2, PageID. 130, 137).

On April 22, 2025, Judge Judith E. Levy sentenced Petitioner to 38 months of imprisonment on each of the two convictions, to be served concurrently. Judge Levy's sentence was a substantial downward departure from Petitioner's guideline range of 188–235 months. (*Dixon, et al.*, EDMI Case No. 21-cr-20566, ECF No. 174, PageID. 1503, 1532-33). In so departing, Judge Levy considered and weighed heavily defense counsel's argument that Petitioner would not receive any credit from the BOP for the time he had already spent in state custody. (*Id.*, PageID. 1526).

In his petition, Petitioner argues he is entitled to a *nunc pro tunc* designation due to an administrative error committed by the Michigan Parole Board, entitling him to credit against his sentence for having served over 50 months in state custody. Petitioner argues he is entitled to credit from the time of his arrest on September 29, 2020, through to his sentencing date in federal court.

Respondent initially filed a motion to dismiss the petition, first on the ground that Petitioner was no longer incarcerated in the Eastern District of Michigan, and secondly, because he failed to exhaust his administrative remedies. This Court denied the motion to dismiss the petition. The Court first found that it had jurisdiction over the petition because Petitioner had been incarcerated in the Eastern District of Michigan when he filed the petition and his subsequent transfer to the District of Maryland did not deprive this Court of jurisdiction to hear the case. *Dixon v. Rardin*, No. 2:25-CV-11492, 2025 WL 2062274, at *1 (E.D. Mich. July 23, 2025).

5

The Court declined to dismiss the petition on exhaustion grounds because Respondent failed to rebut Petitioner's argument that it would be futile for him to attempt to exhaust his administrative remedies prior to filing his petition. The motion to dismiss was denied without prejudice to Respondent being able to renew their exhaustion argument in a subsequent answer by providing proof to rebut Petitioner's futility claim. The Court also ordered Respondent to address the merits of Petitioner's claim in their answer. *Id.*, at * 2.

Respondent has now filed an answer, and Petitioner has filed a reply brief.

## II. Discussion

**A. The exhaustion issue.**

Respondent once again argues that the petition should be dismissed because Petitioner did not exhaust his administrative remedies. Once again, Petitioner argues that exhaustion should be excused because it would be futile for him to do so.

Federal inmates are normally required to exhaust administrative remedies for their claims before filing a § 2241 habeas corpus petition. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). Petitioner concedes that he did not exhaust his administrative remedies for his claims, claiming that it would be futile to so. The Sixth Circuit has indicated that "the habeas exhaustion requirement is not without exception," nor "statutorily required." *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d

6

229, 236, 235 (6th Cir. 2006). "If a petitioner has failed to exhaust his administrative remedies prior to filing a § 2241 petition, the District Court may in its discretion either 'excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court.'" *Ridley v. Smith*, 179 F. App'x 109, 111 (3d Cir. 2006) (quoting *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir.1990), *abrogated in part on other grounds by Reno v. Koray*, 515 U.S. 50 (1995)). The Court need not decide whether exhaustion would, in fact, be futile and should be excused and will proceed instead directly to the merits of the petition. *See Qaiyim v. Farley*, No. 1:11CV430, 2011 WL 3566852, at *3 (N.D. Ohio Aug. 15, 2011).

**B. Petitioner is not entitled to habeas relief on his claims.**

Petitioner contends that he is entitled to presentence credit against his federal sentence for the 50 months he spent in custody between his arrest on September 29, 2020 until the date he came into exclusive federal custody on January 12, 2025, following his release on parole and the completion of his sentence in the Washtenaw County Circuit Court.

The U.S. Attorney General, not a federal court, has the authority to compute sentencing credits for the time that a defendant spends in detention prior to sentencing. *United States v. Wilson,* 503 U.S. 329, 335 (1992); *McClain v. Bureau*

7

*of Prisons,* 9 F.3d 503, 505 (6th Cir. 1993). However, a federal district court may grant a prisoner claiming the miscalculation of sentencing credits relief under § 2241. *Id.; See also United States v. Dowell,* 16 F. App'x 415, 420 (6th Cir. 2001).

18 U.S.C. § 3585 states in pertinent part:

(a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b) authorizes credit only for time "that has not been credited against another sentence." *United States v. Wilson,* 503 U.S. at 334. Petitioner is not entitled to credit towards his federal sentence for the time that he was in custody between his arrest on September 29, 2020 and the date he was released to primary federal custody on January 12, 2025 because he received credit on his state sentences for the time that he spent in custody between these two dates.

The Sixth Circuit has rejected claims on numerous occasions under § 3585(b) where the federal prisoner received credit against a state sentence for the time claimed. *See e.g. Woody v. Marberry,* 178 F. App'x 468, 471 (6th Cir. 2006) (federal prisoner not entitled to credit towards federal sentence for time spent in state custody on a detainer awaiting sentencing on a probation violation)*; See also Bridgeman v. Bureau of Prisons,* 112 F. App'x 411, 413 (6th Cir. 2004) (habeas petitioner, convicted in both federal and state court for bank robbery, was not entitled to federal sentencing credit for the time that he was in federal custody awaiting his federal trial, and serving his state sentence, where petitioner received credit on his state sentence for the time period in question); *Suaza v. Department of Justice,* 14 F. App'x 318, 319 (6th Cir. 2001) (same).

The fact that Petitioner was turned over from state officials to the U.S. Marshal's Service on a writ of habeas corpus *ad prosequendum* from September 21, 2021 through October 8, 2021, May 5, 2022 through February 8, 2024, and July 12, 2024 through August 6. 2024 does not alter the Court's conclusion that Petitioner is not entitled to sentencing credits in this case, because Petitioner remained in the primary custody of the State of Michigan during these time periods. *See Broadwater v. Sanders,* 59 F. App'x 112, 113-14 (6th Cir. 2003). The federal sentence of a prisoner does not begin to run when a prisoner like Petitioner who is in state custody is produced for prosecution in federal court pursuant to the federal writ of habeas

9

corpus *ad prosequendum*. United States v. White, 874 F.3d 490, 507 (6th Cir. 2017) ("When a State sends a prisoner to federal authorities pursuant to such a writ, 'the prisoner is merely "on loan" to the federal authorities,' with the State retaining primary jurisdiction over the prisoner.") (internal quotation omitted). Although Petitioner was brought several times into federal custody on a writ, he was still in primary state custody and was credited for that time on his state sentences. *White*, 874 F.3d at 507. After he was paroled, he was transferred to the custody of the Washtenaw County Sheriff to serve his state sentence for fleeing and eluding a police officer. Petitioner was not in primary federal custody until he completed that sentence on January 12, 2025.

Petitioner, however, argues that he is entitled to receive credit on his federal sentence because the Michigan Parole Board violated his due process rights by extending his parole through August 14, 2024 based in part on what he claims was the Parole Board's mistaken belief that they could not parole Petitioner until his federal case was final. Petitioner, however, has no constitutional right to parole. *See Broadwater*, 59 F. App'x at 113–14 (citing *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979)). In fact, the Sixth Circuit has previously rejected Petitioner's argument. See *id.* (rejecting argument that 17 months defendant spent on a federal writ prevented him from being paroled from his state sentence entitled defendant to credit against his state sentence for the 17 months since he had

10

no constitutional right to parole); *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993) (rejecting argument that defendant would have been released by Tennessee earlier but for pending federal charges and crediting defendant for time in custody only after he was paroled by the state).

Petitioner is not entitled to habeas relief because he is asking for double credit on his sentence, which is prohibited by statute.

Petitioner in the alternative argues that he is entitled to a *nunc pro tunc* designation to ensure that time lost in administrative error by the Michigan Parole Board is not passed on to him. On May 12, 2025, Petitioner filed a request with the BOP for *nunc pro tunc* designation. The BOP determined that Petitioner was not eligible for *nunc pro tunc* designation because he had completed his sentence on all his state cases before he had been sentenced on his federal case, and a federal sentence of imprisonment cannot "commence earlier than the date on which it was imposed." (ECF No. 17-2, PageID. 131).

In certain cases, "the BOP may exercise its discretion to effectuate a state court order regarding concurrent sentencing by retroactively designating the state prison as a prisoner's place of federal confinement." *Ruff v. Butler*, No. 16- 5565, 2017 WL 5135545, at *2 (6th Cir. June 16, 2017) (citing *Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1990)). This is referred to as a *nunc pro tunc* or *Barden* designation and is applicable "when a person subject to a federal sentence is serving

11

a state sentence." *Setser v. United States*, 566 U.S. 231, 235 (2012). The BOP has the discretion to "designate the state prison as the place of imprisonment for the federal sentence—effectively making the two sentences concurrent—or decline to do so—effectively making them consecutive." *Id*. The BOP has issued a program statement that outlines eligibility for such a designation. BOP Program Statement 5160.05. The BOP must consider a request for *nunc pro tunc designation,* but it is under no obligation to grant the request. *Ruff*, 2017 WL 5135545, at *2 (noting that courts cannot grant a habeas petition merely because they would weigh factors differently, the "writ may issue only where an error is fundamental and carries a serious potential for a miscarriage of justice."). Petitioner cannot use the *nunc pro tunc* designation to require the BOP to credit him for the time he spent in state custody because "[t]he earliest date a sentence can begin is the date it is imposed." *Jones v. Eichenlaub*, No. 08-CV-13624, 2010 WL 2670920, at *2 (E.D. Mich. July 1, 2010); *see also Doan v. Lamanna*, 27 F. App'x 297, 299 (6th Cir. 2001) (noting "a sentence to a term of imprisonment begins on the date the defendant is received into custody"). Petitioner was sentenced on his federal case in April 2025, after he had completed all of his state sentences. Petitioner thus has no state sentence that can be served concurrently with his federal sentence. Moreover, Petitioner cannot use the *nunc pro tunc* designation to get around the rules prohibiting double credit. *See DeJesus v. Zenk*, 374 F. App'x 245, 247 (3d Cir. 2010).

Petitioner is not entitled to habeas relief on his claim. Because the Court is denying the petition, Petitioner's motion to grant the habeas petition is likewise denied. *Wright v. Shaver*, 606 F. Supp. 3d 724, 731 (E.D. Mich. 2022).

## III. CONCLUSION

The petition for writ of habeas corpus is denied with prejudice. Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F.3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his petition. The Court grants Petitioner leave to appeal *in forma pauperis* because any appeal would be taken in good faith. See *Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

## IV. ORDER

**IT IS HEREBY ORDERED** that:

(1) The petition for writ of habeas corpus is **DENIED WITH PREJUDICE**.

(2) The motion to grant the petition for writ of habeas corpus is **DENIED**.

(3) Petitioner is **GRANTED** Leave to Appeal *In Forma Pauperis*.

                                               S/DENISE PAGE HOOD
                                               HON. DENISE PAGE HOOD
                                               UNITED STATES DISTRICT JUDGE

Dated: January 30, 2026